IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEFFERSON-PILOT INVESTMENTS, INC., a North Carolina corporation, <br><br> Plaintiff, <br><br> v. <br><br> CAPITAL FIRST REALTY, INC., an Illinois corporation, <br><br> Defendant. | ) ) ) ) ) ) ) ) Case No. ) ) ) ) ) |

## COMPLAINT

Plaintiff, Jefferson-Pilot Investments, Inc. ("**Successor Lender**"), by its attorneys, Leonard S. Shifflett, Matthew D. Heinke and Brooke Krekow, for its complaint against Capital First Realty, Inc. ("**Capital First Realty**"), states as follows:

1. Plaintiff brings this action to recover the sum of $27,279,814.02 (amount through November 30, 2010) plus additional interest and attorneys' fees, costs and expenses arising out of the obligations of Capital First Realty, as guarantor of the indebtedness due and owing under a certain mortgage loan agreement, pursuant to that certain Limited Guaranty dated October 1, 2001 and Confirmation of Limited Guaranty dated June 20, 2006 executed by Capital First Realty for the benefit of Successor Lender.

## PARTIES

2. Successor Lender is a corporation organized and existing under the laws of the State of North Carolina with its principal place of business located in Greensboro, North Carolina.

QB\11774676.5

3. Capital First Realty is a corporation organized and existing under the laws of the State of Illinois with its principal place of business located in Chicago, Illinois.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over these claims pursuant to 28 USC § 1332(a)(1) in that the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

5. Venue is appropriate in this District pursuant to 28 USC § 1391(a)(2).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### Initial Lenders' $16,000,000 Loan to Borrower

6. On or about October 1, 2001, The Lincoln National Life Insurance Company, an Indiana corporation ("**Lincoln National**") and First Penn-Pacific Life Insurance Company, an Indiana corporation ("**First Penn**") (Lincoln National and First Penn are sometimes hereinafter collectively referred to as the "**Initial Lenders**"), made a loan to Sunset Village Limited Partnership, an Illinois limited partnership ("**Borrower**"), in the original principal amount of Sixteen Million and No/100 Dollars ($16,000,000.00) (the "**$16,000,000 Loan**").

7. In connection with the $16,000,000 Loan, Borrower executed and delivered to Initial Lenders a number of loan documents, including, but not limited to the following: (i) a Mortgage and Security Agreement dated as of October 1, 2001 (the "**2001 Fee Mortgage**") encumbering Borrower's fee simple interest in a portion of real property consisting of approximately 18.7 acres commonly known as the Sunset Village Manufactured Home Community located at 2450 North Waukegan Road, Glenview, Illinois 60093 (the "**Fee Simple Mortgaged Property**"); a true and correct copy of the 2001 Fee Mortgage was recorded with the

2

QB\11774676.5

Cook County Recorder of Deeds on October 2, 2001 as Document No. 0010917573 and is attached hereto and incorporated herein by reference as Exhibit 1; (ii) a Leasehold Mortgage and Security Agreement dated as of October 1, 2001 (the "**2001 Leasehold Mortgage**") encumbering Borrower's leasehold interest in a portion of real property consisting of approximately 10.0 acres, which consists of a portion of the Sunset Village Manufactured Home Community located at 2450 North Waukegan Road, Glenview, Illinois 60093 and an adjacent retail outlot located along North Waukegan Road, Glenview, Illinois (the "**Leasehold Mortgaged Property**") (the Fee Simple Mortgaged Property and Leasehold Mortgaged Property are sometimes hereinafter collectively referred to as the "**Mortgaged Property**"); a true and correct copy of the 2001 Leasehold Mortgage was recorded with the Cook County Recorder of Deeds on October 2, 2001 as Document No. 0010917575 and is attached hereto and incorporated herein by reference as Exhibit 2; (iii) a Note dated October 1, 2001 payable to the order of Lincoln National in an original principal amount of Thirteen Million and No/100 Dollars ($13,000,000.00); a true and correct copy of such Note is attached hereto and incorporated herein by reference as Exhibit 3; (iv) a Note dated October 1, 2001 payable to the order of First Penn in an original principal amount of Three Million and No/100 Dollars ($3,000,000.00); a true and correct copy of such Note is attached hereto and incorporated herein by reference as Exhibit 4; and (v) a Loan Agreement dated as October 1, 2001 (as amended) (the "**Loan Agreement**"); a true and correct copy of the Loan Agreement is attached hereto and incorporated herein by reference as Group Exhibit 5.

**Initial Lenders' $8,200,000 Loan to Borrower**

8.     On or about June 20, 2006, Initial Lenders made a second loan to Borrower in the original principal amount of Eight Million Two Hundred Thousand ($8,200,000.00) (the

"**$8,200,000 Loan**"), thereby increasing the total amount of the indebtedness due and owing to Initial Lenders to Twenty-Four Million Two Hundred Thousand and No/100 Dollars ($24,200,000.00) (the $16,000,000 Loan and the $8,200,000 Loan are sometimes hereinafter collectively referred to as the "**Loan**").

9. In connection with the $8,200,000 Loan, Borrower executed and delivered to Initial Lenders a number of loan documents, including, but not limited to the following: (i) a First Amendment to Mortgage and Security Agreement dated as of June 20, 2006 (the "**First Amendment to 2001 Fee Mortgage**") (the 2001 Fee Mortgage and First Amendment to 2001 Fee Mortgage are sometimes hereinafter collectively referred to as the "**Fee Mortgage**"); a true and correct copy of the First Amendment to 2001 Fee Mortgage was recorded with the Cook County Recorder of Deeds on June 21, 2006 as Document No. 0617234069 and is attached hereto and incorporated herein by reference as Exhibit 6; (ii) a First Amendment to Leasehold Mortgage and Security Agreement dated as of June 20, 2006 (the "**First Amendment to 2001 Leasehold Mortgage**") (the 2001 Leasehold Mortgage and First Amendment to 2001 Leasehold Mortgage are sometimes hereinafter collectively referred to as the "**Leasehold Mortgage**"); a true and correct copy of the First Amendment to 2001 Leasehold Mortgage was recorded with the Cook County Recorder of Deeds on June 21, 2006 as Document No. 0617234072 and is attached hereto and incorporated herein by reference as Exhibit 7; (iii) a Note dated June 20, 2006 payable to the order of Lincoln National in an original principal amount of Seven Million Seven Hundred Thousand and No/100 Dollars ($7,700,000.00); a true and correct copy of such Note is attached hereto and incorporated herein by reference as Exhibit 8; (iv) a Note dated June 20, 2006 payable to the order of First Penn in an original principal amount of Five Hundred Thousand and No/100 Dollars ($500,000.00); a true and correct copy of such Note is attached

QB\11774676.5

hereto and incorporated herein by reference as Exhibit 9; and (v) a First Amendment to Loan Agreement dated as of June 20, 2006 (the **"First Amendment to Loan Agreement"**); a true and correct copy of the First Amendment to Loan Agreement is attached hereto and incorporated herein by reference as Exhibit 10. All of the above-referenced Mortgage and Security Agreements, Notes, Loan Agreement, Guaranty (as hereinafter defined) and all of the respective amendments thereto and any other documents or instruments evidencing, securing, guaranteeing or otherwise executed in connection with the Loan are sometimes hereinafter collectively referred to as the **"Collateral Documents"**.

### Initial Lenders Assign Collateral Documents to Successor Lender

**10.** On or about June 18, 2010, Initial Lenders executed an Assignment of Note, Mortgage and Collateral Documents dated as of June 18, 2010 and recorded with the Cook County Recorder of Deeds on September 22, 2010 as Document No. 1026510068 whereby Initial Lenders assigned to Successor Lender all of their right, title, and interest in and to the Loan and Collateral Documents. A true and correct copy of the Assignment of Note, Mortgage and Collateral Documents and respective Allonges are attached hereto and incorporated herein by reference as Group Exhibit 11. As of the date of filing this Complaint, Successor Lender is the lawful holder and owner of the Notes, Loan and the Collateral Documents.

### Capital First Realty Guaranties the Loan

**11.** As a condition of making the Loan and disbursing the proceeds of the Loan, Richard Klarcheck, an individual, and Capital One Realty, Inc., n/k/a Capital First Realty, Inc., an Illinois corporation (collectively, the **"Guarantors"**), were required to execute jointly and severally, among other documents, a Limited Guaranty dated as of October 1, 2001 and a Confirmation of Limited Guaranty dated as of June 20, 2006 (collectively, the **"Guaranty"**). A

true and correct copy of the Guaranty is attached hereto and incorporated herein by reference as Group Exhibit 12.

12.  Subject to Guarantors' liability for certain non-recourse carve-out obligations, Section A3 of the Guaranty generally provides that the Guarantors shall not be personally liable for payment of the indebtedness secured by the Mortgage. However, the last paragraph of Section A3 of the Guaranty explicitly provides that:

> "Notwithstanding the provisions of this Section A3 to the contrary, the agreement of Lender not to pursue recourse liability [against Guarantors] as set forth above SHALL BECOME NULL AND VOID and shall be of no further force and effect in the event of:
> . . . . . . .                    (2)  if the Premises [the Mortgaged Property] or any part thereof shall become an asset in a voluntary bankruptcy."

### Borrower Defaults, and Successor Lender Files Foreclosure Suit

13.  Subsequent to the execution and delivery of the Fee Mortgage and the Leasehold Mortgage, Borrower has defaulted under Section 4.01(a) of both the Fee Mortgage and the Leasehold Mortgage on account of its failure to pay the entirety of the monthly installment of principal and interest in the amount of $192,974.32 (the "**July Payment**") due and owing on July 5, 2010, as a result of which Successor Lender delivered to Borrower a Notice of Default dated July 15, 2010 (the "**July Default Notice**") demanding payment of the July Payment on or before July 22, 2010 in the amount of $202,623.04 (which amount included applicable principal, interest and late charges). Borrower failed to make the payment demanded in the July Default Notice by July 22, 2010.

14.  Pursuant to the terms of the Fee Mortgage and the Leasehold Mortgage, upon the occurrence of Default "[Successor Lender] may, at its option, without notice to [Borrower], declare immediately due and payable the entire debt secured by this Mortgage." (*See,* Section

4.02(a) of the Mortgage and Leasehold Mortgage). Accordingly, Successor Lender delivered to Borrower a Notice of Acceleration dated July 29, 2010 (the "**Notice of Acceleration**") declaring the entire indebtedness under the Collateral Documents in the amount of $27,854,867.53 (which amount included principal, interest, prepayment premium fees, and late charges, all as authorized by the Collateral Documents) immediately due and payable to Successor Lender. A true and correct copy of the Notice of Default and Notice of Acceleration are attached hereto and incorporated herein by reference as Group Exhibit 13.

15. Borrower failed to cure the aforementioned default. On or about September 28, 2010, Successor Lender filed in the Circuit Court of Cook County, Illinois a Verified Complaint to Foreclose Mortgage and for Other Relief (the **"Foreclosure Complaint"**) seeking, among other things, to foreclose on the Fee Mortgage and the Leasehold Mortgage.

### Mortgaged Property Becomes an Asset in a Voluntary Bankruptcy

16. On or about October 13, 2010, Borrower filed a Voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code (the **"Bankruptcy Petition"**) and the proceeding was docketed in the United States Bankruptcy Court for the Northern District of Illinois - Eastern Division as *In re: Sunset Village Limited Partnership, an Illinois limited partnership* (Case No. 10-45772). As a result of Borrower's filing of the Bankruptcy Petition, the Mortgaged Property has become an asset in a voluntary bankruptcy proceeding. *See,* 11 U.S.C. § 541 (providing that property of the estate includes all of debtor's real property). A true and correct copy of the Bankruptcy Petition is attached hereto and incorporated herein by reference as Exhibit 14.

## COUNT I
### (Enforcement of Obligations Under the Guaranty)

17. As Paragraph 17, Plaintiff realleges and incorporates herein Paragraphs 1 through 16 hereof.

18. Successor Lender is the lawful owner of the Collateral Documents, including, but not limited to, the Guaranty. Moreover, pursuant to Section 7 of the Guaranty, the Guaranty may be assigned by Initial Lenders to Successor Lenders with the Guarantors thereby becoming bound to Successor Lenders. As such, Successor Lender has the right to enforce the obligations of the Guaranty against Capital First Realty.

19. Pursuant to the terms of the Guaranty, upon the filing of the Bankruptcy Petition, Capital First Realty became personally liable for the total amount due and owing under the Collateral Documents, and Successor Lender became entitled to recover the total amount due and owing under the Collateral Documents plus interest and attorneys' fees, costs, and expenses from Capital First Realty. The total amount due and owing Successor Lender under the Collateral Documents through November 30, 2010 is $27,279,814.02.

20. Pursuant to Section 21 of the Guaranty, Successor Lender is further entitled to reasonable attorneys' fees, costs and expenses resulting from the enforcement of its rights under the Guaranty.

WHEREFORE, Plaintiff, Jefferson-Pilot Investments, Inc., requests that this Court enter a judgment in its favor and against Capital First Realty, Inc. in the sum of $27,279,814.02 plus additional interest and an award of attorneys' fees, costs and expenses incurred in this matter and an award of such other relief as is just and proper.

## COUNT II
### (Reimbursement of Management Fees)

21. As Paragraph 21, Plaintiff realleges and incorporates herein Paragraphs 1 through 16 hereof.

22. Pursuant to that certain Management Agreement dated September 9, 1996 by and between Borrower and Capital First Realty (the **"Management Agreement"**), Capital First Realty is employed as the managing agent for the Mortgaged Property. A true and correct copy of the Management Agreement is attached hereto and incorporated herein by reference as Exhibit 15.

23. Section 12 of the Guaranty provides that:

> "In the event of any Default by the Borrower with respect to any of the Note, the Mortgage, or the Collateral Loan Documents, any liability or indebtedness of the Borrower now or hereafter held by any Guarantor shall automatically be subordinate to the Obligations [the obligations under the Collateral Documents]. If any amounts shall nevertheless be paid to a Guarantor by the Borrower in violation of the foregoing, such amount shall be held in trust for the benefit of the Lender and shall forthwith be paid to the Lender to be credited and applied to the Obligations [the obligations of the Collateral Documents], whether matured or unmatured."

24. In light of the fact that Borrower is in default under the Collateral Documents, Capital First Realty is obligated to hold any property management fees and any other sums paid by Borrower to Capital First Realty from and after July 15, 2010 in trust for the benefit of Successor Lender.

WHEREFORE, Plaintiff, Jefferson-Pilot Investments, Inc., requests that this Court enter a judgment requiring Capital First Realty to account for and turn over to Jefferson-Pilot Investments, Inc. any property management fees and any other sums received since July 15, 2010 from Borrower, and award such other relief as is just and proper.

Dated: December 1, 2010

                                            Respectfully submitted,

                                            JEFFERSON-PILOT INVESTMENTS, INC,

                       By:        /s/ Leonard S. Shifflett
                                            One of Its Attorneys

Leonard S. Shifflett, Esq. (ARDC No. 2587432)
Matthew D. Heinke, Esq. (ARDC No. 6280190)
Brooke Krekow, Esq. (ARDC No. 6300258)
QUARLES & BRADY LLP
300 North LaSalle Street, Suite 4000
Chicago, Illinois 60654
Telephone: (312) 715-5000
Facsimile: (312) 715-5155