IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFERSON-PILOT INVESTMENTS, INC., a North Carolina corporation, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 10-cv-07633 |
| v. | ) ) | Judge Matthew F. Kennelly |
| CAPITAL FIRST REALTY, INC., an Illinois corporation, SUNSET VILLAGE LIMITED PARTNERSHIP, an Illinois limited partnership; TCF NATIONAL BANK, a national banking association; L H BLOCK ELECTRIC COMPANY, INC., an Illinois corporation, DOHERTY, GIANNINI, REITZ CONSTRUCTION, INC., an Illinois Corporation, and EAGLE HEATING & COOLING INC., and Illinois Corporation | ) ) ) ) ) ) ) ) ) ) ) ) | Magistrate Judge Jeffrey N. Cole |
| Defendants. | ) ) | |

**PLAINTIFF'S RESPONSE TO THE MOTION OF
KRALOVEC MEENAN LLP TO WITHDRAW AS COUNSEL
FOR CAPITAL FIRST REALTY, INC.**

Plaintiff, Jefferson-Pilot Investments, Inc. ("**Jefferson-Pilot**"), by its attorneys, Leonard S. Shifflett, Faye B. Feinstein, and Michael S. Rhinehart, files this Response to Kralovec Meenan LLP's Motion to Withdraw as Counsel for Defendant Capital First Realty, Inc. ("**Capital First**") and states as follows:

**BACKGROUND**

1. On December 23, 2010, Attorney Joseph R. Lemersal ("**Lemersal**") of the law firm Kralovec Meenan LLP, filed an appearance on behalf of Capital First (Doc. No. 6) in this matter, Case No. 10-cv-07633.

1

2. On January 28, 2011, Lemersal, on behalf of Capital First, filed an Answer (Doc. No. 21) to Jefferson-Pilot's Complaint (Doc. No. 1).

3. On February 22, 2011, Jefferson-Pilot filed its Motion for Summary Judgment (Doc. No. 23), which Motion has been fully briefed by both Jefferson-Pilot and Capital First.

4. On June 1, 2011, Lemersal filed a Motion to Withdraw as Counsel for Capital First (Doc. No. 66) for presentment on June 2, 2011. Lemersal cited "irreconcilable differences" and "a lack of communication" as justification for the withdrawal.

5. In a related case before the United States Bankruptcy Court for the Northern District of Illinois, *In re Sunset Village Limited Partnership*, Case No. 10-45772 ("**Bankruptcy Case**"), counsel for then-Debtor Sunset Village Limited Partnership (**"Sunset Village"**), which is a party to this case and is affiliated with Capital First,[1] attempted a similar dilatory tactic in order to stall the trial on Jefferson-Pilot's Motion to Dismiss the Bankruptcy Case or Modify the Automatic Stay (**"Jefferson-Pilot Motion"**) to enable Jefferson-Pilot to continue to foreclose its security interest. On April 27, 2011, counsel for Sunset Village filed a Motion to Withdraw for presentation on May 4, 2011—a mere two weeks before the hearing on the Jefferson-Pilot Motion. Counsel for Sunset Village cited "a breakdown of the attorney-client relationship" as its only explanation for the request to withdraw.

6. Judge A. Benjamin Goldgar, presiding over the Bankruptcy Case, allowed counsel for Sunset Village to withdraw but refused to continue the hearing on the Jefferson-Pilot Motion.

7. Lemersal now comes before this Honorable Court under a similar circumstance to that which was before Judge Goldgar in the Bankruptcy Case. As in the Bankruptcy Case,

---

[1] Capital First is the property manager for Sunset Village. The principal of Capital First, Richard Klarchek, signed the bankruptcy petition and schedules for Sunset Village and is effectively the "face" of both Capital First and Sunset Village.

2

QB\13524789.2

Jefferson-Pilot has incurred significant time and expense in the enforcement of its rights and remedies against Capital First.

8. Accordingly, this Court should use its discretion to (i) deny the Motion to Withdraw; or, alternatively, (ii) enter and continue the Motion to Withdraw until after the resolution of Jefferson-Pilot's Motion for Summary Judgment; or (iii) grant the Motion to Withdraw or condition the Motion to Withdraw on Capital First's retention of substitute counsel, and in either case without any continuance of the Motion for Summary Judgment; and, in all events, (iv) grant such other and further relief as this Court deems appropriate.

**ARGUMENT**

9. The decision to grant or deny counsel's motion to withdraw is within the court's discretion. *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982). Courts will look at several factors when deciding whether to grant a motion to withdraw, including: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Installation Software Techs., Inc. v. Wise Solutions, Inc.*, No. 03 C 4502, 2004 U.S. Dist. WL 524829, at *8 (N.D. Ill. Mar. 5, 2004). In this case, all of these factors weigh against granting the Motion to Withdraw.

10. The only explanation that Capital First's counsel provides is that there has been "a lack of communication and irreconcilable differences" between attorney and client. (Mot. to Withdraw at 1.) Courts have refused to allow counsel to withdraw where the client is uncommunicative and/or is not paying the attorneys' fees. *See Cardenas v. Aramark Facility Servs., Inc.*, No. 05 C 6462, 2007 U.S. Dist. WL 2713355, at *1 n.1 (N.D. Ill. Sept. 12, 2007) ("[A]bsent the client agreeing to discharge the attorney, this bench generally does not permit

attorneys to withdraw solely based on a client's failure to pay fees"); *In re Lands End Leasing, Inc.*, 220 B.R. 226, 235 (Bankr. D. N.J. 1998) (denying motion to withdraw where client did not respond to counsel's communications and did not pay the attorneys' fees and costs); *Taylor v. Stewart*, 20 F. Supp. 2d 882, 883 (E.D. Pa. 1998) (holding that client not paying attorneys' fees is insufficient cause to grant motion to withdraw).

11. More importantly, granting the Motion to Withdraw here may unduly delay the resolution of this case. Courts have repeatedly denied a motion to withdraw where it would delay an upcoming trial schedule. *See, e.g.*, *Bohnert v. Burke*, No. CV-08-2303, 2010 U.S. Dist. WL 5067695, at *2 (D. Ariz. Dec. 7, 2010) (denying motion to withdraw based on "rapidly approaching trial date"); *Rusinow v. Kamara*, 920 F. Supp. 69, 72 (D. N.J. 1996) (denying motion to withdraw where trial was scheduled to begin in less than two weeks and plaintiff did not show that it had replacement counsel); *Haines v. Liggett Group, Inc.*, 814 F. Supp. 414, 425 (D. N.J. 1993) (denying motion to withdraw where the search for replacement counsel would cause undue delay). Here, the Motion for Summary Judgment is fully briefed and has already been argued regarding particular issues. If Capital First's counsel is permitted to withdraw, Capital First would need additional time to find replacement counsel—if that is even possible—and substitute counsel would likely seek additional time to become familiar with the case, thereby further postponing the resolution of this case.

12. Moreover, granting the Motion to Withdraw would prejudice Jefferson-Pilot. The Bankruptcy Case was filed long after Jefferson-Pilot had initiated foreclosure proceedings in State Court on the eve of the appointment of a receiver. As a result, Jefferson-Pilot was unfairly delayed in the exercise of its remedies by more than eight months. Further delay should be avoided, not condoned. Jefferson-Pilot has incurred significant time and expenses preparing its

QB\13524789.2

Motion for Summary Judgment and should not bear the inevitable additional costs and delay associated with the withdrawal of counsel. *See Installation Software Techs.*, 2004 WL 524829, at *8 (denying a motion to withdraw where the parties will be prejudiced by incurring additional fees and costs by working with new counsel and getting him up to speed).

WHEREFORE, for all of the foregoing reasons, Jefferson-Pilot Investments, Inc. requests that the Court enter an Order: (i) denying the Motion to Withdraw; or, alternatively, (ii) entering and continuing the Motion to Withdraw until after the a resolution of Jefferson-Pilot's Motion for Summary Judgment; or (iii) granting the Motion to Withdraw or conditioning the Motion to Withdraw on Capital First's retention of substitute counsel, and in either case without any continuance of the Motion for Summary Judgment; and, in all events, (iv) granting such other and further relief as this Court deems appropriate.

Dated: June 1, 2011                                Respectfully submitted,

JEFFERSON-PILOT INVESTMENTS, INC,

By:    */s/ Michael S. Rhinehart*
           One of Its Attorneys

Leonard S. Shifflett, Esq. (ARDC No. 2587432)
leonard.shifflett@quarles.com
Faye B. Feinstein, Esq. (ARDC No. 6186627)
faye.feinstein@quarles.com
Michael S. Rhinehart, Esq. (ARDC No. 6302834)
michael.rhinehart@quarles.com
QUARLES & BRADY LLP
300 North LaSalle Street, Suite 4000
Chicago, Illinois 60654
(312) 715-5000 (Telephone)
(312) 715-5155 (Facsimile)