# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| JEFFERSON-PILOT INVESTMENTS, INC., a North Carolina corporation, <br><br> Plaintiff, <br><br> v. <br><br> CAPITAL FIRST REALTY, INC., an Illinois corporation, SUNSET VILLAGE LIMITED PARTNERSHIP, an Illinois limited partnership; TCF NATIONAL BANK, a national banking association; L H BLOCK ELECTRIC COMPANY, INC., an Illinois corporation, DOHERTY, GIANNINI, REITZ CONSTRUCTION, INC., an Illinois corporation, and EAGLE HEATING & COOLING INC., an Illinois corporation, and LAYNE CHRISTENSEN COMPANY, a Delaware corporation; and LAYNE-WESTERN, a division of Layne Christensen Company, a Delaware corporation, <br><br> Defendants. | Case No. 10-cv-07633 <br><br> Judge Matthew F. Kennelly <br><br> Magistrate Judge Jeffrey N. Cole |
| JEFFERSON-PILOT INVESTMENTS, INC., a North Carolina corporation, <br><br> Counter-Defendant/Counter-Plaintiff, <br><br> v. <br><br> THE KLARCHEK FAMILY TRUST, a Trust organized under the laws of the State of Illinois; JOHN COSTELLO, not individually but solely as Trustee of the Klarchek Family Trust; JOHN LOGIUDICE, not individually but solely as Trustee of the Klarchek Family Trust; WOLIN, KELTER and ROSEN, LTD., an Illinois corporation; BAUCH & MICHAELS, LLC, an Illinois limited liability company; CAPITAL FIRST REALTY, INC., an Illinois corporation; CAPITAL HOME SERVICES CORP., an Illinois corporation; GILSON, LABUS & SILVERMAN, | |

QB\14118345.3

LLC an Illinois limited liability company; BRIAN
GALLAGHER, an individual, JAY KLARCHEK,
an individual, and SUNSET VILLAGE LIMITED
PARTNERSHIP, an Illinois limited partnership;

Third-Party Defendants.

## ANSWER OF JEFFERSON PILOT INVESTMENTS INC. TO COUNTERCLAIM OF SUNSET VILLAGE LIMITED PARTNERSHIP AND JEFFERSON PILOT INVESTMENTS INC.'S THIRD PARTY COMPLAINT

Plaintiff, Jefferson-Pilot Investments, Inc. ("**Jefferson-Pilot**") as successor and assignee of The Lincoln National Life Insurance Company, an Indiana corporation ("**Lincoln National**"), and First Penn-Pacific Life Insurance Company, an Indiana corporation ("**First Penn**"), by its attorneys, Leonard S. Shifflett, Faye B. Feinstein, and Michael S. Rhinehart, hereby answers the Counterclaim filed by Defendant Sunset Village Limited Partnership ("**Sunset Village**"), and complains against Third-Party Defendants the Klarchek Family Trust ("**Klarchek Trust**"); John Costello ("**Costello**"); John LoGiudice ("**LoGiudice**"); Wolin, Kelter and Rosen, Ltd. ("**Wolin Kelter**"); Bauch & Michaels, LLC ("**Bauch & Michaels**"); Capital Home Services Corp. ("**Capital Services**"); Capital First Realty, Inc. ("**Capital First**"); Gilson, Labus & Silverman, LLC ("**Gilson**"); Brian Gallagher ("**Gallagher**"), and Jay Klarchek ("**Jay Klarchek**") and together with the Klarchek Trust, Costello, LoGiudice, Wolin Kelter, Bauch & Michaels, Capital Services, Capital First, and Gilson, the "**Third-Party Defendants**").

## ANSWER TO COUNTERCLAIM

1. Sunset Village Limited Partnership ("Defendant" or "Sunset Village"), by and through its attorneys, BAUCH & MICHAELS, LLC, for its counterclaim against Jefferson-Pilot Investments, Inc. ("Plaintiff") states as follows:

ANSWER: No answer required.

2

QB\14118345.3

## Jurisdiction and Venue

2. This Court has subject matter jurisdiction over this counterclaim pursuant to the Declaratory Judgment Act, 28 U.S.C. § 1367(a). Venue is proper in this district under 28 U.S.C. § 1391 (a), because Defendant resides in the Northern District of Illinois.

ANSWER: Jefferson-Pilot admits the allegations of Paragraph 2.

## Parties

3. Sunset Village is an Illinois limited partnership with its principal place of business located in Cook County, Illinois. Sunset Village's partners are also Illinois citizens.

ANSWER: Jefferson-Pilot admits the allegations of Paragraph 3.

4. Plaintiff is a corporation organized and existing under the laws of the State of North Carolina with its principal place of business located in Greensboro, North Carolina.

ANSWER: Jefferson-Pilot admits the allegations of Paragraph 4.

## Facts

5. Sunset Village is the owner of a manufactured home community, consisting of 404 sites, and a commercial retail outlet leased to Enterprise Rent-A-Car, situated on 30.006 acres located at 2450 Waukegan Road, Glenview, Illinois (the "Property"). At all times prior to June 7, 2011, Sunset Village was the person in possession of the Property.

ANSWER: Jefferson-Pilot admits that Sunset Village is the owner of a manufactured home community located on Waukegan Road, Glenview, IL, and a commercial outlet leased to Enterprise Rent-A-Car. Jefferson-Pilot states that from October 13, 2010 through May 18, 2011, Sunset Village was in possession of the Property as a "Debtor-in-Possession" pursuant to 11 U.S.C. §§1107 and 1108. Jefferson-Pilot denies the reaming allegations of Paragraph 5.

3

QB\14118345.3

6. On September 28, 2010, Plaintiff filed a foreclosure action in the Circuit Court of Cook County against Sunset Village, TCF National Bank, L H Block Electric Company, Inc., Unknown Owners and Non-Record Claimants as Case Number 10 CH 42073 (the "Foreclosure Action") to foreclose its mortgage liens on the Property.

ANSWER: Jefferson-Pilot admits the allegations of Paragraph 6.

7. Plaintiff did not obtain the appointment of a receiver for the Property during the pendency of the Foreclosure Action.

ANSWER: Jefferson-Pilot admits the allegations of Paragraph 7.

8. On October 13, 2010, Sunset Village filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Bankruptcy Court") as Case Number 10-45772 (the "Bankruptcy Case").

ANSWER: Jefferson-Pilot admits the allegations of paragraph 8.

9. Sunset Village operated its business and managed its financial affairs as a debtor in possession during the Bankruptcy Case.

ANSWER: Jefferson-Pilot admits the allegations of paragraph 9.

10. On April 4, 2011, Plaintiff filed a motion for relief from stay in the Bankruptcy Case.

ANSWER: Jefferson-Pilot admits that it filed a motion for relief from the stay, and further states that the motion was filed on March 14, 2011. Jefferson-Pilot further states that on

4

April 14, 2011, it filed a supplemental motion for relief from stay with respect to the real estate tax escrow account. Jefferson-Pilot denies the remaining allegations of Paragraph 10.

11. The Bankruptcy Court entered several orders authorizing Sunset Village's use of cash collateral (the "Cash Collateral Orders").

ANSWER: Jefferson-Pilot admits the allegations of Paragraph 11, and further states that all of the Cash Collateral Orders were agreed to by Sunset Village.

12. Sunset Village made contract interest (non-default rate) payments to Plaintiff pursuant to the Cash Collateral Orders.

ANSWER: Jefferson Pilots admits that Sunset Village made certain payments to Jefferson-Pilot while the Bankruptcy Case was pending. Jefferson-Pilot denies the remaining allegations of Paragraph 12.

13. On March 14, 2011, Plaintiff filed a motion to dismiss the Bankruptcy Case.

ANSWER: Jefferson-Pilot admits the allegations of Paragraph 13.

14. On May 18, 2011, the Bankruptcy Court entered an order dismissing the Bankruptcy Case.

ANSWER: Jefferson-Pilot admits the allegations of Paragraph 14, and further states that the Bankruptcy Court dismissed the Bankruptcy Case due to Sunset Village's appearance at the hearing without representation of counsel.

QB\14118345.3

15. On May 18, 2011, the Bankruptcy Court also entered orders mooting Plaintiff's motion for relief from stay and mooting Sunset Village's motion for authority to use cash collateral.

ANSWER: The allegations in Paragraph 15 contain legal conclusions to which no answer is required. To the extent an answer is required, Jefferson-Pilot denies the allegations of Paragraph 15.

16. On May 31, 2011, Plaintiff filed an amended complaint in this action joining, *inter alia*, Sunset Village as a defendant and adding claims for mortgage foreclosure and injunctive relief relating to rents collected by Sunset Village.

ANSWER: Jefferson-Pilot admits that it filed an Amended Complaint in this action, and further states that the Amended Complaint speaks for itself.

17. On June 7, 2011, this Court's order appointing a Receiver for the Property became effective and the Receiver took possession of the Property.

ANSWER: Jefferson-Pilot admits that this Court entered an order appointing a Receiver, and further states that such order was entered on June 2, 2011. Jefferson-Pilot denies the remaining allegations of Paragraph 17.

## COUNT I - DECLARATORY RELIEF

18. Sunset Village repeats and alleges paragraphs 1 through 17 above as though fully set for the herein.

ANSWER: Jefferson-Pilot realleges its answers to paragraphs 1 through 17 above as though fully set forth herein.

6

QB\14118345.3

19. There is a real and actual controversy between Sunset Village and Plaintiff regarding whether Plaintiff is entitled to the rent collected from the Property prior to the appointment of a receiver.

ANSWER: Jefferson-Pilot admits the allegations of Paragraph 19 and further states that it is filing herewith a Third-Party Complaint to address such controversy.

20. Plaintiff contends that it, or the Receiver, is entitled to the rents that were collected prior to its obtaining possession of the Property.

ANSWER: Jefferson-Pilot admits that it is seeking by its Third-Party Complaint return of its cash collateral that was wrongfully distributed by Sunset Village. Jefferson-Pilot denies any allegations of Paragraph 20 that are inconsistent with its Third-Party Complaint.

21. A mortgagee may not collect, and has no rights to use rents, until it, or a receiver appointed on its behalf, obtains actual possession of the real property.

ANSWER: The allegations of Paragraph 21 constitute legal conclusions to which no answer is required. To the extent an answer is required, Jefferson-Pilot denies the allegations of Paragraph 21.

22. Sunset Village therefore requests that the Court determine and adjudge that any rents collected when Sunset Village was in possession of the Property are free and clear of the interests of the Plaintiff.

ANSWER: Jefferson-pilot denies that Sunset Village had any right to use the rents that had been collected and that were in its bank accounts on May 18, 2011, except in accordance with the agreed Cash Collateral Orders.

### THIRD-PARTY COMPLAINT

1. Jefferson-Pilot brings this action against The Third-Party Defendants to recover damages caused by the distribution of Jefferson-Pilot's Cash Collateral (hereinafter defined) held by Sunset Village pursuant to a contractual agreement incorporated in an Agreed Order entered by the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the **"Bankruptcy Court"**).

### PARTIES

2. Plaintiff, Jefferson-Pilot, is a corporation organized and existing under the laws of the State of North Carolina with its principal place of business in Greensboro, North Carolina.

3. Defendant and third-party defendant, Klarchek Trust, is a trust organized under the laws of the State of Illinois. The grantor of the Klarchek Trust is Richard Klarchek, a citizen of Illinois. Each of the trustees of the Klarchek Trust is a citizen of the state of Illinois and resides in this judicial district.

4. Third-Party Defendants, Costello and LoGiudice, are trustees of the Klarchek Trust. Costello and LoGiudice are each citizens of the state of Illinois and each resides in Cook County, Illinois.

5. Third-Party Defendant, Wolin Kelter, is a corporation organized and existing under the laws of the state of Illinois with its principal place of business located in Chicago, Illinois. Each shareholder of Wolin Kelter is a citizen of the state of Illinois and resides in this judicial district.

6. Third-Party Defendant, Bauch & Michaels, is a limited liability company organized and existing under the laws of the State of Illinois with its registered office located in Chicago, Illinois. Each member of Bauch & Michaels is a citizen of the state of Illinois and resides in this judicial district.

7. Defendant, Capital First, is a corporation organized and existing under the laws of the State of Illinois with its principal place of business located in Chicago, Illinois.

8. Defendant, Sunset Village Limited Partnership, is an Illinois limited partnership comprised of (i) Sunset Village Corporation, a corporation organized and existing under the laws of the State of Illinois with its principal place of business located in Chicago, Illinois, and (ii) Third-Party Defendant Klarchek Trust, an Illinois Trust established by Richard Klarchek, an Illinois citizen, as Grantor.

9. Third-Party Defendant, Capital First, is an Illinois corporation with its principal place of business located in Chicago, Illinois. At all relevant times herein, Capital First acted as the property manager for Sunset Village.

10. Third-Party Defendant, Capital Services, is an Illinois corporation with its principal place of business located in the city of Chicago, Illinois.

11. Third-Party Defendant, Gilson, is an Illinois limited liability whose members are Craig Labus and Steven Gilson, each of whom is a citizen of the State of Illinois and each of whom resides in this judicial district.

12. Third-Party Defendant, Gallagher, is a citizen of the state of Illinois and resides in this judicial district. At all relevant times herein, Gallagher acted as the Chief Financial Officer of Capital First.

QB\14118345.3

13. Third-Party Defendant, Jay Klarchek, is a citizen of the state of Illinois and resides in this judicial district. At all relevant times herein, Jay Klarchek acted as the Senior Vice President of Capital First and the Vice President of Sunset Village Corp, which is the general partner of Sunset Village.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. Section 1332(a)(1) in that the matter and controversy exceeds the sum or value of $75,000 exclusive of interest and costs and is between citizens of different states. To the extent this Court views the Disbursements (hereinafter defined) as separate claims, this Court has supplemental jurisdiction pursuant to 28 U.S.C.§ 1367(a), as each of those claims is so related to the claims within the Court's original jurisdiction that they form part of the same cause or controversy under Article III of the United States Constitution.

15. Venue is appropriate in this district pursuant to 28 U.S.C. Section 1391(a)(2).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

16. On October 13, 2010 (the **"Petition Date"**) Sunset Village filed a voluntary petition for relief under Chapter 11, Title 11 United States Code (the **"Bankruptcy Code"**) in the Bankruptcy Court. The case was docketed as Case Number 10-45772 (the **"Bankruptcy Case"**).

17. Prior to the Petition Date, Jefferson-Pilot as assignee of Lincoln National and First Penn, lent certain funds to Sunset Village on a secured basis. When Sunset village defaulted on its loan obligations, Jefferson-Pilot initiated a foreclosure action in the Circuit Court of Cook County, Illinois.

10

QB\14118345.3

18. The filing of the Bankruptcy Case stayed the foreclosure action.

19. As of the Petition Date, Jefferson-Pilot's claim against Sunset Village was in an amount in excess of $26 million, plus accrued and accruing interest, costs and expenses, and attorneys' fees (the **"Claim"**).

20. Sunset Village admitted, and the Bankruptcy Court found, that the Claim is secured by a valid, perfected first priority mortgage lien and security interest (the **"Mortgage"**) on Sunset Village's manufactured home community located at 2450 Waukegan Road, Glenview, Illinois (the **"Property"**), and a valid, perfected first priority lien on the rents and other proceeds generated from the Property (the **"Cash Collateral"**), subject only to valid liens in favor of the Cook County Recorder and mechanics' liens which are found to be valid, perfected, enforceable and which are found to prime the Mortgage. *See* Agreed Order Authorizing Continued Use of Cash Collateral For The Period November 1, 2010 Through November 15, 2010, Providing Protection and Providing Other Relief (Bankruptcy Case Docket No. 30); Agreed Order Authorizing Continued Use of Cash Collateral For The Period November 16, 2010 Through December 31, 2010, Providing Protection and Providing Other Relief (Bankruptcy Case Docket No. 48).

21. Jefferson-Pilot agreed to Sunset Village's use of Cash Collateral for the maintenance and preservation of the Property through the payment of ordinary and necessary expenses of operation, but only pursuant to the express terms of the agreed Cash Collateral orders. The last Cash Collateral order entered in the Bankruptcy Case was entered with the express agreement, and upon motion, of Sunset Village, and authorized Sunset Village to use Cash Collateral belonging to Jefferson-Pilot only for the period from May 1, 2011 through May 31, 2011, pursuant to a strict, agreed budget which was attached to and incorporated in the

Agreed Order. (*See* "**May Cash Collateral Order**", Bankruptcy Case Docket No. 153, a copy of which is attached hereto as Exhibit A.)

22. The Bankruptcy Court was scheduled to conduct an evidentiary hearing on May 18, 2011 on Jefferson-Pilot's motion to dismiss the Bankruptcy Case or to modify the automatic stay to enable Jefferson-Pilot to continue to pursue foreclosure of its Mortgage. However, prior to the hearing, counsel for Sunset Village was authorized to withdraw its appearance as counsel of record in the Bankruptcy Case.

23. Sunset Village did not obtain substitute counsel in the Bankruptcy Case and was without representation at the May 18, 2011 hearing. Ruling that Sunset Village could not appear without counsel, the Bankruptcy Court dismissed the Bankruptcy Case. Bankruptcy Case Docket No. 173. At that time, Sunset Village had in excess of $320,000 in accumulated cash, all of which constituted Cash Collateral in which Jefferson-Pilot had a secured interest. In accordance with the agreed Cash Collateral orders, Sunset Village had segregated approximately $200,000 of such Cash Collateral at the insistence of Jefferson-Pilot in order to accumulate funds to pay the past due real estate taxes on the Property.

24. The dismissal of the Bankruptcy Case did not vacate, nullify or otherwise render unenforceable the May Cash Collateral Order that had been agreed to by Sunset Village; nor did dismissal of the Bankruptcy Case affect the restrictions imposed therein on Sunset Village's use of Cash Collateral. To the contrary, the express terms of the May Cash Collateral Order provided that entry of an order dismissing the Bankruptcy Case was an Event of Default thereunder. Exhibit A, May Cash Collateral Order at ¶ 10. Upon an Event of Default, Sunset Village was prohibited from using any Cash Collateral for any purpose whatsoever, and was required to "hold all Cash Collateral pending further order of the Court". *Id.*

12

QB\14118345.3

25. On May 18, and 19, 2011, in violation of its commitments under the May Cash Collateral Order, Capital Realty, acting by and through its Chief Financial Officer, Brian Gallagher, caused a total of $317,625 of Jefferson-Pilot's Cash Collateral to be disbursed by wire transfer, to persons and as follows (collectively, the **"Disbursements"**):

|  | Recipient | Amount |
|---|---|---|
| A. | Capital First | $110,000 |
| B. | Wolin, Kelter | 102,298 |
| C. | Bauch & Michaels | 25,000 |
| D. | Capital Services | 14,000 |
| E. | Gilson | 16,327 |
| F. | Klarchek Family Trust | 50,000 |

26. The aforementioned Disbursements were not authorized, and were made with intent to breach the May Cash Collateral Order and the underlying agreement between Sunset Village and Jefferson-Pilot.

27. Upon information and belief, in excess of $50,000 in additional Cash Collateral was disbursed by Sunset Village in May, 2011, some or all of which may have been in violation of the Cash Collateral Order.

## COUNT I

### INTENTIONAL FRAUDULENT TRANSFER - ALL THIRD-PARTY DEFENDANTS EXCEPT GALLAGHER AND JAY KLARCHEK (740 ILCS 160/5(a)(1)and (2), and 160/8

28. Jefferson-Pilot incorporates the allegations of paragraphs 1-27 inclusive of this Third-Party Complaint as though fully set forth herein.

29. The Illinois Uniform Fraudulent Transfer Act (740 ILCS 160/5(a)(1)) provides that "[a] transfer made ...by a debtor is fraudulent as to a creditor...if the debtor made the transfer...(1) with actual intent to hinder, delay, or defraud any creditor of the debtor".

30. The Disbursements were made by Sunset Village to Third-Party Defendants fewer than four (4) years before the commencement of this action, and this action is therefore timely pursuant to 740 ILCS 160/10.

31. The Disbursements were made at the direction of Capital Realty, managing agent for Sunset Village, at the direction of Gallagher, with full knowledge that the funds being used were (i) Cash Collateral of Jefferson Pilot; (ii) being disbursed in violation of Sunset Village's agreement not to use the Cash Collateral in any manner other than as agreed in the budget attached to and incorporated within the May Cash Collateral Order; and (iii) with actual intent to hinder, delay and/or defraud Jefferson-Pilot.

32. The Third-Party Defendants did not provide reasonably equivalent value in exchange for the Disbursements. Further, the Third-Party Defendants knew, or should have known, that the Disbursements constituted Jefferson-Pilot's Cash Collateral and, therefore, they did not accept the Disbursements in good faith.

WHEREFORE, pursuant to 740 ILCS 160/8, Plaintiff, Jefferson-Pilot Investments, Inc., requests that this Court (i) avoid each of the Disbursements; (ii) enter judgment against each of the Third-Party Defendants except for Gallagher and Jay Klarchek, in favor of Jefferson-Pilot in the amount of the Disbursement each received plus punitive damages; and (iii) grant such other and further relief as the circumstances require.

QB\14118345.3

## COUNT II

## CONSTRUCTIVE FRAUDULENT TRANSFER - ALL THIRD-PARTY DEFENDANTS EXCEPT GALLAGER AND JAY KLARCHEK
## (740 ILCS 160/5(a)(2), 160/6(a) AND 160/8)

33. Jefferson-Pilot incorporates the allegations of paragraphs 1-27 inclusive of this Third-Party Complaint as though fully set forth herein.

34. The Illinois Uniform Fraudulent Transfer Act (740 ILCS 160/5(a)(2)) provides that "[a] transfer made . . . by a debtor is fraudulent as to a creditor . . . if the debtor made the transfer . . . without receiving a reasonably equivalent value in exchange for the transfer . . . and the debtor: (A) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or (B) intended to incur, or believed or reasonably should have believed that [it] would incur, debts beyond [its] ability to pay as they came due."

35. Further, 740 ILCS 160/6(a) provides that [a] transfer made . . . by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made . . . if the debtor made the transfer . . . without receiving a reasonably equivalent value in exchange for the transfer . . . and the debtor was insolvent at that time, or the debtor became insolvent as a result of the transfer . . . ".

36. Sunset Village did not receive reasonably equivalent value in exchange for the Disbursements, and Sunset Village and its agent, Capital First, acting through Gallagher and others, knew that (i) Sunset Village was insolvent at the time the Disbursements were made; or that (ii) following the Disbursements it would have insufficient assets with which to conduct its business, or that (iii) it would incur debts beyond its ability to pay as they came due.

15

WHEREFORE, pursuant to 740 ILCS 160/8, Plaintiff, Jefferson-Pilot Investments, Inc., requests that this Court (i) avoid each of the Disbursements; (ii) enter judgment against each of the Third-Party Defendants, except for Gallagher and Jay Klarchek, in favor of Jefferson-Pilot in the amount of the Disbursement each received plus punitive damages; and (iii) grant such other and further relief as the circumstances require.

## COUNT III

### CONSTRUCTIVE FRAUDULENT TRANSFER - CAPITAL FIRST AND CAPITAL SERVICES (740 ILCS 160/6(b) AND 160/8)

37. Jefferson-Pilot incorporates the allegations of paragraphs 1-27 inclusive of this Third-Party Complaint as though fully set forth herein.

38. The Illinois Uniform Fraudulent Transfer Act (740 ILCS 160/6(b)) provides that "[a] transfer made by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made if the transfer was made to an insider for an antecedent debt, the debtor was insolvent at that time, and the insider had reasonable cause to believe that the debtor was insolvent".

39. Capital First and Capital Services are insiders of Sunset Village. The Disbursements made to Capital First and Capital Services were made on account of antecedent debts owed to them by Sunset Village at a time when both Capital First and Capital Services knew that Sunset Village was insolvent.

WHEREFORE, pursuant to 740 ILCS 160/8, Plaintiff, Jefferson-Pilot Investments, Inc., requests that this Court (i) avoid the Disbursements to Capital First and Capital Services; (ii) enter judgment against Capital First and Capital Services for the disbursements made to each of them plus punitive damages; and (iii) grant such other and further relief as the circumstances require.

16

QB\14118345.3

## COUNT IV

## UNJUST ENRICHMENT
## (ALL THIRD-PARTY DEFENDANTS EXCEPT GALLAGHER AND JAY KLARCHEK)

40. Jefferson-Pilot incorporates the allegations of paragraphs 1-27 inclusive of this Third-Party Complaint as though fully set forth herein.

41. The Disbursements conferred a monetary benefit on the Third-Party Defendants who were aware of, and upon information and belief sought, the benefits conferred upon them by the Disbursements.

42. It would be unjust and inequitable under the circumstances of the fraudulent conveyances alleged herein to allow the Third-Party Defendants to retain the benefits of the Disbursements.

43. Further, 810 ILCS 5/9-315.01 makes it unlawful for a debtor to dispose of a "secured party's collateral and will fully and wrongfully fail to pay the proceeds thereof to the secured party". Also liable are any and all officers, managers or agents who cause the debtor to violate such statute. *See* 10 ILCS 5/9-315.01(4).

WHEREFORE, Plaintiff, Jefferson-Pilot Investments, Inc., requests that this Court: (i) enter judgment against each of the Third-Party Defendants, except for Gallagher and Jay Klarchek, for the Disbursements made to each of them plus punitive damages; and (ii) grant such other and further relief as the circumstances require.

17

QB\14118345.3

## COUNT V

## BREACH OF FIDUCIARY DUTY AND
## AIDING AND ABETTING BREACH OF FIDUCIARY DUTY
## (CAPITAL FIRST, GALLAGHER AND JAY KLARCHEK)

44. Jefferson-Pilot incorporates the allegations of paragraphs 1-27 inclusive of this Third-Party Complaint as though fully set forth herein.

45. Sunset Village was insolvent at the time the Disbursements were made. Therefore, the officers and/or directors of Sunset Village owed a fiduciary duty to its creditors, including Jefferson-Pilot.

46. The officers and/or directors of Sunset Village breached their fiduciary duty to Jefferson-Pilot by instigating or encouraging payment of the Disbursements.

47. Capital First, and its Chief Financial Officer, Gallagher, directed payment of the Disbursements, thereby aiding Sunset Village in the breach of its fiduciary duty to Jefferson-Pilot.

WHEREFORE, Plaintiff, Jefferson-Pilot Investments, Inc., requests that this Court: (i) find that the officers and directors of Sunset Village, including Jay Klarchek, breached their fiduciary duties to Jefferson-Pilot by authorizing or allowing the Disbursements to be made; (ii) enter judgment against Jay Klarchek in the full amount of the Disbursements for breach of fiduciary duty as an officer of the general partner of Sunset Village; (iii) enter judgment against Capital First, Gallagher and Jay Klarchek (as an officer of Capital First) in the full amount of the Disbursements for aiding and abetting such breaches of fiduciary duty; (iv) award punitive damages in favor of Jefferson-Pilot; and (iv) grant such other and further relief as the circumstances require.

QB\14118345.3

## COUNT VI

## TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONSHIP (CAPITAL FIRST, CAPITAL SERVICES, GALLAGHER, JAY KLARCHEK, WOLIN KELTER AND BAUCH & MICHAELS)

48. Jefferson-Pilot incorporates the allegations of paragraphs 1-27 inclusive of this Third-Party Complaint as though fully set forth herein.

49. Capital First, Gallagher, Jay Klarchek, Capital Services, Wolin Kelter, and Bauch & Michaels knew that the Cash Collateral Order had been agreed to by Sunset Village and Jefferson-Pilot and entered by the Bankruptcy Court, and knew, or should have known, that it was in effect at the time the Disbursements were made.

50. Capital First, Capital Services, Gallagher, Jay Klarchek, Wolin Kelter and Bauch & Michaels interfered with the contractual relationship between Sunset Village and Jefferson-Pilot by instigating, facilitating and/or receiving the Disbursements.

**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK**

WHEREFORE, Plaintiff, Jefferson-Pilot Investments, Inc., requests that this Court: (i) enter judgment in its favor and against Capital First, Capital Services, Gallagher, Wolin Kelter and Bauch & Michaels in the amount of the Disbursements plus punitive damages; and (ii) grant such other and further relief as the circumstances require.

Dated: September 26, 2011

Respectfully submitted,

JEFFERSON-PILOT INVESTMENTS, INC,

By:    /s/ Leonard S. Shifflett
         One of Its Attorneys

Leonard S. Shifflett, Esq. (ARDC No. 2587432)
leonard.shifflett@quarles.com
Faye B. Feinstein, Esq. (ARDC No. 6186627)
faye.feinstein@quarles.com
Michael S. Rhinehart, Esq. (ARDC No. 6302834)
michael.rhinehart@quarles.com
QUARLES & BRADY LLP
300 North LaSalle Street, Suite 4000
Chicago, Illinois 60654
(312) 715-5000 (Telephone)
(312) 715-5155 (Facsimile)

QB\14118345.3