# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

JEFFERSON-PILOT INVESTMENTS, INC., a
North Carolina corporation,

    Plaintiff,

          v.

CAPITAL FIRST REALTY, INC., an Illinois
corporation, SUNSET VILLAGE LIMITED
PARTNERSHIP, an Illinois limited partnership;
TCF NATIONAL BANK, a national banking
association; L H BLOCK ELECTRIC
COMPANY, INC., an Illinois corporation,
DOHERTY, GIANNINI, REITZ
CONSTRUCTION, INC., an Illinois corporation,
and EAGLE HEATING & COOLING INC., an
Illinois corporation, and LAYNE CHRISTENSEN
COMPANY, a Delaware corporation; and
LAYNE-WESTERN, a division of Layne
Christensen Company, a Delaware corporation,

    Defendants.

_____

JEFFERSON-PILOT INVESTMENTS, INC., a
North Carolina corporation,

    Counter-Defendant/Counter-Plaintiff,

v.

THE KLARCHEK FAMILY TRUST, a Trust
organized under the laws of the State of Illinois;
JOHN COSTELLO, not individually but solely as
Trustee of the Klarchek Family Trust; JOHN
LOGIUDICE, not individually but solely as
Trustee of the Klarchek Family Trust; WOLIN,
KELTER and ROSEN, LTD., an Illinois
corporation; BAUCH & MICHAELS, LLC, an
Illinois limited liability company; CAPITAL
FIRST REALTY, INC., an Illinois corporation;
CAPITAL HOME SERVICES CORP., an Illinois
corporation; GILSON, LABUS & SILVERMAN,

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 10-cv-07633

Judge Matthew F. Kennelly

Magistrate Judge Jeffrey N. Cole

FILED

NOV 2 8 2011
NOV 28 2011
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

QB\15166879.1

LLC an Illinois limited liability company; BRIAN )
GALLAGHER, an individual, JAY KLARCHEK, )
an individual, and SUNSET VILLAGE LIMITED )
PARTNERSHIP, an Illinois limited partnership; )
                                                   )
     Third-Party Defendants. )

## NOTICE OF FILING

TO:    SEE ATTACHED SERVICE LIST

     **PLEASE TAKE NOTICE** that on **November 23, 2011,** the undersigned caused to be filed with the Clerk of the United States District Court, Northern District of Illinois – Eastern Division, Chicago, Illinois, **Third Receiver Report,** a true and correct copy of which is attached hereto and served upon you.

Dated: November 23, 2011             Respectfully submitted,

                                      **STEVEN S. SPINELL, RECEIVER**

Steven S. Spinell, Receiver
Kinzie Real Estate Group
212 Kinzie Street, 5th Floor
Chicago, IL 60654
(312) 464-8800 – Telephone
(312) 464-8801 – Facsimile

2

## CERTIFICATE OF SERVICE

I, Leonard S. Shifflett, an attorney, hereby certify that I caused the foregoing **Notice of Filing** referenced therein, to be filed with the Clerk of the Court and served upon all counsel of record via U.S. Mail:

Michael J. Kralovec, Esq.
mkralovec@nlklaw.com
Joseph R. Lemersal, Esq.
jlemersal@nlklaw.com
Kralovec Meenan LLP
53 West Jackson Blvd., Suite 1102
Chicago, IL 60604
(312) 788-1111
*Attorneys for Capital First Realty*

Vincent T. Borst, Esq.
vborst@rsplaw.com
Catherine A. Cooke, Esq.
ccooke@rsplaw.com
Robbins, Salomon & Patt, Ltd.
25 East Washington St., Suite 1000
Chicago, IL 60602
(312) 782-9000
*Attorneys for TCF National Bank*

Paul M. Bauch, Esq.
pbauch@bauch-michaels.com
Kenneth A. Michaels, Jr., Esq.
kmichaels@bauch-michaels.com
Carolina Y. Sales, Esq.
csales@bauch-michaels.com
Bauch & Michaels, LLC
53 West Jackson Blvd., Suite 1115
Chicago, IL 60604
(312) 588-5000
*Attorneys for Sunset Village Limited Partnership*

Sara A. Cooper, Esq.
scooper@buplaw.com
Donald A. Shindler, Esq.
dshindler@buplaw.com
Brown, Udell, Pomerantz & Delrahim, Ltd.
1332 North Halsted St., Suite 100
Chicago, IL 60642
(312) 475-9900
*Attorneys for Eagle Heating & Cooling, Inc.*

Harold Rosen, Esq.
hrosen@wolinlaw.com
Jeffrey A. Schulman, Esq.
jschulman@wolinlaw.com
Wolin Kelter & Rosen, Ltd.
55 West Monroe St., Suite 3600
Chicago, IL 60603
(312) 424-0600
*Attorneys for Sunset Village Limited Partnership*

Marc S. Mayer, Esq.
mmayer@mayerandmarshlaw.com
Michael V. Marsh, Esq.
mmarsh@mayerandmarshlaw.com
Mayer & Marsh
123 West Madison St., Suite 700
Chicago, IL 60602
(312) 908-0462
*Attorneys for Layne Christensen Company and Layne-Western*

QB\15166879.1

Paul M. Bauch, Esq.
pbauch@bauch-michaels.com
Kenneth A. Michaels, Jr., Esq.
kmichaels@bauch-michaels.com
Carolina Y. Sales, Esq.
csales@bauch-michaels.com
Bauch & Michaels, LLC
53 West Jackson Blvd., Suite 1115
Chicago, IL 60604
(312) 588-5000
*Attorneys for Bauch & Michaels, LLC*

John D. Galarnyk, Esq.
john@galarnykltd.com
Sarah Allison, Esq.
sarah@galarnykltd.com
Galarnyk & Associates, Ltd.
70 West Madison St., Suite 2100
Chicago, IL 60602
(312) 441-5800
*Attorneys for The Klarchek Family Trust,
John Costello, and John Loguidice*

John J. Duffy, Esq.
john.duffy@dbmslaw.com
Daniel J. Cozzi, Esq.
daniel.cozzi@dbmslaw.com
Donohue Brown Mathewson & Smyth LLC
140 South Dearborn St., Suite 800
Chicago, IL 60603
(312) 422-0995
*Attorneys for Wolin, Kelter & Rosen, Ltd.*

Mark J. Rose, Esq.
mjroseesq@aol.com
Law Offices of Mark J. Rose
200 West Adams St., Suite 2850
Chicago, IL 60606
(312) 704-1446
*Attorneys for Gilson Labus & Silverman LLC*

Dated: November 28, 2011

Leonard S. Shifflett

FILED

NOV 28 2011

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## 2450 Waukegan Road
## Glenview, IL 60093

CASE NO. 10-cv-07633

November 17

# 2011

---

# 3RD RECEIVER REPORT

COVERING TIME PERIOD 9/9/2011 – 11/8/2011

**PREPARED BY:**

**Steven S. Spinell, Receiver**
(312.464.8800 x261)

3rd Receiver Report
CASE NO. 10-cv-07633
November 17, 2011

TO:        United States District Court for the Northern District of Illinois, Eastern Division

FROM:    Steven S. Spinell, Receiver

RE:        CASE NO. 10-cv-07633
          3rd Receiver Report
          Period  9/9/2011 – 11/8/2011

DATE:    November 17, 2011

*The Receiver, Steven S. Spinell, herewith submits a report summarizing the receivership period from September 9, 2011 through November 8, 2011.  Pursuant to the Court Order (Exhibit A) and Receiver Bond (Exhibit B), Steven S. Spinell was appointed Receiver for the mortgaged property commonly known as Sunset Village located at 2450 Waukegan Road, Glenview, IL 60093, herein referred to as the "Property".*

## IDENTIFICATION OF THE PROPERTY

The Property is improved as a manufactured home community.  It consists of approximately 30 acres with a total of approximately 404 concrete pads and utility connections for manufactured housing units. Additionally there are various single story management and maintenance facilities and an out lot which is currently leased to Enterprise Rent a Car.

The site has approximately 530' of frontage along the west side of Waukegan Road and is approximately 1,850' deep.  Of the 30 acres, approximately 11 acres is subject to an un-subordinated ground lease.  Of the 404 pads, roughly 269 pads are located on the owned parcels and 135 pads on the leased parcel.

Site improvements include a one story block and glass community center containing approximately 2,450sf and a one story property management building containing approximately 2,525sf.  There are also two single level masonry maintenance buildings (1,400sf and 1,250sf) and a 100sf lift station building.

Site infrastructure includes asphalt paved streets with concrete curbs and gutters.  The site is served by several wells for domestic water and is connected to the municipal sanitary sewer system.

## GENERAL PROJECT STATUS- Receivership Period of 9/9/11 through 11/8/11

The previous Receiver Report covered a period from 7/8/11 to 9/8/11.  Since the last Receiver Report, the following has occurred:

- The Receiver has provided daily oversight of the on-site property management and maintenance staff.  Oversight includes weekly site visits or more frequently as needed to direct maintenance plan and capital repairs.

**Steven S. Spinell, Receiver │ 212 W. Kinzie Street, 3rd Floor Chicago, IL 60654 │ 312.464.8800 x261**

**3rd Receiver Report**
**CASE NO. 10-cv-07633**
**November 17, 2011**

- The Receiver has researched and sought advice from council concerning the "rebate" program which was being administered by the defendant in the form of rebate checks which were being paid to approximately 20 residents and which was offered as an incentive when residents purchased new mobile homes. At this time, the Receiver's council has provided the opinion that this "rebate" program is not referenced in any lease agreement associated with the lot rent and therefore it cannot be paid by the Receiver.

- The Receiver has worked closely with the Village of Glenview and the Sunset Village field staff to implement an orderly and effective process to supervise the removal of the units which were sold at auction in mid-August. This proved to be very involved given that there were multiple trucking firms working on the site at one time and that the Village of Glenview had no formal process by which to permit for proper electrical disconnections, site safety, and lot release. Ultimately, the Receiver was able to implement a series of standards and instructions which dictated security deposits; insurance, work hours, proper electrical disconnections and site release check lists which have contributed to the orderly removal of over 40 homes thus far.

- The Receiver has implemented a series of maintenance repairs discussed at the Sunset Community Resident feedback meeting hosted by the Receiver on 9/8/11. These repairs are further described in the Repairs and Maintenance section later in this report.

- The Receiver assembled financial due diligence materials at the request of the Plaintiff and provided the material to 3rd party consultant for valuation purposes.

- The Receiver has maintained on-going dialogue with board members of the Sunset Village Resident Association concerning various property management and maintenance issues (including the status of the "rebate" program).

- The Receiver retained council and directed council to serve delinquent residents with formal notice (5 day letters) and begin eviction process.

- The Receiver has had several discussions with the Attorney General's office concerning pending complaints filed concerning domestic water (Radium issue) and sanitary sewer problems. In response to request from AG's office, the Receiver contracted Manhard Consulting to perform analysis of water and sewer systems and a draft report was received on 10/31/11 and is currently under review.

- Receiver provided updated instructions to Southeast Auctions concerning an on-line auction which ended on 11/1/11 and was offering 19 additional bank-owned mobile homes for sale. The Receiver has requested status of sale and new ownership in order to enforce rent collection policy provided to auctioneer.

## INSURANCE

Since the last report the Receiver solicited competitive quotes and has renewed the insurance policy thru Alliance Insurance. The policy term is 10/5/11 thru 10/5/12 with an annual premium of $40,071 which will be paid in monthly installments of $3,301.95 by the Receiver. Attached are the current binders for the property and umbrella *(Exhibit C)*.

## OCCUPANCY AND INCOME

At the time of the initial takeover by the Receiver there were 229 lots shown as leased on the rent roll. Currently there are 196 lots being leased. This reduction is primarily a result of eviction notices being served by the chattel lenders on the rental units and general resident uncertainty stemming from auctioned homes being removed and the overall foreclosure process. All but two of the homes sold at the 8/12/11 auction have been removed. An additional 5 homes sold at auction on 11/1/11 have been removed.

The table below summarizes the current status of the entire 404 lots.

### Sunset Village Lot Status Summary

| Lot Category | Number of Units | Description | Status |
|---|---|---|---|
| Vacant | 164 | Vacant pads with no homes | Existing pads may not meet current village standards for installation of new units. |
| Resident Occupied | 121 | Homes without financing through Capital First related entity or owned free & clear | 4 residents more than 60 days and subject to eviction process |
| Resident Occupied-Loan | 62 | Homes with financing | 7 units are more than 60 days and subject to eviction process |
| Inventory Home | 41 | These homes are vacant and owned by various chattel lenders or they are homes abandoned by residents | The breakdown of these units is as follows: 20 units are abandoned/unrentable, 13 units were part of 11/1/11 auction and receiver has requested confirmation of sale and new ownership, 6 units are likely to be sold in future auction by chattel lender, and 2 units are being scheduled for pick up by chattel lender |
| CHR-R | 11 | Tenant pays full lot rent to Sunset Village and separate rent payment to owner of mobile home (chattel lender) | Lenders who own these homes have allowed tenants to continue renting homes |
| Dealer Occupied-NR | 3 | These homes were purchased at auction in August by new owners but have not been collected | It is anticipated that two of these homes will be removed before month end. |
| Employee | 2 | Units with special employee discount | free or partial rent to property management staff |
| Total | 404 | | |

Currently 11 residents are more than 60 days delinquent on lot rent. **The Receiver has secured council and council has formally served delinquent tenants with 5 day notices.**

## SALES/LEASING

All new home and inventory home sales efforts directly through Sunset Village have been suspended due to lack of consumer financing.

## REPAIRS AND MAINTENANCE

The Receiver is utilizing Kinzie Real Estate Group LLC to provide property management services. The existing on-site Sunset Village management/leasing/maintenance team has been retained as independent contractors. Among the many activities currently being supervised, Kinzie has caused the following to occur:

- Ongoing general maintenance to the property including fall landscape clean up and maintenance/preparation of equipment and facilities for winter snow removal.

3rd **Receiver Report**
**CASE NO. 10-cv-07633**
**November 17, 2011**

- Staff has worked with the Village of Glenview to scheduled demolition of certain abandoned homes which have suffered fire damage or general functional obsolescence. Four homes have been demolished during this reporting period. This process involves safely disconnecting utility services, dismantling structural frame system with welding torches and crushing/discarding single and double wide modular units in dumpsters. This process is handled with site staff and site equipment (Bobcat and backhoe). Additional units are currently being scheduled for demolition.

- Maintenance staff has been winterizing vacant pads which includes capping sewer connections and shutting off and insulating water connections.

- Maintenance staff has worked with plumbing staff on multiple water main breaks/repairs including significant repairs at 41 S. Branch and the property management office.

- Maintenance staff has been working with plumbing contractor to investigate/repair low water pressure complaints from multiple residents in SW portion of property. Work has included inspections of individual water connections at homes and "cam pipe vibrating" procedure to clear blockages.

- Maintenance staff has been working with electrical contractor to investigate a series of exterior pole lighting outages which have been the result of electrical pedestal disconnections by individual home owners when homes have been removed. It appears that much of the site lighting was being service by temporary connections and now must be rerouted to dedicated electrical pedestals serving community common areas. This project is ongoing.

Future Maintenance and Repairs

- Removal of large mound of concrete & debris from 10th Street scheduled for end of November and is budgeted for $4,000.

- Additional tree removal and tree trimming due to storm damage to be completed by the end of November and is budgeted for $4,000.

- A comprehensive program to patch potholes throughout the site to avoid further deterioration and safety issues has been bid. The budget for this work is $16,500 and the work is to be completed by the end of November (before batch plants close for the winter).

- Final repair of paving at intersection of Waukegan & Willow Roads (section 8' x 40') which was caused by emergency excavation/repair of ruptured sewer main. This repair work was submitted to IDOT several weeks ago and is pending final approval. This is located at major intersection and involves extensive traffic control measures and off-peak work hours. Anticipated cost is $17,000.

- Well repairs: Investigation by Manhard Consultants concerning the various issues related to the well system has confirmed that 2 of the 4 on-site wells are inoperable or underperforming. This fact has impacted the ability to meet the IEPA Radium minimum standards, despite recent repair/replacement of mixing equipment. Manhard is currently preparing recommendations and a cost estimate that involves rehabbing the two underperforming wells (if possible), constructing a

small structure for the primary well to provide proper security and freeze protection for the main well systems, repairing back-up generator for main well house pump system, and provide general maintenance to check all pumps/gauges/electronics of overall system.

- Sewer repairs: Investigation by Manhard Consulting in response to recent complaint filed by Attorney General office has yielded a list of recommendations including installation of cutter-type impeller on lift station, power jet clean force main (if possible) and televise to determine condition/repair, install dialer system on lift station to provide staff alert of operational problems, and institute a regular preventative maintenance plan of power jet cleaning system. Manhard is in the process of creating a budget for these recommendations.

## PROPERTY TAXES

Per our investigation and included on a recent property appraisal, there are three property index numbers (PINs) associated with this property as follows:

04-23-300-004-0000......................2450 Waukegan Road
04-23-302-004-0000......................2450 Waukegan Road
04-23-401-003-0000......................2300 Waukegan Road (Enterprise Rental)

Per investigation of the Cook County Assessor's website, the 2011 First Pass Assessments are as follows:

|  | 2450 Waukegan Rd PIN 04-23-300-004-0000 | 2450 Waukegan Rd 04-23-302-004-0000 | 2300 Waukegan Rd 04-23-401-003-0000 |
|---|---|---|---|
| Land | 223,556 | 126,042 | 48,875 |
| Building | 1,147,012 | 508,802 | 114,173 |
| Total | $1,370,568 | $634,844 | $163,048 |

Per investigation on the Cook County Treasurer website, the 2010 property taxes (payable in 2011) first installments were due on 4/1/10. For PIN 04-23-300-004-0000 the amount due was $137,479.34. The Receiver paid the first installment taxes on 6/28/11 totaling $143,665.91 (including $6,186.57 in penalties) with funds wire transferred by the Plaintiff. For PIN 04-23-302-004-0000 the amount due was $66,120.86. The Receiver paid the first installment taxes on 6/28/11 totaling $69,096.29 (including $2,975.43 in penalties) on 6/28/11 with funds wire transferred by the Plaintiff. For PIN 04-23-401-003-0000 the amount due was $7,479.52. The Receiver paid the first installment taxes on 6/28/11 totaling $7,816.09 (including $336.57 in penalties) with funds wire transferred by the Plaintiff.

The 2010 2nd installment property taxes (payable in 2011) for PIN 04-23-300-004-0000 in the amount of $110,005.74 were due on 11/1/11 and were paid in full on 10/26/11 by the Receiver with funds from the operating account. For PIN 04-23-302-004-0000 taxes in the amount of $50,451.78 were due on 11/1/11 and were paid in full on 10/26/11 by the Receiver with funds from the operating account. For PIN 04-23-401-003-0000 taxes in the amount of $24,212.10 were also due on 11/1/11 and were paid in full on 10/26/11 by the Receiver with funds from the operating account.

Per investigation on the Cook County Assessor's website and prior to receivership, there was an appeal filed by Klafter & Burke. The proposed value for PIN 04-23-300-004-0000 was $1,781,740; for PIN 04-

3rd **Receiver Report**
**CASE NO. 10-cv-07633**
**November 17, 2011**

23-302-004-0000 was $825,298; for PIN 04-23-401-003-000 was $163,048.   The appeal process was completed and the new 2010 assessed value (Assessor Certified) is as follows:

The 2010 Board of Review Certified property tax assessments for the property currently are as follows:

|  | 2450 Waukegan Rd<br>PIN 04-23-300-004-0000 | 2450 Waukegan Rd<br>04-23-302-004-0000 | 2300 Waukegan Rd<br>04-23-401-003-000 |
|---|---|---|---|
| Land | 290,623 | 163,855 | 48,875 |
| Building | 982,645 | 435,891 | 114,173 |
| Total | $1,273,268 | $599,746 | $163,048 |

Per investigation on the Cook County Treasurer website, the 2009 property taxes (payable in 2010) first installments were due on 3/2/10. For PIN 04-23-300-004-0000 the amount due was $121,297.72 and per the Cook County Treasurer's website were paid in full on 2/25/10.   For PIN 04-23-302-004-0000 the amount due was $58,338.23 and per the Cook County Treasurer's website were paid in full on 2/25/10. For PIN 04-23-401-003-000 the amount due was $8,743.67 and per the Cook County Treasurer's website were paid in full on 3/1/10.

Per investigation on the Cook County Treasurer website, the 2009 property taxes (payable in 2010) second installments were due on 12/13/2010.   For PIN 04-23-300-004-0000 the amount due was $128,664.71.  The Receiver paid the 2009 second installment taxes on 6/28/11 totaling $142,184.50 (including $13,519.79 in penalties) with funds wire transferred by the Plaintiff.  For PIN 04-23-302-004-0000 the amount due was $61,881.51.  The Receiver paid the 2009 second installment taxes on 6/28/11 totaling $68,389.05 (including $ 6,507.54 in penalties) on 6/28/11 with funds wire transferred by the Plaintiff. For PIN 04-23-401-003-000 the amount due was $4,855.45.   The Receiver paid the 2009 second installment taxes on 6/28/11 totaling $5,375.26 (including $519.81 in penalties) with funds wire transferred by the Plaintiff.

The 2009 Board of Review Certified property tax assessments for the property are as follows:

|  | 2450 Waukegan Rd<br>PIN 04-23-300-004-0000 | 2450 Waukegan Rd<br>04-23-302-004-0000 | 2300 Waukegan Rd<br>04-23-401-003-000 |
|---|---|---|---|
| Land | 357,690 | 201,668 | 48,875 |
| Building | 1,071,692 | 485,795 | 28,890 |
| Total | $1,429,382 | $687,463 | $ 77,765 |

Per the Realist section of the Multiple Listing Service website, the 2008 property taxes payable in 2009 totaled $342,509 for all 3 PINs.

Per the Realist section of the Multiple Listing Service website, the 2008 Assessor Certified property tax assessments for the property are as follows:

|  | 2450 Waukegan Rd<br>PIN 04-23-300-004-0000 | 2450 Waukegan Rd<br>04-23-302-004-0000 | 2300 Waukegan Rd<br>04-23-401-003-000 |
|---|---|---|---|
| Land | 447,113 | 252,085 | 74,290 |
| Building | 982,268 | 435,377 | 28,746 |

**Steven S. Spinell, Receiver** | 212 W. Kinzie Street, 3rd Floor Chicago, IL 60654 | 312.464.8800 x261

**3rd Receiver Report**
**CASE NO. 10-cv-07633**
**November 17, 2011**

| | | | |
|---|---|---|---|
| Total | $1,429,381 | $687,462 | $103,036 |

**BANKING AND FINANCIAL ACTIVITY**

During the period of this report there was a total of $364,636.01 deposited into the operating account. Included in this amount is a total of $2,000 in refundable deposits collected from the trucking companies being used for removal of the auctioned trailers.  There was a total of $336,019.91 of expenses incurred including $184,669 for 2nd Installment 2010 RE Taxes.  Of the expenses, $10,974 still needs to be disbursed. The net property cash balance was $408,997.18 as of 10/31/11.

Per the court order and based on four full months of operating information the Receiver has projected monthly operating income and expenses for November and December.  Certain anticipated expenditures for various maintenance and capital repair items are included but are subject to change based on actual costs encountered in the field.  This activity is detailed in the attached Summary of Financial Condition table *(Exhibit D)*.

The Receiver requests approval of the attached invoice for services rendered in September 2011 in the amount of $10,898.76 as shown in *(Exhibit E)*.

Steven S. Spinell, Receiver | 212 W. Kinzie Street, 3rd Floor Chicago, IL 60654 | 312.464.8800 x261

# EXHIBIT A
## COURT ORDER APPOINTING RECEIVER

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JEFFERSON-PILOT INVESTMENTS, INC., a North Carolina corporation, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 10-cv-07633 |
| v. | ) ) | Judge Matthew F. Kennelly |
| CAPITAL FIRST REALTY, INC., an Illinois corporation, et al. | ) ) ) | Magistrate Judge Jeffrey N. Cole |
| Defendants. | ) ) | |

### ORDER

THIS CAUSE COMING BEFORE the Court on Plaintiff's Motion to Appoint a Receiver of Non-Residential Real Property, due notice having been given, and the Court having been fully advised in the premises;

**IT IS HEREBY ORDERED:** that Plaintiff's Motion is GRANTED and Steven S. Spinell, not personally but solely as court appointed receiver, ("Receiver") is qualified to act as Receiver in this action, and to take possession, custody, and control of the property described below. Steven S. Spinell is hereby appointed Receiver in this proceeding. The Receiver is granted all powers and duties attendant a receiver under federal law and under 735 ILCS 5/15-1704, including but not limited to, the powers and duties set forth below. All powers and duties of the Receiver set forth herein may be undertaken or executed without prior Court approval unless otherwise designated.

1.    **Description of the Property:**

The common address of the property is 2450 North Waukegan Road, Glenview, Illinois 60093 (the "Property"). The legal description of the Property is set forth in the First Amended Complaint.

QB\13483211.3

2.      **Receiver's Bond:**

Before performing its duties, and within five days of this appointment, the Receiver shall, as a property expense, post a bond issued by a surety approved by the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division in the sum of one-hundred-sixty-thousand dollars ($160,000.00), conditioned upon the faithful performance of the Receiver's duties. The appointment of the Receiver shall be effective upon the posting of said bond.

3.      **Receiver's Fees:**

The Receiver shall be compensated for his receivership duties as set forth in Paragraph 11 hereafter.

4.      **Receiver's General Duties:**

The Receiver shall take immediate possession, custody and control of the Property including, without limitation, all assets, royalties, rents, receivables, accounts, deposits, equities, and profits of the receivership estate. Receiver shall care for, preserve and maintain the Property, and incur the expenses necessary for the care, preservation and maintenance of the Property.

5.      **Inventory:**

Within thirty (30) days after qualification hereunder, the Receiver shall file an inventory of all of the Property of which he has taken possession pursuant to this Order.

QB\13483211.3

6.    **Collection of Rents and Income:**

The Receiver shall collect all rents, profits and income which are now or hereafter may be due related to the Property and improvements thereon, including such rents, income and profits presently held in bank accounts for the Property.

7.    **Leases / Rentals:**

Subject to the Court's prior approval, the Receiver may make, enter and negotiate leases; obtain and eject tenants; and set or modify rents and terms of rent. The Receiver, or any brokerage service which it retains, will not be entitled to any commission or any other form of compensation for the renewal, amendment, modification, or extension of any lease with an existing tenant, but will be entitled to such compensation, subject to the Court's prior approval, with respect to new tenants. The Receiver is not authorized to employ and compensate unlawful detainer attorneys or eviction services with respect to the operation of the Property with prior approval by the Court.

8.    **Security Deposits:**

Any security or other deposits which tenants have paid to Defendant Sunset Village Limited Partnership ("Sunset Village"), Capital First Realty, Inc. ("Capital First"), or their agents and which are not paid to the Receiver, and over which the Receiver has no control, shall be obligations of said Defendants and may not be refunded by the Receiver without an order of this Court. Any other security or other deposits which tenants have paid or may pay to the Receiver, if otherwise refundable under the terms of their leases or agreements with the Receiver, shall be refundable by the Receiver in accordance with the leases or agreements.

Page **3** of **10**

9.      **Issuance of Receiver's Certificates**

The Receiver is permitted to issue Receiver's Certificates of Indebtedness to provide funding for operations and to protect, preserve, and maintain the Property, and such Receiver's Certificates shall be a first lien on the Property and prior to any and all other liens on the Property, provided that if such debt, liability or obligation is for completing repairs due to allegedly defective work or design, the relative priority of such lien and other lien claims shall be determined by the Court by separate Order in accordance with governing statutes.

10.     **Monthly Statements:**

Within thirty (30) days of being appointed and every sixty (60) days thereafter, the Receiver shall prepare and serve on all parties and file with the Court statements reflecting all sums received by the Receiver, all expenditures of money by the Receiver, all sums held by the Receiver, and the Receiver's fees and administrative expenses, including fees and costs of accountants and attorneys authorized by the Court, incurred for each monthly period in the operation and administration of the receivership estate. The Receiver's statement shall also contain a *pro forma* budget of reasonably anticipated expenditures for the next month.  The statement and reports shall be produced subject to normal accounting periods.   These statements and all fees and expenses shall be submitted to the Court for its approval and confirmation, in the form of either a properly noticed interim request for fees and approval of Receiver's Report, a stipulation of all parties, or in the Receiver's Final Account and Report.

11.     **Management of the Property:**

The Receiver may employ agents, employees, clerks, accountants, and property managers (including, but not limited to, Kinzie Real Estate Group) to administer the receivership estate, purchase materials, supplies and services, and shall do all things and incur the risks and obligations ordinarily incurred by owners, managers and operators of similar businesses and enterprises as such Receiver.   No such risk or obligation so incurred shall be the personal risk or obligation of this Receiver, but shall be the risk and obligation of the Property.   During the first thirty (30) days of the receivership, the Receiver and the aforementioned personnel who are engaged hereunder shall be compensated out of the funds which shall come into the Receiver's possession at the ordinary and usual rates as set forth in the Motion for the Appointment of Receiver.   On Motion, the Court will review and set rates or other methods of compensation for the Receiver and the aforementioned personnel who are engaged hereunder for periods following the first thirty (30) days of the Receivership.

12.     **Bank Accounts:**

The Receiver shall take possession of and receive from all depositories, banks, brokerages and otherwise, any money on deposit in such institutions relating to the receivership estate and is empowered to open or close any such accounts.   Receiver shall deposit monies and funds collected and received in connection with the receivership estate at federally-insured banking institutions or savings associations, which are not parties to this case.   Monies coming into the possession of the Receiver and not expended for any purposes herein authorized shall be held by the Receiver pending further orders of this Court.

QB\13483211.3

13. **Insurance:**

The Receiver shall determine upon taking possession of the Property whether in the Receiver's judgment there is sufficient insurance coverage. With respect to any insurance coverage in existence or obtained, the Receiver shall be named as an additional insured on the policies for the period that the Receiver shall be in possession of the Property. If sufficient insurance coverage does not exist, the Receiver shall immediately notify the parties to this lawsuit and shall have thirty (30) calendar days to procure sufficient all-risk and liability insurance on the Property (excluding earthquake and flood insurance) provided, however, that if the Receiver does not have sufficient funds to do so, the Receiver shall seek instructions from the Court with regard to whether insurance shall be obtained and how it is to be paid for. If consistent with existing law, the Receiver shall not be responsible for claims arising from the lack of procurement or inability to obtain insurance.

14. **Plaintiff to Notify Receiver of the Appearances of all Parties.**

Plaintiff is ordered to promptly notify the Receiver of the names, addresses, and telephone numbers of all parties and their counsel who appear in the action, so that the Receiver may give notice to all parties of any matters affecting the receivership.

15. **Receiver's Final Report and Account:**

As soon as is practicable after the receivership terminates, the Receiver shall file, serve, and set for hearing in this Court his Final Report and Account. Notice must be given to all persons of whom the Receiver is aware who have potential claims against the receivership estate.

QB\13483211.3

The motion to approve the final report and accounting, and for discharge of the Receiver, shall contain a summary of the receivership accounting including an enumeration, by major categories, of total revenues and total expenditures, the net amount of any surplus or deficit with supporting facts, a declaration under penalty of perjury of the basis for the termination of the receivership, and evidence to support an order for the distribution of any surplus, or payment of any deficit, in the receivership estate.

16.    **Instructions from the Court:**

The Receiver and the parties to this case may at any time apply to this Court for further or other instructions or orders and for further powers necessary to enable the Receiver to perform the Receiver's duties properly.

17.    **It Is Further Ordered** that Defendants Sunset Village and Capital First, and each of them, and their respective agents, partners, property managers, employees, assignees, successors, representatives, and all persons acting under, in concert with, or for them:

A.    **Turnover of Property:**

Shall relinquish and turn over possession of the Property to the Receiver upon his appointment becoming effective;

B.    **Turnover of Keys, Books, and Records:**

Shall turn over to the Receiver and direct all property managers and other third parties in possession thereof to turn over all keys (including keys to all common areas, all units owned by said Defendants, the storage areas, and any other spaces in any buildings), contracts, project and floor plans, leases, lists of all personal property owned

QB\13483211.3

by said Defendants, lists of repairs needed anywhere on the Property, books, records, books of account, and all other business records relating to the Property, wherever located, and in whatever mode maintained, including information contained on computers and any and all software relating thereto as well as all banking records, statements and cancelled checks;

**C.      Turnover of Licenses, Permits, and Taxpayer ID Number:**

Shall turn over to the Receiver all documents which pertain to all licenses, permits, or government approvals relating to the Property and shall immediately advise the Receiver of Federal and State taxpayer identification numbers used in connection with the operation of the Property;

**D.      Notification of Insurance:**

Shall immediately advise the Receiver as to the nature and extent of insurance coverage on the Property, including payment history, shall immediately turn over copies of all policies of insurance, shall immediately name the Receiver as an additional insured on the insurance policy(ies) for the period that the Receiver shall be in possession of the Property, and is prohibited from canceling, reducing, or modifying any and all insurance coverage currently in existence with respect to the Property; and

**E.      Turnover of Monies and Security Deposits:**

Defendants, and each of them, and their respective agents, employees, partners, and all other persons in concert with them, are ordered to immediately turn over to the Receiver any monies (including, but not limited to, security deposits, prepaid rent, prorated rents, or funds in property management bank accounts for the Property including, but not limited to, the Chase accounts which are the subject of the Court's

QB\13483211.3

Temporary Restraining Order entered May 31, 2011) which represent rental or lease payments with respect to the Property, which are received, or have been received by Defendants. The tenants occupying, using or leasing the Property, or any portion thereof, shall now make payments to the Receiver.

18.     **It is Further Ordered** that pending further Order of this Court, Defendants, and each of them, and their agents, partners, property managers and employees, and all other persons acting in concert with them who have actual or constructive knowledge of this Order, and their agents and employees, **shall not**:

    A.     **Commit Waste:**

Commit or permit any waste on the Property or any part thereof, or suffer or commit or permit any act on the Property or any part thereof in violation of law, or remove, transfer, encumber or otherwise dispose of any of the Property or the fixtures presently on the Property or any part thereof;

    B.     **Collect Rents:**

Demand, collect, receive, discount, or in any other way divert or use any of the rents from the Property;

    C.     **Interfere with Receiver:**

Directly or indirectly interfere in any manner with the discharge of the Receiver's duties under this Order or the Receiver's possession of and operation or management of the Property;

    D.     **Transfer or Encumber the Property:**

Expend, disburse, transfer, assign, sell, convey, devise, pledge, mortgage, create a security interest in, encumber, conceal or in any manner whatsoever deal in or

QB\13483211.3

dispose of the whole or any part of the Property, including, but not limited to, the rents, without prior Court Order; and

**E.      Impair Preservation of Property or Plaintiff's Interest:**

Do any act which will, or which will tend to, impair, defeat, divert, prevent or prejudice the preservation of the Property, including the rents, or the preservation of Plaintiff's interest in the Property and the rents.

ENTERED:

Dated: June 2, 2011                                      s/ Matthew F. Kennelly
                                                                JUDGE

*Prepared by:*
Leonard S. Shifflett, Esq. (ARDC No. 2587432)
leonard.shifflett@quarles.com
Faye B. Feinstein, Esq. (ARDC No. 6186627)
faye.feinstein@quarles.com
Brook Krekow, Esq. (ARDC No. 6300258)
brooke.krekow@quarles.com
Michael S. Rhinehart, Esq. (ARDC No. 6302834)
michael.rhinehart@quarles.com
QUARLES & BRADY LLP
300 North LaSalle Street, Suite 4000
Chicago, Illinois  60654
(312) 715-5000 (Telephone)
(312) 715-5155 (Facsimile)

QB\13483211.3

# EXHIBIT B
## RECEIVER BOND

**RECEIVED**

# The **Cincinnati Insurance Company**
### *Cincinnati, Ohio*

JUN X 7 2011

MICHAEL W. DOBBINS
CLERK, U. S. DISTRICT COURT

Bond No.:  8495807
Case #10-cv-07633

## RECEIVER'S BOND

**KNOW ALL MEN BY THESE PRESENTS:** that  Steven S. Spinell

_____ as Principal and *The Cincinnati Insurance Company*, as Surety, are held and firmly bound unto  Capital First Realty, Inc.

_____ , as Obligee, in the sum of  One Hundred Sixty Thousand Dollars and 00/100xxxxxxxxxxxxxx    $(160,000.00       ) to be paid to said Obligee, its successors and assigns, for the payment thereof well and truly to be made, we jointly and severally bind ourselves, our   heirs, executors, administrators,  successors  and assigns firmly by these presents.

**THE CONDITIONS** of the above obligation are such that:

**WHEREAS,** by the order of the  United States District _____ Court of  No. District IL Eastern Division   County, said Principal was appointed Receiver on the  2nd _____ day of  June _____ , 2011    for the receivership of  2450 North Waukegan Road, Glenview, IL 60093 _____   and was ordered before entering discharge of duties as such receiver to execute a bond according to law in the aforesaid amount.

**NOW THEREFORE,** if said receiver shall faithfully discharge the duties in this action and obey the orders of the court therein, then this obligation shall be void, otherwise remain in full force and effect.

SIGNED and SEALED this  6th _____ day of  June _____ , 2011   .

Principal:   **Steven S. Spinell**

By: _____

Surety:  *The Cincinnati Insurance Company*

By: _____

Cathie Demitropoulos, Attorney-in-Fact

THE CINCINNATI INSURANCE COMPANY

Fairfield, Ohio

POWER OF ATTORNEY

KNOW ALL MEN BY THESE PRESENTS: That THE CINCINNATI INSURANCE COMPANY, a corporation organized under the laws of the State of Ohio, and having its principal office in the City of Fairfield, Ohio, does hereby constitute and appoint

William B. Edson; David H. Esser; William H. Hayes; Thomas R. Hayes; Howard A. Weiss and/or Cathie M. Demitropoulos

of Naperville, Illinois                                    its true and lawful Attorney(s)-in-Fact to sign, execute, seal and deliver on its behalf as Surety, and as its act and deed, any and all bonds, policies, undertakings, or other like instruments, as follows:

Any such obligations in the United States, up to Ten Million and No/100 Dollars ($10,000,000.00).

This appointment is made under and by authority of the following resolution passed by the Board of Directors of said Company at a meeting held in the principal office of the Company, a quorum being present and voting, on the 6th day of December, 1958, which resolution is still in effect:

"RESOLVED, that the President or any Vice President be hereby authorized, and empowered to appoint Attorneys-in-Fact of the Company to execute any and all bonds, policies, undertakings, or other like instruments on behalf of the Corporation, and may authorize any officer or any such Attorney-in-Fact to affix the corporate seal; and may with or without cause modify or revoke any such appointment or authority. Any such writings so executed by such Attorneys-in-Fact shall be binding upon the Company as if they had been duly executed and acknowledged by the regularly elected officers of the Company."

This Power of Attorney is signed and sealed by facsimile under and by the authority of the following Resolution adopted by the Board of Directors of the Company at a meeting duly called and held on the 7th day of December, 1973.

"RESOLVED, that the signature of the President or a Vice President and the seal of the Company may be affixed by facsimile on any power of attorney granted, and the signature of the Secretary or Assistant Secretary and the seal of the Company may be affixed by facsimile to any certificate of any such power and any such power of certificate bearing such facsimile signature and seal shall be valid and binding on the Company. Any such power so executed and sealed and certified by certificate so executed and sealed shall, with respect to any bond or undertaking to which it is attached, continue to be valid and binding on the Company."

IN WITNESS WHEREOF, THE CINCINNATI INSURANCE COMPANY has caused these presents to be sealed with its corporate seal, duly attested by its Vice President this 1st day of April, 2007.

THE CINCINNATI INSURANCE COMPANY

_Elmer H. Kelly_
Vice President

STATE OF OHIO ) ss:
COUNTY OF BUTLER )

On this 1st day of April, 2007, before me came the above-named Senior Vice President of THE CINCINNATI INSURANCE COMPANY, to me personally known to be the officer described herein, and acknowledged that the seal affixed to the preceding instrument is the corporate seal of said Company and the corporate seal and the signature of the officer were duly affixed and subscribed to said instrument by the authority and direction of said corporation.

_Mark J. Huller_
MARK J. HULLER, Attorney at Law
NOTARY PUBLIC - STATE OF OHIO
My commission has no expiration
date. Section 147.03 O.R.C.

I, the undersigned Secretary or Assistant Secretary of THE CINCINNATI INSURANCE COMPANY, hereby certify that the above is a true and correct copy of the Original Power of Attorney issued by said Company, and do hereby further certify that the said Power of Attorney is still in full force and effect.

GIVEN under my hand and seal of said Company at Fairfield, Ohio.

this 6th day of June 2011

_Gregory J. Schleim_
Secretary

BN-1005 (4/07)

STATE OF ILLINOIS
COUNTY OF DUPAGE

    On this 6th day of May, 2011 before me, a Notary Public of the State and County aforesaid, residing therein, duly commissioned and sworn, personally came
    Cathie M. Demitropoulos being by me first duly sworn according to law, did depose and say that she resides in Winfield, Illinois; that she is an Attorney-in-Fact of
                 CINCINNATI INSURANCE COMPANY
Corporation described in and which executed the foregoing instrument that she knows the seal of said corporation; that the seal affixed to such instrument is such corporate seal, that it was so affixed by order of the Board of Directors of said corporation and that she signed her name thereto by like order; that she executed and delivered such instrument on behalf of said corporation as its voluntary act and deed for the uses and purposes therein mentioned.

Notary Public    Megan Garofalo

"OFFICIAL SEAL"
MEGAN GAROFALO
Notary Public, State of Illinois
My Commission Expires 03/17/12

# EXHIBIT C

## INSURANCE CERTIFICATE

**ACORD®**

# INSURANCE BINDER

| | DATE (MM/DD/YYYY) |
|---|---|
| | 10/3/2011 |

**THIS BINDER IS A TEMPORARY INSURANCE CONTRACT, SUBJECT TO THE CONDITIONS SHOWN ON THE REVERSE SIDE OF THIS FORM.**

| AGENCY | COMPANY StarNet Insurance Company | BINDER # |
|---|---|---|
| Alliance Insurance | | B1110334065 |

Alliance Insurance
6970 E. Chauncey Lane
Suite 110
Phoenix           AZ  85054

| | DATE | EFFECTIVE | TIME | | | DATE | EXPIRATION | TIME |
|---|---|---|---|---|---|---|---|---|
| | 10/5/2011 | | 12:01 | X | AM PM | 01/5/2011 | | X 12:01 AM NOON |

| PHONE (A/C, No, Ext): | FAX (A/C, No): (602) 494-1175 | THIS BINDER IS ISSUED TO EXTEND COVERAGE IN THE ABOVE NAMED COMPANY |
|---|---|---|
| CODE: | SUB CODE: | PER EXPIRING POLICY #:  TBD |
| AGENCY CUSTOMER ID:  00123912 | | |

| INSURED | DESCRIPTION OF OPERATIONS/VEHICLES/PROPERTY (Including Location) |
|---|---|
| Sunset Village Corp | Owner and operator of mobile home parks. |
| 212 W Kinzie Street 3rd Floor | |
| Chicago          IL  60654 | |

## COVERAGES                                                              LIMITS

| TYPE OF INSURANCE | COVERAGE/FORMS | DEDUCTIBLE | COINS % | AMOUNT |
|---|---|---|---|---|
| **PROPERTY**  CAUSES OF LOSS  ☐ BASIC ☐ BROAD ☒ SPEC | Special Form - Replacement Cost Values per proposal. | $40,000 | 0 | Per Proposal |
| **GENERAL LIABILITY** ☒ COMMERCIAL GENERAL LIABILITY  ☐ CLAIMS MADE ☒ OCCUR | | | | |
| | | EACH OCCURRENCE | $ | 1,000,000 |
| | | DAMAGE TO RENTED PREMISES | $ | 100,000 |
| | | MED EXP (Any one person) | $ | 5,000 |
| | | PERSONAL & ADV INJURY | $ | 1,000,000 |
| | | GENERAL AGGREGATE | $ | 2,000,000 |
| | RETRO DATE FOR CLAIMS MADE | PRODUCTS - COMP/OP AGG | $ | 1,000,000 |
| **VEHICLE LIABILITY** | | COMBINED SINGLE LIMIT | $ | |
| ☐ ANY AUTO | | BODILY INJURY (Per person) | $ | |
| ☐ ALL OWNED AUTOS | | BODILY INJURY (Per accident) | $ | |
| ☐ SCHEDULED AUTOS | | PROPERTY DAMAGE | $ | |
| ☐ HIRED AUTOS | | MEDICAL PAYMENTS | $ | |
| ☐ NON-OWNED AUTOS | | PERSONAL INJURY PROT | $ | |
| | | UNINSURED MOTORIST | $ | |
| | | | $ | |
| **VEHICLE PHYSICAL DAMAGE**  DED ☐ ALL VEHICLES ☐ SCHEDULED VEHICLES | | ACTUAL CASH VALUE | | |
| ☐ COLLISION: | | STATED AMOUNT | $ | |
| ☐ OTHER THAN COL: | | | | |
| **GARAGE LIABILITY** | | AUTO ONLY - EA ACCIDENT | $ | |
| ☐ ANY AUTO | | OTHER THAN AUTO ONLY: | | |
| | | EACH ACCIDENT | $ | |
| | | AGGREGATE | $ | |
| **EXCESS LIABILITY** | | EACH OCCURRENCE | $ | |
| ☐ UMBRELLA FORM | | AGGREGATE | $ | |
| ☐ OTHER THAN UMBRELLA FORM | RETRO DATE FOR CLAIMS MADE | SELF-INSURED RETENTION | $ | |
| **WORKER'S COMPENSATION AND EMPLOYER'S LIABILITY** | | WC STATUTORY LIMITS | | |
| | | E.L. EACH ACCIDENT | $ | |
| | | E.L. DISEASE - EA EMPLOYEE | $ | |
| | | E.L. DISEASE - POLICY LIMIT | $ | |
| **SPECIAL CONDITIONS / OTHER COVERAGES** | | FEES | $ | |
| | | TAXES | $ | |
| | | ESTIMATED TOTAL PREMIUM | $ | |

## NAME & ADDRESS

| | ☐ MORTGAGEE ☒ ADDITIONAL INSURED |
|---|---|
| Kinzie Real Estate Group Matt Nix 212 W Kinzie Street , 3rd Floor Chicago, IL  60654 | ☐ LOSS PAYEE |
| | LOAN # |
| | **AUTHORIZED REPRESENTATIVE** Louis Serro/DGALL |

**ACORD 75 (2010/04)**
INS075 (201004).02

Page 1 of 2          © 1993-2010 ACORD CORPORATION.  All rights reserved.
The ACORD name and logo are registered marks of ACORD

# ACORD®

## INSURANCE BINDER

DATE (MM/DD/YYYY)
10/3/2011

**THIS BINDER IS A TEMPORARY INSURANCE CONTRACT, SUBJECT TO THE CONDITIONS SHOWN ON THE REVERSE SIDE OF THIS FORM.**

| AGENCY | COMPANY | BINDER # |
|---|---|---|
| Alliance Insurance | AIG Excess Casualty | B1110334066 |
| 6970 E. Chauncey Lane | | |
| Suite 110 | | |
| Phoenix          AZ  85054 | | |

| | EFFECTIVE | | | EXPIRATION | |
|---|---|---|---|---|---|
| | DATE | TIME | | DATE | TIME |
| | 10/5/2011 | 12:01 | X AM / PM | 1/5/2012 | X 12:01 AM / NOON |

THIS BINDER IS ISSUED TO EXTEND COVERAGE IN THE ABOVE NAMED COMPANY
PER EXPIRING POLICY #:  **TBD**

| PHONE (A/C, No, Ext): | FAX (A/C, No): (602) 494-1175 |
|---|---|
| CODE: | SUB CODE: |

AGENCY CUSTOMER ID:  00123912

DESCRIPTION OF OPERATIONS/VEHICLES/PROPERTY (Including Location)
**Owner and operator of mobile home parks**

**INSURED**
Sunset Village Corp
212 W Kinzie Street 3rd Floor

Chicago          IL  60654

## COVERAGES                                                            LIMITS

| TYPE OF INSURANCE | COVERAGE/FORMS | DEDUCTIBLE | COINS % | AMOUNT |
|---|---|---|---|---|
| **PROPERTY**  CAUSES OF LOSS  ☐ BASIC  ☐ BROAD  ☐ SPEC | | | | |
| **GENERAL LIABILITY** | | EACH OCCURRENCE | | $ |
| ☐ COMMERCIAL GENERAL LIABILITY | | DAMAGE TO RENTED PREMISES | | $ |
| ☐ CLAIMS MADE  ☐ OCCUR | | MED EXP (Any one person) | | $ |
| | | PERSONAL & ADV INJURY | | $ |
| | | GENERAL AGGREGATE | | $ |
| | RETRO DATE FOR CLAIMS MADE: | PRODUCTS - COMP/OP AGG | | $ |
| **VEHICLE LIABILITY** | | COMBINED SINGLE LIMIT | | $ |
| ☐ ANY AUTO | | BODILY INJURY (Per person) | | $ |
| ☐ ALL OWNED AUTOS | | BODILY INJURY (Per accident) | | $ |
| ☐ SCHEDULED AUTOS | | PROPERTY DAMAGE | | $ |
| ☐ HIRED AUTOS | | MEDICAL PAYMENTS | | $ |
| ☐ NON-OWNED AUTOS | | PERSONAL INJURY PROT | | $ |
| | | UNINSURED MOTORIST | | $ |
| | | | | $ |
| **VEHICLE PHYSICAL DAMAGE**  DED  ☐ ALL VEHICLES  ☐ SCHEDULED VEHICLES | | ACTUAL CASH VALUE | | |
| ☐ COLLISION: | | STATED AMOUNT | | $ |
| ☐ OTHER THAN COL: | | | | |
| **GARAGE LIABILITY** | | AUTO ONLY - EA ACCIDENT | | $ |
| ☐ ANY AUTO | | OTHER THAN AUTO ONLY: | | |
| | | EACH ACCIDENT | | $ |
| | | AGGREGATE | | $ |
| **EXCESS LIABILITY** | | EACH OCCURRENCE | | $ 5,000,000 |
| X UMBRELLA FORM | | AGGREGATE | | $ 5,000,000 |
| ☐ OTHER THAN UMBRELLA FORM | RETRO DATE FOR CLAIMS MADE | SELF-INSURED RETENTION | | $ 10,000 |
| | | WC STATUTORY LIMITS | | |
| **WORKER'S COMPENSATION AND EMPLOYER'S LIABILITY** | | E.L. EACH ACCIDENT | | $ |
| | | E.L. DISEASE - EA EMPLOYEE | | $ |
| | | E.L. DISEASE - POLICY LIMIT | | $ |
| **SPECIAL CONDITIONS / OTHER COVERAGES** | | FEES | | $ |
| | | TAXES | | $ |
| | | ESTIMATED TOTAL PREMIUM | | $ |

## NAME & ADDRESS

Kinzie Real Estate Group
Matt Nix
212 W Kinzie Street
3rd Floor
Chicago, IL  60654

| ☐ MORTGAGEE  X ADDITIONAL INSURED |
|---|
| ☐ LOSS PAYEE |
| LOAN # |

AUTHORIZED REPRESENTATIVE

Louis Serro/DGALL

---

ACORD 75 (2010/04)                    Page 1 of 2          © 1993-2010 ACORD CORPORATION.  All rights reserved.
INS075 (201004).02            The ACORD name and logo are registered marks of ACORD

# EXHIBIT D

## SUMMARY OF FINANCIAL CONDITION

11/18/2011
4:44 PM

# Sunset Village

## Summary of Financial Condition:

| | 6/30/2011 | 7/31/2011 | 8/31/2011 | 9/30/2011 | 10/31/2011 | 2011 TOTALS | Budget November 2011 | Budget December 2011 |
|---|---|---|---|---|---|---|---|---|
| Rental Income Received | 13,768.00 | 199,348.34 | 190,571.10 | 156,104.93 | 170,686.08 | 730,478.45 | 165,000.00 | 160,000.00 |
| Prepaid Rent Received | | | | | | 14,930.00 | | |
| Propane Income Received | 5,749.21 | 6,736.00 | 6,860.00 | 4,799.00 | 4,816.00 | 28,960.21 | 3,000.00 | -3,000.00 |
| Enterprise Ground Lease Payment | | 4,800.00 | 4,800.00 | 4,800.00 | 4,800.00 | 19,200.00 | 4,800.00 | 4,800.00 |
| Sales Commission Income | | | | | 6,500.00 | 6,500.00 | | |
| Initial Deposit from Previous Borrower | 206,162.57 | | | | | 206,162.57 | | |
| Total Income received to date | 225,679.78 | 210,884.34 | 202,231.10 | 165,703.93 | 201,732.08 | 1,006,231.23 | 172,800.00 | 167,800.00 |
| Less: Expenses paid to date | (43,301.66) | (49,151.47) | (184,734.77) | (56,778.17) | (279,241.74) | (613,201.81) | (133,195.19) | (85,695.19) |
| Add: Trailer Haul-off Deposits | | 3,000.00 | 3,000.00 | 3,000.00 | (1,000.00) | 5,000.00 | | |
| Add: Accounts Payable | 5,981.90 | 2,202.07 | 20,116.26 | (511.50) | (16,814.97) | 10,973.76 | | |
| Net Property Cash Flow to date (Operating Acct Bal) | 188,360.02 | 163,934.94 | 40,612.59 | 111,414.26 | (95,324.63) | 408,997.18 | 39,604.81 | 82,104.81 |
| | | | | | | | | |
| Amount Received from Borrower | 437,540.55 | | | | | 437,540.55 | | |
| Real Estate Taxes Paid | (436,588.10) | | | | | (436,588.10) | | |
| Bank Fee | | 55.00 | | (15.00) | (15.00) | 25.00 | | |
| Real Estate Bank Account Balance | 952.45 | 55.00 | | (15.00) | (15.00) | 977.45 | | |

## Summary of Expenses by Category:

| | 6/30/2011 | 7/31/2011 | 8/31/2011 | 9/30/2011 | 10/31/2011 | 2011 TOTALS | Budget November 2011 | Budget December 2011 |
|---|---|---|---|---|---|---|---|---|
| Repairs & Maintenance Expenses - Common Areas | 8,421.07 | 4,211.86 | 4,681.47 | 3,990.97 | 7,667.00 | 28,972.37 | 7,500.00 | 7,500.00 |
| Repairs & Maintenance Expenses - Individual Units | | 2,878.03 | 294.31 | | | 3,172.34 | | |
| Petty Cash | 500.00 | | | | | 500.00 | | |
| Water Testing & Maintenance | 1,764.48 | | 23,243.08 | 4,872.27 | 7,750.55 | 37,630.38 | 8,700.00 | 1,200.00 |
| Ground Lease Payment | 22,077.00 | 22,077.00 | 22,077.00 | 22,077.00 | 22,077.00 | 110,385.00 | 22,077.00 | 22,077.00 |
| On-Site Maintenance Work | 3,761.25 | 5,330.25 | 4,921.50 | 5,075.50 | 4,906.75 | 23,995.25 | 25,700.00 | 5,200.00 |
| Property Manager Salaries | 6,084.34 | 2,307.70 | 2,307.70 | 2,307.70 | 2,307.70 | 15,315.14 | 2,307.70 | 2,307.70 |
| Leasing & Sales Salaries | | 2,769.24 | 2,769.24 | 2,769.24 | 2,769.24 | 11,076.96 | 2,769.24 | 2,769.24 |
| Administrative Salaries | | 3,235.50 | 2,989.25 | 3,048.50 | 3,091.63 | 12,364.88 | 2,989.25 | 2,989.25 |
| Sales Commission Expense | | | | | 1,200.00 | 1,200.00 | | |
| Telephone | 230.24 | | | | 106.68 | 336.92 | 250.00 | 250.00 |
| Licensing | 197.60 | | | | | 197.60 | | |
| Insurance Expenses | | | | | 11,322.15 | 11,322.15 | 3,302.00 | 3,302.00 |
| Utility Expenses | | 2,399.79 | | 1,904.70 | 12,798.96 | 17,103.45 | 3,500.00 | 3,500.00 |
| Utility Expenses - Vacancies | | | | | 16.94 | 16.94 | | |
| Landscaping | | 3,035.00 | 2,400.00 | | | 5,435.00 | 2,500.00 | 2,500.00 |
| Trash Removal | | 2,210.13 | 13,573.32 | | | 29,610.40 | 12,000.00 | 7,500.00 |
| Sewer Repair | | 9,168.04 | | 8,492.44 | 5,334.51 | 38,601.76 | 20,000.00 | 5,000.00 |
| Propane Expense | | 138.27 | 208.39 | 1,317.86 | 1,684.69 | 12,170.59 | 1,500.00 | 1,500.00 |
| Accounting Software Expense | 33.69 | | | 925.00 | 275.00 | 1,200.00 | 250.00 | 250.00 |
| Office & Administrative Expenses | 206.99 | 19.00 | 138.27 | 165.74 | | 412.70 | 100.00 | 100.00 |
| Postage & Delivery | | | 208.39 | | | 225.99 | 250.00 | 250.00 |
| Bank Fees | 25.00 | 112.76 | | 75.00 | 120.81 | 466.96 | | 250.00 |
| Receiver Services & Court Bond Cost | | 1,800.00 | 54,326.65 | | 10,888.76 | 66,825.41 | 17,500.00 | 17,500.00 |
| | | | | | | | | |
| Sub-Total Expenses paid to date | 43,301.66 | 49,151.47 | 184,734.77 | 56,778.17 | 94,572.12 | 428,538.19 | 133,195.19 | 85,695.19 |
| | | | | | | | | |
| Property Taxes paid from Operating Account | | | | | 184,669.62 | 184,669.62 | | |
| | | | | | | | | |
| Total Expenses paid to date | 43,301.66 | 49,151.47 | 184,734.77 | 56,778.17 | 279,241.74 | 613,207.81 | 133,195.19 | 85,695.19 |

# EXHIBIT E

## RECEIVER SERVICES INVOICES



REAL ESTATE GROUP

212 W Kinzie Street, 5th Floor, Chicago, IL 60654
t: 312.464.8800 · f: 312.464.8801
w w w . k i n z i e g r o u p . c o m

# Invoice

| DATE | INVOICE # |
|------|-----------|
| 10/24/2011 | 1310 |
| TERMS | DUE DATE |
| Net 30 | 11/23/2011 |

**BILL TO**

Jefferson-Pilot Investments, Inc
2450 Waukegan Rd.
Northfield, IL 60093
Sunset Village

| Description | Amount |
|-------------|--------|
| • Accounting Services:Assistant Controller, 15 mins @ $95.00/hr | 23.75 |
| • Construction/Project Management Services:Senior Project Manager, 8 hrs 45 mins @ $195.00/hr | 1,706.25 |
| • Receiver, 13 hrs 15 mins @ $275.00/hr | 3,643.76 |
| • Administrative Services:Administrative Assistant, 18 hrs 30 mins @ $75.00/hr | 1,387.50 |
| • Accounting Services:Controller, 10 hrs 15 mins @ $130.00/hr | 1,332.50 |
| • Construction/Project Management Services:Real Estate Manager, 12 hrs 45 mins @ $220.00/hr | 2,805.00 |
| **TOTAL** | **$10,898.76** |

Sunset Village
Court Ordered Receiver
Case No. 10 CV 07699
Receivership Services 9.1.11-9.30.11

# Kinzie Real Estate Group
## Time Activities by Client Detail
### Activity: September 2011

| Activity Date | Product/Service | Description | Rate | Duration | Amount |
|---|---|---|---|---|---|
| **Sunset Village** | | | | | |
| 09/01/2011 | Administrative Services:Administrative Assistant | Contact ComEd to change over additional accounts into Receivers name. | 75.00 | 0:30 | 37.50 |
| 09/01/2011 | Receiver | Review invoices and authorized payments and sign checks for property (asset). | 275.00 | 0:06 | 27.50 |
| 09/01/2011 | Administrative Services:Administrative Assistant | Communication with vendor and their insurance agent to get insurance required to work on property. | 75.00 | 0:30 | 37.50 |
| 09/01/2011 | Receiver | Discussions and correspondence on property, Layne Christenson looking to get paid for work done prior to receivership and looking to remove materials installed per contract with Sunset Village and or Capital First. | 275.00 | 1:15 | 343.75 |
| 09/01/2011 | Accounting Services:Assistant Controller | Accounts Receivable Reconciliation/ Update Cash Control | 95.00 | 0:15 | 23.75 |
| 09/06/2011 | Administrative Services:Administrative Assistant | input payables | 75.00 | 0:45 | 56.25 |
| 09/06/2011 | Construction/Project Management Services:Real Estate Manager | Call with staff to discuss deposits and procedures of trucking cos. removing trailers, required deposits, discussion about equipment repairs, discussion about upcoming resident meeting; call to demo contractor to discuss various site related jobs, call to attorney seeking to purchase on behalf of coop. | 220.00 | 0:45 | 165.00 |
| 09/06/2011 | Administrative Services:Administrative Assistant | Approve invoices. | 75.00 | 0:15 | 18.75 |
| 09/06/2011 | Accounting Services:Controller | Approve bi-weekly timesheets for payroll. | 130.00 | 0:30 | 65.00 |
| 09/06/2011 | Receiver | Property management and review of certified letter by well installation. | 275.00 | 0:50 | 229.17 |
| 09/07/2011 | Construction/Project Management Services:Senior Project Manager | Administrative issues with staff, correspondence with attorney concerning mechanics lien/repossession of pump equipment by contractor, fielded call from resident's association concerning their desire to purchase property and form a coop | 195.00 | 1:15 | 243.75 |
| 09/07/2011 | Administrative Services:Administrative Assistant | pulled checks from files, voided and reissued checks lost in mail, ran reports, updated batch control, processed checks for mailing. | 75.00 | 1:00 | 75.00 |

| Activity Date | Product/Service | Description | Rate | Duration | Amount |
|---|---|---|---|---|---|
| 09/07/2011 | Administrative Services:Administrative Assistant | review and post payables | 75.00 | 0:30 | 37.50 |
| 09/08/2011 | Administrative Services:Administrative Assistant | contacted vendor for compliance via telephone and email correspondence. Updated batch control | 75.00 | 0:45 | 56.25 |
| 09/08/2011 | Construction/Project Management Services:Senior Project Manager | On site meeting with admin and maintenance staff to discuss/inspect various maintenance repairs and outstanding issues, held evening meeting with 100+ residents to provide 90 day Receivership status update and field questions | 195.00 | 2:45 | 536.25 |
| 09/08/2011 | Receiver | Presentation to community for property issues and for progress update of foreclosure case. | 275.00 | 3:30 | 962.50 |
| 09/09/2011 | Administrative Services:Administrative Assistant | cut, processed checks for mailing, file administration. | 75.00 | 0:30 | 37.50 |
| 09/09/2011 | Administrative Services:Administrative Assistant | Phone call from rental office regarding utility bill. | 75.00 | 0:15 | 18.75 |
| 09/09/2011 | Construction/Project Management Services:Real Estate Manager | Follow up on various resident related issues raised in the all resident evening meeting on 9/8/11; assist on site staff with vendor issues (credit/payment related), correspondence with insurance broker for new quote | 220.00 | 0:45 | 165.00 |
| 09/12/2011 | Receiver | Discussion regarding water issues, property management issues and regarding evictions and trailer removals. | 275.00 | 0:50 | 229.17 |
| 09/12/2011 | Administrative Services:Administrative Assistant | Follow up phone call to AT&T regarding phone service. | 75.00 | 1:15 | 93.75 |
| 09/12/2011 | Administrative Services:Administrative Assistant | File administration, mailing checks. | 75.00 | 0:15 | 18.75 |
| 09/13/2011 | Construction/Project Management Services:Senior Project Manager | Construction/repair related matters discussed with on-site staff and subcontractors | 195.00 | 0:15 | 48.75 |
| 09/13/2011 | Administrative Services:Administrative Assistant | Voided original payroll checks, pulled invoices, re-cut checks, prepared checks for pickup. updated batch control sheet and printed reports, input payables, file administration. Continued vendor correspondence to obtain insurance information. | 75.00 | 2:00 | 150.00 |
| 09/13/2011 | Administrative Services:Administrative Assistant | Approve invoices. | 75.00 | 0:15 | 18.75 |
| 09/13/2011 | Administrative Services:Administrative Assistant | transfer files for vendor to server | 75.00 | 0:15 | 18.75 |
| 09/13/2011 | Receiver | Approval of invoices and check signing. | 275.00 | 0:06 | 27.50 |

| Activity Date | Product/Service | Description | Rate | Duration | Amount |
|---|---|---|---|---|---|
| 09/14/2011 | Administrative Services:Administrative Assistant | Updated system with vendor compliance. | 75.00 | 0:30 | 37.50 |
| 09/14/2011 | Administrative Services:Administrative Assistant | Follow up phone call to AT&T regarding phone service. | 75.00 | 0:30 | 37.50 |
| 09/14/2011 | Construction/Project Management Services:Real Estate Manager | On-site to deal with emergency watermain break directing on-site staff and subcontractor, interfacing with village officials/police/fire/public works/water reclamation district; following up on resident issues via email and phone | 220.00 | 2:45 | 605.00 |
| 09/14/2011 | Receiver | Emergency waiver for pipe burst in basement of rec center and property management. | 275.00 | 0:50 | 229.17 |
| 09/15/2011 | Construction/Project Management Services:Real Estate Manager | Fielded call from tenant about rent dispute with on-site staff; responded to email from resident threatening litigation over rebate program; call with equipment provider concerning outstanding issues with IEPA/Radium water issues | 220.00 | 1:00 | 220.00 |
| 09/15/2011 | Accounting Services:Controller | Update cash control and approve check run for payout. | 130.00 | 0:30 | 65.00 |
| 09/15/2011 | Administrative Services:Administrative Assistant | Update property tax and insurance information for Receiver's Report. Update Receiver's Report. | 75.00 | 1:45 | 131.25 |
| 09/15/2011 | Receiver | Approval of invoices and check signing. | 275.00 | 0:06 | 27.50 |
| 09/16/2011 | Construction/Project Management Services:Real Estate Manager | Various calls relating to Layne Christensen lien and threat to repossess well equipment; call with staff concerning various site issues including new village requirements for demo permits, inquiries concerning additional help with IEPA water issue. | 220.00 | 0:45 | 165.00 |
| 09/16/2011 | Receiver | Review property assessment for real estate taxes, lien issues and eviction issues. | 275.00 | 0:45 | 206.25 |
| 09/16/2011 | Administrative Services:Administrative Assistant | Follow up phone call to AT&T regarding phone service. | 75.00 | 0:30 | 37.50 |
| 09/19/2011 | Administrative Services:Administrative Assistant | Approve invoices. | 75.00 | 0:15 | 18.75 |
| 09/19/2011 | Receiver | Property management. | 275.00 | 0:50 | 229.17 |
| 09/19/2011 | Accounting Services:Controller | Approved employee timesheets for payroll | 130.00 | 0:15 | 32.50 |
| 09/19/2011 | Construction/Project Management Services:Senior Project Manager | Met with civil engineer specializing in well systems to discuss various issues related to ongoing EPA violations of the on site well system | 195.00 | 1:00 | 195.00 |
| 09/19/2011 | Accounting Services:Controller | Produce financial statements, process bank reconciliation, complete financial section & | 130.00 | 7:45 | 1,007.50 |

| Activity Date | Product/Service | Description | Rate | Duration | Amount |
|---|---|---|---|---|---|
| | | exhibits for Receiver's Report | | | |
| 09/20/2011 | Administrative Services:Administrative Assistant | Input payables, review and post batch to AP file administration. | 75.00 | 0:45 | 56.25 |
| 09/20/2011 | Accounting Services:Controller | Finalize the accounting portion of the Receiver report and show monthly expenses. | 130.00 | 0:30 | 65.00 |
| 09/21/2011 | Construction/Project Management Services:Real Estate Manager | Gather additional data, drafted and finalized 2nd Receiver report, distributed report; follow up call with plaintiff's attorney concerning report | 220.00 | 2:30 | 550.00 |
| 09/21/2011 | Receiver | Review of Receivers Report before submittal to court for approval. Property management issues, invoice review and check signing. | 275.00 | 1:00 | 275.00 |
| 09/22/2011 | Construction/Project Management Services:Real Estate Manager | Various issues including dealing with trucking companies who have created damage on-site during trailer removal and reconsidering deposit policy; call with vendor regarding repossession of major equipment for well system | 220.00 | 1:15 | 275.00 |
| 09/22/2011 | Receiver | Invoice review/approval and checking signing. | 275.00 | 0:06 | 27.50 |
| 09/22/2011 | Administrative Services:Administrative Assistant | Input invoices, run and review batch reports, post to AP, update batch control and file administration. Weekly check run. Compile and distribute checks to vendors and onsite staff. | 75.00 | 2:15 | 168.75 |
| 09/26/2011 | Administrative Services:Administrative Assistant | Approve invoices and update spread sheets. | 75.00 | 0:30 | 37.50 |
| 09/26/2011 | Administrative Services:Administrative Assistant | Input invoices, run and review batch reports, post to AP, update batch control and file administration. Weekly check run. Compile and distribute checks to vendors and onsite staff. | 75.00 | 1:15 | 93.75 |
| 09/26/2011 | Construction/Project Management Services:Real Estate Manager | Various correspondence regarding Manage America accounting system issues; site work issues regarding demo and paving repairs; correspondence with plaintiff attorney regarding additional financial information requested by plaintiff | 220.00 | 0:45 | 165.00 |
| 09/26/2011 | Receiver | Follow up to issues relating to meeting with plaintiffs. Attorney general communication regarding status of property water and sewage and submittal of Receivers Report. | 275.00 | 0:40 | 183.33 |
| 09/27/2011 | Administrative Services:Administrative Assistant | Input payables, run and review batch reports, post to ap, update batch control, and file administration. | 75.00 | 0:30 | 37.50 |
| 09/27/2011 | Construction/Project Management | Correspondence and review of various accounting reports with | 195.00 | 1:45 | 341.25 |

| Activity Date | Product/Service | Description | Rate | Duration | Amount |
|---|---|---|---|---|---|
| | Services:Senior Project Manager | on-site staff, assembled various exhibits and drafted memo for meeting with plaintiff and plaintiff attorney | | | |
| 09/28/2011 | Receiver | Invoice review/approval and checking signing. | 275.00 | 0:06 | 27.50 |
| 09/28/2011 | Accounting Services:Controller | Contact Chase regarding insurance for the bank accounts. | 130.00 | 0:15 | 32.50 |
| 09/28/2011 | Receiver | Meeting with plaintiff and attorney's for property update and status of community. | 275.00 | 2:15 | 618.75 |
| 09/28/2011 | Construction/Project Management Services:Senior Project Manager | Preparation and meeting with plaintiff, plaintiff attorney for meeting to discuss property status and various outstanding issues | 195.00 | 1:45 | 341.25 |
| 09/30/2011 | Construction/Project Management Services:Real Estate Manager | Site meeting with staff to inspect various property issues and repairs, placed calls to various trucking companies and directed correspondence to lenders concerning homes sold at auction which have not been removed or signed leases. Correspondence with insurance broker regarding terms of policy renewal. Correspondences with village of Glenview checking on permits and outstanding issues. Correspondence with civil engineer consultant about well and wastewater issues raised by attorneys general office. | 220.00 | 2:15 | 495.00 |
| 09/30/2011 | Administrative Services:Administrative Assistant | run open payables for approval, cut and prepare checks for signing.. Process checks for mailing | 75.00 | 0:45 | 56.25 |
| 09/30/2011 | Accounting Services:Controller | Approve timecards for bi-weekly payroll | 130.00 | 0:30 | 65.00 |
| **Total for Sunset Village** | | | | 63:45 | $10,898.76 |

Friday, Oct 21, 2011 12:52:21 PM PDT GMT-7