IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEFFERSON-PILOT INVESTMENTS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CAPITAL FIRST REALTY, INC., SUNSET ) <br> VILLAGE LIMITED PARTNERSHIP, TCF ) <br> NATIONAL BANK, L H BLOCK ELECTRIC ) <br> COMPANY, INC., DOHERTY, GIANNINI, ) <br> REITZ CONSTRUCTION, INC., EAGLE ) <br> HEATING & COOLING INC., LAYNE ) <br> CHRISTENSEN COMPANY, and ) <br> LAYNE-WESTERN, ) <br> ) <br> Defendants. ) | Case No. 10 C 7633 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Jefferson-Pilot Investments has sued several parties seeking to enforce a guaranty agreement, obtain reimbursement for management fees, and foreclose on two mortgages and on personal property in which it has a security interest. The Court has jurisdiction based on diversity of citizenship. Jefferson-Pilot has moved for summary judgment on its mortgage and security interest foreclosure claims against Sunset Village Limited Partnership. For the reasons stated below, the Court grants plaintiff's motion.

### Background

In 2001, The Lincoln National Life Insurance Company and First Penn-Pacific Life Insurance Company (the initial lenders) loaned Sunset Village $16,000,000. In

2006, the initial lenders loaned Sunset Village another $8,200,000. In connection with these loans, Sunset Village executed notes[1] as well as various documents by which it pledged property as collateral to secure payment of the loans. In one mortgage, Sunset Village encumbered its fee simple interest in 18.7 acres of land that was part of the Sunset Village Manufactured Home Community. In another mortgage, Sunset Village encumbered its leasehold interest in ten acres of land that included another part of the Sunset Village Manufactured Home Community as well as an adjacent retail outlet. The mortgages also gave the initial lenders security interests in personal property connected to the real estate, including fixtures, leases and rents, and intangibles. In June 2010, the initial lenders assigned their rights in the notes, mortgages, and security interests to Jefferson-Pilot.

The notes provide that upon default and acceleration of the loans, Sunset Village is obligated to pay (1) unpaid principal; (2) unpaid pre-default interest at a rate of 7.76% per annum for the 2001 notes and 6.58% per annum for the 2006 notes; (3) post-default interest at a rate of 11.76% per annum for the 2001 notes and 10.58% per annum for the 2006 notes; (4) a late charge of 5% for "any installment not paid when due"; (5) a prepayment premium; and (5) reasonable attorneys' fees, expenses, and costs associated with any action to collect payment from Sunset Village.

Sunset Village failed to pay the July 2010 monthly installment on the notes. Shortly thereafter, Jefferson-Pilot delivered a notice of default to Sunset Village and

---

[1] Sunset Village executed two notes for the 2001 loan (one for $13,000,000 and the other for $3,000,000) and two notes for the 2006 loan (one for $7,700,000 and the other for $500,000).

demanded payment of the July installment within one week. Sunset Village did not pay. Jefferson-Pilot then delivered a notice of acceleration to Sunset Village requesting immediate payment of the principal, interest, prepayment premium fees, and late charges due under the notes. Sunset Village failed to cure the default, so Jefferson-Pilot filed a mortgage foreclosure suit against Sunset Village in state court in late September 2010. About two weeks later, Sunset Village filed a voluntary Chapter 11 bankruptcy petition. The bankruptcy case was dismissed in May 2011.

In December 2010, Jefferson-Pilot brought this suit against Capital First Realty, Inc., which had guaranteed Sunset Village's notes. On May 31, 2011, after Sunset Village's bankruptcy case had been dismissed, Jefferson-Pilot amended its complaint in this suit to add foreclosure claims against Sunset Village. Two days later, the Court appointed a receiver for the real property that Jefferson-Pilot sought to foreclose upon.

In this case, Jefferson-Pilot seeks to foreclose the mortgages on the real property and the security interest on the personal property to satisfy Sunset Village's unpaid obligations under the notes. Jefferson-Pilot calculates that, as of August 24, 2011, those obligations totaled $28,075,586.14 plus attorneys' fees, expenses, and costs. Pl. Am. Ex. A ¶ 19. Interest on the notes accrues at a rate of $6,167.65 per day. *Id.* ¶¶ 20–21.

## Discussion

On a motion for summary judgment, the Court "view[s] the record in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Trinity Homes LLC v. Ohio Cas. Ins. Co.*, 629 F.3d 653, 656 (7th Cir. 2010). Summary judgment is appropriate "if the movant shows that there is no genuine

3

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In other words, a court may grant summary judgment "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Sunset Village does not dispute that Jefferson-Pilot is entitled to summary judgment on its two claims related to the mortgages. Accordingly, the Court grants summary judgment on those claims.

Sunset Village's only argument is that the Court should not grant summary judgment on its claim to foreclose its personal property lien to the extent that Jefferson-Pilot claims a security interest in rent payments that Sunset Village collected before the Court appointed a receiver. Sunset Village contends that Jefferson-Pilot could not acquire a lien on the rent payments through Illinois secured transaction law because that law applies only to personal property and rents are real property. *See* 810 ILCS 5/9-109(d)(11); *Travelers Ins. Co. v. First Nat'l Bank of Blue Island*, 250 Ill. App. 3d 641, 645, 621 N.E.2d 209, 213 (1993). Sunset Village argues that under Illinois real property law, Jefferson-Pilot could not have a security interest in the rent payments until it acquired actual possession of the property when the receiver was appointed. *See Comerica Bank-Illinois v. Harris Bank Hinsdale*, 284 Ill. App. 3d 1030, 1033, 673 N.E.2d 380, 382 (1996).

Jefferson-Pilot responds that whether it has an interest in the rent payments is not at issue in its motion for summary judgment. It states that its interest in the rent payments is the subject of Sunset Village's counterclaim and Jefferson-Pilot's own third-

party claim. Neither party has moved for summary judgment on those claims. Because Sunset Village's only argument against summary judgment relates to an issue that Jefferson-Pilot concedes is not part of its summary judgment motion, the Court grants summary judgment to Jefferson-Pilot on its security interest claim without deciding whether Jefferson-Pilot has a security interest in rent payments made to Sunset Village before appointment of the receiver.

Sunset Village does not concede that Jefferson-Pilot's calculation of the amount it owes under the notes is correct, but it has presented no evidence that it owes a different amount. Thus, no reasonable fact finder could find that Sunset Village owed an amount offer than that calculated by Jefferson-Pilot: $28,075,586.14 as of August 24, 2011, and $6,167.65 per day in interest since. The Court also grants Jefferson-Pilot's request for a hearing to prove its attorney's fees, expenses, and costs.

## Conclusion

For the reasons stated above, the Court grants plaintiff's motion for summary judgment [docket no. 118].

_____
MATTHEW F. KENNELLY
United States District Judge

Date: January 18, 2012