**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **JEFFERSON-PILOT INVESTMENTS, INC.,** ) | |
| Plaintiff, ) | |
| v. ) | Case No. 10-CV-07633 |
| **CAPITAL FIRST REALTY, INC.; SUNSET** ) | |
| **VILLAGE LIMITED PARTNERSHIP; TCF** ) | Hon. Matthew F. Kennelly |
| **NATIONAL BANK; L H BLOCK ELECTRIC** ) | |
| **COMPANY, INC.; DOHERTY,** ) | Magistrate Judge Jeffrey N. Cole |
| **GIANNINI, REITZ CONSTRUCTION, INC.;** ) | |
| **EAGLE HEATING & COOLING INC.;** ) | |
| **LAYNE CHRISTENSEN COMPANY; and** ) | |
| **LAYNE-WESTERN, a division of Layne** ) | |
| **Christensen Company,** ) | |
| Defendants. ) | |
| **JEFFERSON-PILOT INVESTMENTS, INC.,** ) | |
| Counter-Defendant/Counter-Plaintiff, ) | |
| v. ) | |
| **THE KLARCHEK FAMILY TRUST; JOHN** ) | |
| **COSTELLO, not individually but solely as** ) | |
| **Trustee of the Klarchek Family Trust; JOHN** ) | |
| **LOGIUDICE, not individually but solely as** ) | |
| **Trustee of the Klarchek Family Trust;** ) | |
| **WOLIN, KELTER and ROSEN, LTD.;** ) | |
| **BAUCH & MICHAELS, LLC; CAPITAL** ) | |
| **FIRST REALTY, INC.; CAPITAL HOME** ) | |
| **SERVICES CORP.; GILSON, LABUS &** ) | |
| **SILVERMAN, LLC; BRIAN** ) | |
| **GALLAGHER; JAY KLARCHEK; and** ) | |
| **SUNSET VILLAGE LIMITED** ) | |
| **PARTNERSHIP,** ) | |
| Third-Party Defendants. ) | |

**THIRD-PARTY DEFENDANT GILSON, LABUS & SILVERMAN, LLC'S JOINDER
AND SUPPLEMENT TO THIRD-PARTY DEFENDANT WOLIN, KELTER & ROSEN,
LTD.'S MOTION TO DISMISS JEFFERSON-PILOT INVESTMENTS, INC.'S
AMENDED THIRD PARTY COMPLAINT**

Third-Party Defendant Gilson, Labus & Silverman, LLC ("GLS"), by and through its attorney, Mark J. Rose, hereby adopts and incorporates by reference *Third-Party Defendant Wolin, Kelter & Rosen, Ltd.'s Motion to Dismiss Jefferson-Pilot's Amended Third-Party Complaint* ("Motion to Dismiss"). In order to address certain additional issues and concerns

which are unique to GLS, GLS hereby supplements the Motion to Dismiss of Wolin, Kelter & Rosen, Ltd. ("Wolin, Kelter & Rosen") as follows[1]:

## INTRODUCTION

1. Count I of the Amended Third-Party Complaint of Counter-Defendant/Counter-Plaintiff Jefferson-Pilot Investments, Inc. ("Jefferson-Pilot") seeks recovery from GLS of the amount of $16,327.00 pursuant to Sections 5(a)(l), (2) and (8) of the Illinois Uniform Fraudulent Transfer Act. Jefferson-Pilot contends that Defendant Sunset Village Limited Partnership ("Sunset"), at the direction of Capital First Realty, Inc. ("Capital First") and at the direction of Sunset's representative, Third-Party Defendant Brian Gallagher ("Gallagher"), wrongfully transferred these funds to GLS. Jefferson-Pilot alleges that these funds were (i) cash collateral of Jefferson-Pilot in Bankruptcy Case 1 0-45772; (ii) disbursed in violation of Sunset's agreement not to use the cash collateral in any manner other than as agreed in the budget attached and incorporated within a May 2011 cash collateral order entered in the bankruptcy case; and (iii) with the actual intent to hinder, delay and/or defraud Jefferson-Pilot.

2. Count II of Jefferson-Pilot's Amended Third Party Complaint alleges that GLS violated Sections 5(a)(2), 6(a) and (8) of the Illinois Uniform Fraudulent Transfer Act on the grounds that the foregoing transfer was made to GLS without receiving a reasonably equivalent value in exchange for the transfer and that Sunset was insolvent at that time or became insolvent as a result of the transfer.

3. Count IV of Jefferson-Pilot's Amended Third Party Complaint alleges that it is unjust and inequitable under the circumstances of the aforementioned conveyance to allow GLS to retain the benefits of this $16,327.00 disbursement.

---

[1] To the extent that GLS has presented matters outside of the pleadings, pursuant to Fed. R. Civ. P. 12(d), GLS respectfully requests that this supplement be treated as a Motion for Summary Judgment under Fed. R. Civ. P. 56.

4.      Count VII of Jefferson-Pilot's Amended Third Party Complaint alleges that GLS committed independent acts of conversion by transferring and/or disbursing this $16,327.00 to its own personal use.

5.      In addition to the arguments advanced in Wolin, Kelter & Rosen's Motion to Dismiss, GLS submits that the $16,327.00 which was disbursed by Sunset to GLS was an advance payment retainer for accounting services to be performed by GLS in connection with the preparation of the 2009, 2010, 2011 and 2012 federal and state of Illinois income tax returns of Sunset and of Sunset's general partner, Sunset Village Corporation ("Sunset Corporation"). Since GLS already has prepared Sunset's and Sunset Corporation's 2009 and 2010 income tax returns, is in the process of preparing Sunset's and Sunset Corporation's 2011 income returns and, upon completion of the foreclosure sale, will be preparing Sunset's and Sunset Corporation's 2012 income tax returns, Sunset has received reasonably equivalent value in exchange for the transfer. Accordingly, such payment was not a violation of the Illinois Uniform Fraudulent Transfer Act, GLS has not been unjustly or inequitably enriched and GLS has not engaged in conversion. Accordingly, Counts I, II, IV and VII of Jefferson-Pilot's Amended Third-Party Complaint must be dismissed.

## FACTS

6.      GLS is an Illinois limited liability company which, at all relevant times, has been engaged in the business of providing certified public accounting services to the general public. (See Exhibit "1," Affidavit of Steven S. Gilson, Paragraph 2.)

7.      At all relevant times, GLS has served as Sunset's independent outside accountant. (See Exhibit "1," Affidavit of Steven S. Gilson, Paragraph 3.)

8.      At or about May 2011, Gallagher engaged GLS to prepare federal and state of Illinois income tax returns on behalf of Sunset and Sunset Corporation for the 2009, 2010, 2011 and 2012 calendar years. (See Exhibit "1," Affidavit of Steven S. Gilson, Paragraph 4.)

9. Based on Sunset's financial difficulties, GLS was unwilling to prepare Sunset's and Sunset Corporation's income tax returns unless GLS received an advance retainer for the services to be performed. (See Exhibit "1," Affidavit of Steven S. Gilson, Paragraph 5.)

10. In furtherance of such retention, at or about May 2011, GLS received a payment from Sunset in the amount of $16,327.00 which was intended to be an advance payment retainer for the cost of preparing Sunset's and Sunset Corporation's 2009, 2010, 2011 and 2012 federal and state of Illinois income tax returns. (See Exhibit "1," Affidavit of Steven S. Gilson, Paragraph 6.)

11. Subsequent to GLS's receipt of the $16,327.00 advance payment retainer, from at or about May 2011 until at or about September 2011, GLS performed various professional services in connection with the preparation of Sunset's and Sunset Corporation's 2009 and 2010 federal and state of Illinois income tax returns. (See Exhibit "1," Affidavit of Steven S. Gilson, Paragraph 7.)

12. GLS devoted approximately fifty-four (54) hours of time in preparing Sunset's 2009 and 2010 federal and state of Illinois income tax returns and approximately three (3) hours of time in preparing Sunset Village Corporation's 2009 and 2010 federal and state of Illinois income tax returns. A copy of GLS's time records for the preparation of such income tax returns is attached hereto as Exhibit "2." (See Exhibit "1," Affidavit of Steven S. Gilson, Paragraph 8.)

13. GLS's charges for preparing Sunset's and Sunset Corporation's 2009 and 2010 federal and state of Illinois income tax returns totaled $9,206.00. (See Exhibit "1," Affidavit of Steven S. Gilson, Paragraph 9.)

14. GLS is currently in the process of preparing the 2011 federal and state of Illinois income tax returns for Sunset and Sunset Corporation. (See Exhibit "1," Affidavit of Steven S. Gilson, Paragraph 10.)

15. Upon completion of Jefferson-Pilot's foreclosure sale of Sunset's real property, GLS will be obligated to prepare the federal and state of Illinois income tax returns for Sunset and Sunset Corporation for the 2012 calendar year. (See Exhibit "1," Affidavit of Steven S. Gilson, Paragraph 11.)

16. In all likelihood, the $7,121.00 balance remaining from Sunset's advance payment retainer will not be sufficient to cover the cost of preparing Sunset's and Sunset Corporation's federal and state of Illinois income tax returns for the 2011 and 2012 calendar years. (See Exhibit "1," Affidavit of Steven S. Gilson, Paragraph 12.)

## LEGAL AUTHORITIES

17. 740 ILCS 160/4(a) provides as follows:

> Value is given for a transfer or an obligation if, in exchange for the transfer or obligation, property is transferred or an antecedent debt is secured or satisfied, but value does not include an unperformed promise made otherwise than in the ordinary course of the promisor's business to furnish support to the debtor or another person.

18. 740 ILCS 160/S(a) and (b) provide, in relevant part, as follows:

> (a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
> (1) with actual intent to hinder, delay, or defraud any creditor of the debtor; or
> (2) without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:
>   (A) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
>   (B) intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.
> (b) In determining actual intent under paragraph (1) of subsection (a), consideration may be given, among other factors, to whether:
> . . .
>   (8) the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;

5

19. 740 ILCS l60/6(a) provides as follows:

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

20. 740 ILCS 160/9(a), (d) and (f) provide as follows:

> (a) A transfer or obligation is not voidable under paragraph (1) of subsection (a) of Section 5 against a person who took in good faith and for a reasonably equivalent value or against any subsequent transferee or obligee.
> . . .
> (d) Notwithstanding voidability of a transfer or an obligation under this Act, a good-faith transferee or obligee is entitled, to the extent of the value given the debtor for the transfer or obligation, to
> (1) a lien on or a right to retain any interest in the asset transferred;
> (2) enforcement of any obligation incurred; or
> (3) a reduction in the amount of the liability on the judgment.
> . . .
> (f) A transfer is not voidable under subsection (b) of Section 6:
> (1) to the extent the insider gave new value to or for the benefit of the debtor after the transfer was made unless the new value was secured by a valid lien;
> (2) if made in the ordinary course of business or financial affairs of the debtor and the insider; or
> (3) if made pursuant to a good-faith effort to rehabilitate the debtor and the transfer secured present value given for that purpose as well as an antecedent debt of the debtor.

21. In *Barber v. Golden Seed Co.*, 129 F.3d 382 (7th Cir. 1997), the Seventh Circuit Court of Appeals held as follows:

> We have held that the formula for determining reasonably equivalent value is not a fixed mathematical formula; rather, the standard for "reasonable equivalence should depend on all the facts of each case," an important element of which is fair market value. *In re Bundles*, 856 F.2d at 824. Another important factor in assessing reasonably equivalent value is whether the sale was "an arm's length transaction between a willing buyer and a willing seller." 856 F.2d at 824. Additionally, other courts have held that the debtor need not collect "a dollar-for-dollar equivalent to receive reasonably equivalent value." See *Matter of Fairchild Aircraft Corp.*, 6 F.3d 1119, 1125-26 (5th Cir. 1993). Supra at p. 387.

Several factors have been utilized in determining reasonable equivalence, including: (1) whether the value of what was transferred is equal to the value of what was received; (2) the fair market value of what was transferred and what was received; (3) whether the transaction took place at arm's length; and (4) the good faith of the transferee. See *Wachovia Sec., LLC v. Jahelka*, 586 F. Supp. 2d 972, 1012 (N.D. Ill. 2008); and *Grochocinski v. Schlossberg*, 402 B.R. 825 (Bankr. N.D. Ill. 2008).

## ARGUMENT

22. There is no question that Sunset and Sunset Corporation received reasonably equivalent value in exchange for its transfer of $16,327.00 to GLS. In exchange for such transfer, GLS prepared Sunset's and Sunset Corporation's 2009 and 2010 federal and state of Illinois income tax returns. GLS currently is in the process of preparing Sunset's and Sunset Corporation's 2011 federal and state of Illinois income tax returns and is obligated to prepare Sunset's and Sunset Corporation's 2012 federal and state of Illinois income tax returns once Jefferson-Pilot completes its foreclosure sale against Sunset's real estate. (See Exhibit "1," Affidavit of Steven S. Gilson, Paragraphs 7-11.)

23. Clearly, the preparation of these income tax returns is a necessary and customary part of Sunset's and Sunset Corporation's ordinary business affairs. Frankly, the filing of this lawsuit against GLS is frivolous and does not make sense. Is it Jefferson-Pilot's position that Sunset and Sunset Corporation should not have filed their income tax returns? This cannot be the case.

24. There is no question that Sunset's transfer of the advance payment retainer to GLS was an arm's length transaction and that GLS has acted in good faith.

25. The payment of these funds to GLS was not a fraudulent transfer under the Illinois Uniform Fraudulent Transfer Act. In fact, this $16,327.00 advance payment retainer probably will not be sufficient to cover the cost of preparing the 2009, 2010, 2011 and 2012

federal and state of Illinois income tax returns for both Sunset and Sunset Corporation. (See Exhibit "1," Affidavit of Steven S. Gilson, Paragraph 12.) Clearly, GLS has not been unjustly enriched!

26. Finally, since Sunset has received reasonably equivalent value for this $16,327.00 disbursement, GLS has not committed a conversion.

## CONCLUSION

27. For the above and foregoing reasons, Counts I, II, IV and VII of Jefferson-Pilot's Amended Third-Party Complaint against GLS should be dismissed.

WHEREFORE, Third-Party Defendant Gilson, Labus & Silverman, LLC prays for the entry of an order dismissing Counts I, II, IV and VII of the Amended Third-Party Complaint of Counter-Defendant/Counter-Plaintiff Jefferson-Pilot Investments, Inc.; and for such further relief as to the Court shall seem just and proper.

Date: February 17, 2012

                Respectfully submitted,

                GILSON, LABUS & SILVERMAN, LLC

                By: /s/ Mark J. Rose
                     Its Attorney

Mark J. Rose, Esq. (#2378728)
LAW OFFICES OF MARK J. ROSE
200 West Adams Street, Suite 2850
Chicago, Illinois 60606
312.704.1446

**CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing was electronically filed on February 17, 2012 and was served upon the ECF registered parties indicated below by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

Michael J. Kralovec, Esq.
mkralovec@nlklaw.com
Joseph R. Lemersal, Esq.
jlemersal@nlklaw.com
Kralovec Meenan LLP
53 West Jackson Blvd., Suite 1102
Chicago, Illinois 60604

Leonard S. Shifflett, Esq.
leonard.shifflett@quarles.com
Faye B. Feinstein, Esq.
faye.feinstein@quarles.com
Michael S. Rhinehart, Esq.
michael.rhinehart@quarles.com
Quarles & Brady LLP
300 North LaSalle Street, Suite 4000
Chicago, Illinois 60654

John David Galarnyk, Esq.
john@galarnykltd.com
Galarnyk & Associates
Three First National Plaza
70 W. Madison Street, Suite 2100
Chicago, Illinois 60602

Vincent Thomas Borst, Esq.
vborst@rsplaw.com
Catherine A. Cooke, Esq.
ccooke@rsplaw.com
Robbins, Salomon & Patt, Ltd.
25 East Washington, Suite 1000
Chicago, Illinois 60602

Harold Rosen, Esq.
hrosen@wolinlaw.com
Jeffrey A. Schulman, Esq.
jschulman@wolinlaw.com
Wolin and Rosen
55 West Monroe Street, Suite 3600
Chicago, Illinois 60603

Marc S. Mayer, Esq.
mmayer@mayerandmarshlaw.com
Michael Vincent Marsh, Esq.
mmarsh@mayerandmarshlaw.com
Mayer and Marsh
123 West Madison Street, Suite 700
Chicago, Illinois 60602

Sara Allison Cooper, Esq.
scooper@bupdlaw.com
Brown, Udell, Pomerantz & Delrahim, Ltd.
1332 N. Halsted, Suite 100
Chicago, Illinois 60642

Paul M. Bauch, Esq.
pbauch@bauch-michaels.com
Carolina Y. Sales, Esq.
csales@bauch-michaels.com
Bauch & Michaels, LLC
53 W Jackson Blvd, Suite 1115
Chicago, Illinois 60604

9

John J. Duffy, Esq.
john.duffy@dbmslaw.com
Daniel Joseph Cozzi, Esq.
cozzi@dbmslaw.com
Emily L. Hussey, Esq.
emily.hussey@dbmslaw.com
Donohue Brown Mathewson & Smyth
140 S. Dearborn, Suite 800
Chicago, Illinois 60603

/s/ Mark J. Rose

Mark J. Rose, Esq.

Mark J. Rose, Esq. (#2378728)
LAW OFFICES OF MARK J. ROSE
200 W. Adams Street, Suite 2850
Chicago, Illinois 60606
312.704.1446

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| JEFFERSON-PILOT INVESTMENTS, INC., ) | |
| Plaintiff, ) | |
| v. ) | Case No. 10-CV-07633 |
| CAPITAL FIRST REALTY, INC.; SUNSET ) | |
| VILLAGE LIMITED PARTNERSHIP; TCF ) | Hon. Matthew F. Kennelly |
| NATIONAL BANK; L H BLOCK ELECTRIC ) | |
| COMPANY, INC.; DOHERTY, ) | Magistrate Judge Jeffrey N. Cole |
| GIANNINI, REITZ CONSTRUCTION, INC.; ) | |
| EAGLE HEATING & COOLING INC.; LAYNE ) | |
| CHRISTENSEN COMPANY; and LAYNE- ) | |
| WESTERN, a division of Layne Christensen ) | |
| Company, ) | |
| Defendants. ) | |
| JEFFERSON-PILOT INVESTMENTS, INC., ) | |
| Counter-Defendant/Counter-Plaintiff, ) | |
| v. ) | |
| THE KLARCHEK FAMILY TRUST; JOHN ) | |
| COSTELLO, not individually but solely as Trustee of ) | |
| the Klarchek Family Trust; JOHN LOGIUDICE, not ) | |
| individually but solely as Trustee of the Klarchek ) | |
| Family Trust; WOLIN, KELTER and ROSEN, LTD.; ) | |
| BAUCH & MICHAELS, LLC; CAPITAL FIRST ) | |
| REALTY, INC.; CAPITAL HOME SERVICES ) | |
| CORP.; GILSON, LABUS & SILVERMAN, LLC; ) | |
| BRIAN GALLAGHER; JAY KLARCHEK; and ) | |
| SUNSET VILLAGE LIMITED PARTNERSHIP, ) | |
| Third-Party Defendants. ) | |

## AFFIDAVIT OF STEVEN S. GILSON

State of Illinois            )
                             ) SS
County of Cook               )

I, Steven S. Gilson, being first duly sworn, depose and state that, if sworn as a witness in this proceeding, I will testify as follows:

1. I have personal knowledge regarding the statements contained hereinbelow.

2. I am a certified public accountant duly licensed to practice in the state of Illinois. At all relevant times, I have been a managing member of Gilson, Labus & Silverman, LLC ("GLS"). GLS is an Illinois limited liability company which is engaged in the business of providing certified public accounting services to the general public.

Exhibit "1"

3. At all relevant times, GLS has served as the independent outside accountant for Sunset Village Limited Partnership ("Sunset").

4. At or about May 2011, GLS was retained by Sunset's representative, Brian Gallagher, to prepare federal and state of Illinois income tax returns on behalf of Sunset and Sunset's general partner, Sunset Village Corporation ("Sunset Corporation"), for the 2009, 2010, 2011 and 2012 calendar years.

5. Based on Sunset's financial difficulties, GLS was unwilling to prepare these income tax returns unless GLS received an advance retainer for the accounting services to be performed in connection with this work.

6. In furtherance of such retention, at or about May 2011, GLS received a payment from Sunset in the amount of $16,327.00 which was intended to be an advance payment retainer for the cost of preparing 2009, 2010, 2011 and 2012 federal and state of Illinois income tax returns for Sunset and Sunset Corporation.

7. Subsequent to GLS's receipt of the $16,327.00 advance payment retainer, from at or about May 2011 until at or about September 2011, GLS performed various professional services in connection with the preparation of Sunset's and Sunset Corporation's 2009 and 2010 federal and state of Illinois income tax returns.

8. GLS devoted approximately fifty-four (54) hours of time in preparing Sunset's 2009 and 2010 federal and state of Illinois income tax returns. GLS devoted approximately three (3) hours of time in preparing Sunset Village Corporation's 2009 and 2010 federal and state of Illinois income tax returns. A true and accurate copy of GLS's time records for the preparation of such income tax returns is attached to GLS' joinder in and supplement to *Third-Party Defendant Wolin, Kelter & Rosen, Ltd.'s Motion to Dismiss Jefferson-Pilot's Amended Third-Party Complaint* as Exhibit "2."

9. GLS's charges for preparing Sunset's and Sunset Corporation's 2009 and 2010 federal and state of Illinois income tax returns totaled $9,206.00.

10. GLS is currently in the process of preparing the federal and state of Illinois income tax returns for Sunset and Sunset Corporation for the 2011 calendar year.

11. Upon completion of Jefferson-Pilot Investment, Inc.'s foreclosure sale against Sunset's real property, GLS will be obligated to prepare the federal and state of Illinois income tax returns for Sunset and Sunset Corporation for the 2012 calendar year.

12. In all likelihood, the $7,121.00 balance remaining from Sunset's advance payment retainer will not be sufficient to cover the cost of preparing Sunset's and Sunset Corporation's federal and state of Illinois income tax returns for the 2011 and 2012 calendar years.

Affiant further sayeth: Not.

_____
Steven S. Gilson

Subscribed and sworn to
before me this 17th day
of February, 2012.

_____
Notary Public

Mark J. Rose, Esq. (#2378728)
LAW OFFICES OF MARK J. ROSE
200 West Adams Street, Suite 2850
Chicago, Illinois 60606
312.704.1446

OFFICIAL SEAL
NANCY R ENGSTROM
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:08/16/13

3

30145

1

| Client Name | First Name | Last Name | WorkCode | Sum(Hours) | Rate | Sum(AdjAmount) | Sum(Subtotal) | Sum(Total) |
|---|---|---|---|---|---|---|---|---|
| Sunset Village Corporation | Steven | Gilson | 205 | 0.20 | 395.00 | 79.00 | | |
| TOTAL | | | | 0.20 | | | 79.00 | |

2

| Client Name | First Name | Last Name | WorkCode | Sum(Hours) | Rate | Sum(AdjAmount) | Sum(Subtotal) | |
|---|---|---|---|---|---|---|---|---|
| Sunset Village Corporation | Craig | Labus | 205 | 0.20 | 395.00 | 79.00 | | |
| TOTAL | | | | 0.20 | | | 79.00 | |

33

| Client Name | First Name | Last Name | WorkCode | Sum(Hours) | Rate | Sum(AdjAmount) | Sum(Subtotal) | |
|---|---|---|---|---|---|---|---|---|
| Sunset Village Corporation | Nancy | Engstrom | 176 | 0.25 | 180.00 | 45.00 | | |
| Sunset Village Corporation | Nancy | Engstrom | 205 | 0.10 | 180.00 | 18.00 | | |
| Sunset Village Corporation | Nancy | Engstrom | 206 | 0.25 | 180.00 | 45.00 | | |
| TOTAL | | | | 0.60 | | | 108.00 | |

114

| Client Name | First Name | Last Name | WorkCode | Sum(Hours) | Rate | Sum(AdjAmount) | Sum(Subtotal) | |
|---|---|---|---|---|---|---|---|---|
| Sunset Village Corporation | David | Wenzelman | 207 | 1.25 | 135.00 | 168.75 | | |
| TOTAL | | | | 1.25 | | | 168.75 | |

133

| Client Name | First Name | Last Name | WorkCode | Sum(Hours) | Rate | Sum(AdjAmount) | Sum(Subtotal) | |
|---|---|---|---|---|---|---|---|---|
| Sunset Village Corporation | Sharon | Gary | 366 | 0.75 | 75.00 | 56.25 | | |
| TOTAL | | | | 0.75 | | | 56.25 | |

999

| Client Name | First Name | Last Name | WorkCode | Sum(Hours) | Rate | Sum(AdjAmount) | Sum(Subtotal) | |
|---|---|---|---|---|---|---|---|---|
| Sunset Village Corporation | FIRM | | 810 | - | 290.00 | 290.00 | | |
| TOTAL | | | | - | | | 290.00 | 781.00 |
| TOTAL | | | | 3.00 | | | | |

Exhibit "2"

50189
1

| Client Name | First Name | Last Name | WorkCode | Sum(Hours) | Rate | Sum(AdjAmount) | Sum(Subtotal) | Sum(Total) |
|---|---|---|---|---|---|---|---|---|
| Sunset Village Ltd. Partnership | Steven | Gilson | 205 | 0.20 | 395.00 | 79.00 | | |
| TOTAL | | | | 0.20 | | | 79.00 | |

2

| Client Name | First Name | Last Name | WorkCode | Sum(Hours) | Rate | Sum(AdjAmount) | Sum(Subtotal) |
|---|---|---|---|---|---|---|---|
| Sunset Village Ltd. Partnership | Craig | Labus | 205 | 0.60 | 395.00 | 237.00 | |
| TOTAL | | | | 0.60 | | | 237.00 |

33

| Client Name | First Name | Last Name | WorkCode | Sum(Hours) | Rate | Sum(AdjAmount) | Sum(Subtotal) |
|---|---|---|---|---|---|---|---|
| Sunset Village Ltd. Partnership | Nancy | Engstrom | 175 | 0.25 | 180.00 | 45.00 | |
| Sunset Village Ltd. Partnership | Nancy | Engstrom | 176 | 4.00 | 180.00 | 720.00 | |
| Sunset Village Ltd. Partnership | Nancy | Engstrom | 194 | 0.15 | 180.00 | 27.00 | |
| Sunset Village Ltd. Partnership | Nancy | Engstrom | 205 | 0.10 | 180.00 | 18.00 | |
| Sunset Village Ltd. Partnership | Nancy | Engstrom | 206 | 0.50 | 180.00 | 90.00 | |
| TOTAL | | | | 5.00 | | | 900.00 |

114

| Client Name | First Name | Last Name | WorkCode | Sum(Hours) | Rate | Sum(AdjAmount) | Sum(Subtotal) |
|---|---|---|---|---|---|---|---|
| Sunset Village Ltd. Partnership | David | Wenzelman | 177 | 13.00 | 135.00 | 1,755.00 | |
| Sunset Village Ltd. Partnership | David | Wenzelman | 195 | 0.20 | 135.00 | 27.00 | |
| Sunset Village Ltd. Partnership | David | Wenzelman | 207 | 2.50 | 135.00 | 337.50 | |
| TOTAL | | | | 15.70 | | | 2,119.50 |

133

| Client Name | First Name | Last Name | WorkCode | Sum(Hours) | Rate | Sum(AdjAmount) | Sum(Subtotal) |
|---|---|---|---|---|---|---|---|
| Sunset Village Ltd. Partnership | Sharon | Gary | 366 | 1.00 | 75.00 | 75.00 | |
| TOTAL | | | | 1.00 | | | 75.00 |

168

| Client Name | First Name | Last Name | WorkCode | Sum(Hours) | Rate | Sum(AdjAmount) | Sum(Subtotal) |
|---|---|---|---|---|---|---|---|
| Sunset Village Ltd. Partnership | Theresa | Campbell | 175 | 31.50 | 150.00 | 4,725.00 | |
| TOTAL | | | | 31.50 | | | 4,725.00 |

999

| Client Name | First Name | Last Name | WorkCode | Sum(Hours) | Rate | Sum(AdjAmount) | Sum(Subtotal) |
|---|---|---|---|---|---|---|---|
| Sunset Village Ltd. Partnership | FIRM | | 810 | - | 290.00 | 290.00 | |
| TOTAL | | | | - | | | 290.00 |
| TOTAL | | | | 54.00 | | | | 8,425.50 |