**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JEFFERSON-PILOT INVESTMENTS, INC., a North Carolina corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| | ) |
| CAPITAL FIRST REALTY, INC., an Illinois corporation; SUNSET VILLAGE LIMITED PARTNERSHIP, an Illinois limited partnership; TCF NATIONAL BANK, a national banking association; L H BLOCK ELECTRIC COMPANY, INC., an Illinois corporation, DOHERTY, GIANNINI, REITZ CONSTRUCTION, INC., an Illinois corporation, and EAGLE HEATING & COOLING INC., an Illinois corporation | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

Case No. 10-cv-07633

Judge Matthew F. Kennelly

_**AMENDED**_ **JUDGMENT OF FORECLOSURE AND SALE ON COUNTS III AND IV**

THIS CAUSE comes before the Court on TCF National Bank's Motion to Amend the Judgment of Foreclosure entered on April 9, 2013 upon the Motion for Default Judgment as to Certain Defendants and for Judgment of Foreclosure and Sale brought by the plaintiff, Glenview MHC LLC, successor by assignment to Jefferson-Pilot Investments, Inc. (the "Plaintiff"). TCF National Bank and the Plaintiff, having served due notice of their respective Motions on all parties, the Court having jurisdiction over the subject matter of this case and the parties served, and being fully advised in the premises, hereby amends the Judgment of Foreclosure and Sale with respect to Counts III and IV of the Second Amended Complaint as follows:

**IT IS HEREBY FOUND THAT:**

1. **Jurisdiction.**

    A.    On December 1, 2010, the Plaintiff filed its Complaint (the "Original Complaint"). On May 31, 2011, the Plaintiff filed its First Amended Complaint, and on August 2, 2011 the Plaintiff filed its Second Amended Complaint (together with the Original Complaint and the First Amended Complaint, the "Complaint"), asking the Court in Count III to foreclose upon a Mortgage and Security Agreement dated October 1, 2001 (the "Original Fee Mortgage") made by Sunset Village Limited Partnership (the "Mortgagor"), and also upon a First Amendment to Mortgage and Security Agreement dated June 20, 2006 (the "Fee Mortgage Amendment") made by the Mortgagor. In Count IV, the Plaintiff asked the Court to foreclose upon a Leasehold

Mortgage and Security Agreement dated October 1, 2001 (the "Original Leasehold Mortgage") made by the Mortgagor, and also upon a First Amendment to Leasehold Mortgage and Security Agreement dated June 20, 2006 (the "Leasehold Mortgage Amendment") made by the Mortgagor.

B.       On June 6, 2011, the Plaintiff recorded a Notice of Foreclosure (Lis Pendens) with the Cook County Recorder as Document No. 1115718071.

C.       The following Defendants were served with a Summons and a copy of the Complaint:

            i.       Sunset Village Limited Partnership;

            ii.       TCF National Bank;

            iii.       LH Block Electric Company, Inc.; and

            iv.       Doherty, Giannini, Reitz Construction, Inc.

D.       Summary judgment was granted in favor of the Plaintiff and against the Mortgagor on Counts III and IV on January 18, 2012.

E.       Defendants LH Block Electric Company, Inc. and Doherty, Giannini, Reitz Construction, Inc. were served with a Summons and the Complaint, but they have failed to answer or otherwise plead in response to the Complaint, and consequently these defendants are in default under Fed. R. Civ. P. 55.

F.       This Court has jurisdiction over the defendants and over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(1).

G.       Venue is proper pursuant to 28 U.S.C. § 1391(a)(2).

**2.       Findings of Fact.**

A.       The Plaintiff filed its Complaint to foreclose the mortgages hereinafter described against the Mortgagor, Sunset Village Limited Partnership, joining the following parties as defendants:

            i.       Sunset Village Limited Partnership;

            ii.       TCF National Bank;

            iii.       LH Block Electric Company, Inc.; and

            iv.       Doherty, Giannini, Reitz Construction, Inc.

B.       Attached to the Original Complaint as Exhibit 1 is a true and accurate copy of the Mortgage and Security Agreement dated as of October 1, 2001 (the "Original Fee Mortgage") executed by Sunset Village Limited Partnership (the "Mortgagor"), which encumbers the real property described in Exhibit A thereto (the "Fee Property"). Attached to the Original Complaint

as Exhibit 2 is a true and correct copy of the Leasehold Mortgage and Security Agreement dated as of October 1, 2001 (the "Original Leasehold Mortgage") executed by the Mortgagor, which encumbers the real property described in Exhibit A thereto (the "Leasehold Property"). The Original Fee Mortgage and the Original Leasehold Mortgage secure a Note dated as of October 1, 2001 made by the Mortgagor to the Plaintiff in the original principal amount of $13,000,000.00 (the "13MM Note"), and a Note dated as of October 1, 2001 made by the Mortgagor to the Plaintiff in the original principal amount of $3,000,000.00 (the "3MM Note"). True and correct copies of the 13MM Note and the 3MM Note are attached to the Original Complaint as Exhibit 3 and Exhibit 4, respectively.

C.      Attached to the Original Complaint as Exhibit 6 is a true and accurate copy of the First Amendment to Mortgage and Security Agreement dated as of June 20, 2006 (the "Fee Mortgage Amendment") executed by Sunset Village Limited Partnership (the "Mortgagor"), which encumbers the Fee Property. Attached to the Original Complaint as Exhibit 7 is a true and correct copy of the First Amendment to Leasehold Mortgage and Security Agreement dated as of June 20, 2006 (the "Leasehold Mortgage Amendment") executed by the Mortgagor, which encumbers the Leasehold Property. The Fee Mortgage Amendment and the Leasehold Mortgage Amendment secure the 13MM Note and the 3MM Note, as well as a Note dated as of June 20, 2006 made by the Mortgagor to the Plaintiff in the original principal amount of $7,700,000.00 (the "7.7MM Note"), and a Note dated June 20, 2006 made by the Mortgagor to the Plaintiff in the original principal amount of $500,000.00 (the "500K Note"). True and correct copies of the 7.7MM Note and the 500K Note are attached to the Original Complaint as Exhibit 8 and Exhibit 9, respectively.

D.      Attached to the Original Complaint as Exhibit 11 are true and correct copies of the Assignment of Note, Mortgage and Collateral Documents, and Allonges, dated as of June 18, 2010, pursuant to which the mortgages and notes were assigned to and/or made payable to the prior plaintiff, Jefferson-Pilot Investments, Inc. Attached to the Motion to Substitute Party Plaintiff as Exhibit 1 and Exhibit 2 are true and correct copies of the Assignment of Mortgage Loan Documents, and Allonges, pursuant to which the mortgages and notes were assigned to and/or made payable to the Plaintiff, Glenview MHC LLC.

E.      Information concerning the mortgages to be foreclosed:

      i.      Nature of Mortgage Instrument:

           (a) Mortgage and Security Agreement;

           (b) First Amendment to Mortgage and Security Agreement;

           (c) Leasehold Mortgage and Security Agreement; and

           (d) First Amendment to Leasehold Mortgage and Security Agreement.

      ii.      Date of mortgage documents:

           (a) October 1, 2001;

(b) June 20, 2006;

(c) October 1, 2001; and

(d) June 20, 2006.

iii.    Name of Mortgagor: Sunset Village Limited Partnership.

iv.    Name of Mortgagee: The Lincoln National Life Insurance Company, Individually, and as Agent for First Penn-Pacific Life Insurance Company. Glenview MHC, LLC is successor mortgagee by assignment from Jefferson-Pilot Investments, Inc., successor by assignment from The Lincoln National Life Insurance Company, Individually, and as Agent for First Penn-Pacific Life Insurance Company.

v.    Date and Place of Recording:

(a) 10/2/2001, Cook County Recorder of Deeds

(b) 10/2/2001, Cook County Recorder of Deeds

(c) 6/21/2006, Cook County Recorder of Deeds

(d) 6/21/2006, Cook County Recorder of Deeds

vi.    Identification of Recording:

(a) Doc. No. 0010917573

(b) Doc. No. 0010917575

(c) Doc. No. 0617234069

(d) Doc. No. 0617234072

vii.    Interest subject to the Mortgage or Trust Deed:

(a) Fee simple;

(b) Leasehold;

(c) Fee Simple; and

(d) Leasehold.

viii.    Amount of Original Indebtedness: $24,000,000.00.

ix.    Legal Description of the Mortgaged Premises:

(a) and (c):  Legal Description

**PARCEL 1:**

**THAT PART OF THE SOUTH 1/2 OF SECTION 23, TOWNSHIP 42 NORTH, RANGE 12, EAST OF THE THIRD PRINCIPAL MERIDIAN, DESCRIBED AS FOLLOWS: BEGINNING AT A POINT IN THE SOUTH LINE OF THE NORTH 1/2 OF THE SOUTH 1/2 OF SECTION 23, 1320.00 FEET EAST OF THE WEST LINE OF SAID SECTION 23; THENCE EAST, 8.91 FEET; THENCE NORTH 65.00 FEET MORE OR LESS, TO THE CENTERLINE OF RIVER; THENCE NORTHWESTERLY ALONG THE CENTERLINE OF SAID RIVER TO A POINT IN THE SOUTH LINE OF JOHN STOLL'S LAND, 2045.20 FEET WEST OF THE CENTERLINE OF WAUKEGAN ROAD, AS MEASURED ALONG SAID SOUTH LINE OF JOHN STOLL'S LAND; THENCE EAST ALONG SAID SOUTH LINE OF JOHN STOLL'S LAND, 2045.20 FEET TO SAID CENTERLINE OF WAUKEGAN ROAD; THENCE SOUTHERLY ALONG SAID CENTERLINE OF WAUKEGAN ROAD, 431.00 FEET; THENCE WEST IN A STRAIGHT LINE, 1837.63 FEET, MORE OR LESS, TO A POINT 82.84 FEET SOUTH OF THE PLACE OF BEGINNING, AND 1320.00 FEET EAST OF SAID WEST LINE OF SAID SECTION 23; THENCE NORTH 82.84 FEET TO THE PLACE OF BEGINNING, EXCEPT THAT PART LYING EASTERLY OF THE WESTERLY LINE OF WAUKEGAN ROAD SHOWN AS DOCUMENT 88178434, EXCEPTING THAT PART THEREOF DESCRIBED AS FOLLOWS: THAT PART OF LOTS 30 AND 31 IN COUNTY CLERK'S DIVISION OF SECTION 23, TOWNSHIP 42 NORTH, RANGE 12, EAST OF THE THIRD PRINCIPAL MERIDIAN, LYING EAST OF A LINE DRAWN PERPENDICULAR TO THE SOUTH LINE OF SAID LOT 30 AND PASSING THROUGH A POINT ON SAID SOUTH LINE, 255.46 FEET WEST OF THE INTERSECTION OF THE CENTERLINE OF WAUKEGAN ROAD WITH SAID SOUTH LINE AND LYING NORTH OF THE NORTH LINE OF THE SOUTH 408.91 FEET OF SAID LOT 30, EXCEPT THAT PART LYING EASTERLY OF THE WESTERLY LINE OF WAUKEGAN ROAD, AS WIDENED, PER DOCUMENT 88178434 AND EXCEPTING FROM THE FIRST ABOVE DESCRIBED PREMISES, THAT PART THEREOF, IF ANY, FALLING WITHIN THE SOUTH 293.16 FEET OF LOT 30 IN COUNTY CLERK'S DIVISION OF SECTION 23 AFORESAID, IN COOK COUNTY, ILLINOIS.**

**PARCEL 2 - SALES LOT:**

**THAT PART OF LOTS 30 AND 31 IN COUNTY CLERK'S DIVISION OF SECTION 23, TOWNSHIP 42 NORTH, RANGE 12, EAST OF THE THIRD PRINCIPAL MERIDIAN, LYING EAST OF A LINE DRAWN PERPENDICULAR TO THE SOUTH LINE OF LOT 30 IN SAID COUNTY CLERK'S DIVISION AND PASSING THROUGH A POINT ON SAID SOUTH LINE, 255.46 FEET WEST OF THE INTERSECTION OF THE CENTERLINE OF WAUKEGAN ROAD WITH SAID SOUTH LINE AND LYING NORTH OF A LINE 408.91 FEET NORTH OF THE SAID SOUTH LINE OF LOT 30, EXCEPT THAT PART LYING EASTERLY OF THE WESTERLY LINE OF WAUKEGAN ROAD AS, WIDENED, PER DOCUMENT 88178434, IN COOK COUNTY, ILLINOIS.**

**PARCEL 3 - RONNIES RESTAURANT:**

**THAT PART OF LOT 30 IN COUNTY CLERK'S DIVISION OF SECTION 23, TOWNSHIP 42 NORTH, RANGE 12, EAST OF THE THIRD PRINCIPAL MERIDIAN, DESCRIBED AS FOLLOWS: BEGINNING AT THE INTERSECTION OF THE SOUTH LINE OF SAID LOT 30 WITH THE**

CENTERLINE OF WAUKEGAN ROAD; THENCE WEST ALONG SAID SOUTH LINE 300.00 FEET; THENCE NORTH PERPENDICULAR TO SAID SOUTH LINE 92.00 FEET; THENCE EAST ALONG A LINE PARALLEL WITH SAID SOUTH LINE TO THE CENTERLINE OF WAUKEGAN ROAD; THENCE SOUTHEASTERLY ALONG SAID CENTERLINE TO THE POINT OF BEGINNING, EXCEPT THAT PART LYING EASTERLY OF THE WESTERLY LINE OF WAUKEGAN ROAD AS WIDENED PER DOCUMENT 88178434, IN COOK COUNTY, ILLINOIS.

(a) and (c) Common address: 2450 Waukegan Road, Glenview, Illinois.

(a) and (c) PINS:        04-23-300-004; 04-23-302-004; 04-23-401-003

(b) and (d) Legal Description:

PARCEL 4:

LEASEHOLD ESTATE AS CREATED BY THE INSTRUMENT HEREAFTER REFERRED TO AS THE LEASE, EXECUTED BY TONY MARINO AND GRACE MARINO, HIS WIFE, LESSORS, TO COOK COUNTY MOBILE HOMES, INC., A CORPORATION OF ILLINOIS, LESSEE, DATED SEPTEMBER 14, 1957, AND RECORDED OCTOBER 11, 1957, AS DOCUMENT 17036321, AND AMENDED BY INSTRUMENT RECORDED OCTOBER 9, 1958, AS DOCUMENT 17341867, AND DOCUMENT 96709584 AND DOCUMENT 0010624076, WHICH DEMISES THE FOLLOWING DESCRIBED LAND FOR A TERM OF YEARS BEGINNING SEPTEMBER 1, 1957, AND ENDING AUGUST 31, 2056: THE SOUTH 293.16 FEET OF LOT 30 IN COUNTY CLERK'S DIVISION OF SECTION 23, TOWNSHIP 42 NORTH, RANGE 12, EAST OF THE THIRD PRINCIPAL MERIDIAN, (EXCEPT THAT PART DESCRIBED AS FOLLOWS: BEGINNING AT THE CENTERLINE OF WAUKEGAN ROAD AND THE SOUTH LINE OF SAID LOT 30; RUNNING THENCE WEST, 300.00 FEET; THENCE NORTH AT A RIGHT ANGLE TO SAID SOUTH LINE OF LOT 30 TO A POINT ON THE NORTH LINE OF THE SOUTH 293.16 FEET OF LOT 30; THENCE EAST ALONG SAID NORTH LINE TO A POINT IN THE CENTERLINE OF WAUKEGAN ROAD; THENCE SOUTHEASTERLY TO THE POINT OF BEGINNING) IN COOK COUNTY, ILLINOIS.

PARCEL 5:

LEASEHOLD ESTATE AS CREATED BY THE INSTRUMENT HEREAFTER REFERRED TO AS THE LEASE, EXECUTED BY TONY MARINO AND GRACE MARINO, HIS WIFE, LESSORS, TO COOK COUNTY MOBILE HOMES, INC., A CORPORATION OF ILLINOIS, LESSEE, DATED AUGUST 29, 1958, BUT ACTUALLY ENTERED INTO ON SEPTEMBER 1, 1957, AND RECORDED OCTOBER 9, 1958, AS DOCUMENT 17341868, AND DOCUMENT 96709584 AND DOCUMENT 0010624076, DEMISING THE FOLLOWING DESCRIBED LAND FOR A TERM OF YEARS BEGINNING SEPTEMBER 1, 1957, AND ENDING AUGUST 31, 2056: PARCEL A: THE NORTH 42.16 FEET OF THE SOUTH 293.16 FEET OF LOT 30 IN COUNTY CLERK'S DIVISION OF SECTION 23, TOWNSHIP 42 NORTH, RANGE 12, EAST OF THE THIRD PRINCIPAL MERIDIAN, LYING EAST OF A LINE DRAWN PERPENDICULAR TO THE SOUTH LINE OF SAID LOT PASSING THROUGH A POINT ON SAID SOUTH LINE 300.00 FEET WEST OF THE INTERSECTION OF THE CENTERLINE OF WAUKEGAN ROAD WITH SAID

SOUTH LINE AND LYING WEST OF A LINE DRAWN PERPENDICULAR TO SAID SOUTH LINE AND PASSING THROUGH A POINT ON SAID SOUTH LINE, 107.00 FEET WEST OF THE INTERSECTION OF SAID CENTERLINE WITH SAID SOUTH LINE, IN COOK COUNTY, ILLINOIS.

PARCEL B:

THAT PART OF LOT 30 IN COUNTY CLERK'S DIVISION OF SECTION 23, TOWNSHIP 42 NORTH, RANGE 12, EAST OF THE THIRD PRINCIPAL MERIDIAN, DESCRIBED AS FOLLOWS: COMMENCING AT A POINT ON THE CENTERLINE OF WAUKEGAN ROAD, 167.00 FEET NORTH OF THE SOUTH LINE OF SAID LOT 30, (AS MEASURED PERPENDICULARLY THERETO); THENCE WEST PARALLEL WITH SAID SOUTH LINE 128.15 FEET TO THE POINT OF BEGINNING; THENCE CONTINUING WEST ALONG SAID PARALLEL LINE, 116.85 FEET; THENCE SOUTH PERPENDICULAR TO SAID SOUTH LINE, 75.00 FEET; THENCE WEST PARALLEL WITH SAID SOUTH LINE, 42.15 FEET TO A POINT ON A LINE DRAWN PERPENDICULAR TO SAID SOUTH LINE AND PASSING THROUGH A POINT ON SAID SOUTH LINE, 300.00 FEET WEST OF THE INTERSECTION OF SAID CENTERLINE WITH SAID SOUTH LINE; THENCE NORTH ALONG THE AFORESAID PERPENDICULAR LINE, 127.00 FEET TO A POINT ON THE NORTH LINE OF THE SOUTH 219.00 FEET OF SAID LOT; THENCE EAST ALONG SAID NORTH LINE, 159.00 FEET TO A POINT ON A LINE DRAWN PERPENDICULAR TO SAID SOUTH LINE AND PASSING THROUGH THE POINT OF BEGINNING; THENCE SOUTH ALONG SAID PERPENDICULAR LINE, 52.00 FEET TO THE POINT OF BEGINNING, IN COOK COUNTY, ILLINOIS.

PARCEL C:

THE NORTH 32.00 FEET OF THE SOUTH 251.00 FEET OF LOT 30 IN COUNTY CLERK'S DIVISION OF SECTION 23, TOWNSHIP 42 NORTH, RANGE 12, EAST OF THE THIRD PRINCIPAL MERIDIAN, LYING EAST OF A LINE DRAWN PERPENDICULAR TO THE SOUTH LINE OF SAID LOT AND PASSING THROUGH A POINT ON SAID SOUTH LINE, 300.00 FEET WEST OF THE INTERSECTION OF THE CENTERLINE OF WAUKEGAN ROAD WITH SAID SOUTH LINE AND LYING WEST OF A LINE DRAWN PERPENDICULAR TO SAID SOUTH LINE AND PASSING THROUGH A POINT ON SAID SOUTH LINE, 107.00 FEET WEST OF THE INTERSECTION OF SAID CENTERLINE WITH SAID SOUTH LINE, IN COOK COUNTY, ILLINOIS.

STAGING AREA:

THAT PART OF THE SOUTH 293.16 FEET OF LOT 30 IN COUNTY CLERK'S DIVISION OF SECTION 23, TOWNSHIP 42 NORTH, RANGE 12, EAST OF THE THIRD PRINCIPAL MERIDIAN, DESCRIBED AS FOLLOWS: BEGINNING AT A POINT ON THE CENTERLINE OF WAUKEGAN ROAD, 167.00 FEET NORTH OF THE SOUTH LINE OF SAID LOT 30 (AS MEASURED PERPENDICULARLY THERETO); THENCE WEST PARALLEL WITH SAID SOUTH LINE, 245.00 FEET; THENCE SOUTH PERPENDICULAR TO SAID SOUTH LINE, 75.00 FEET; THENCE WEST PARALLEL WITH SAID SOUTH LINE, 42.15 FEET TO A POINT ON A LINE DRAWN PERPENDICULAR TO SAID SOUTH LINE AND PASSING THROUGH A POINT ON SAID SOUTH LINE, 300.00 FEET WEST OF THE NTERSECTION OF SAID CENTERLINE WITH SAID SOUTH LINE; THENCE NORTH ALONG

7

THE AFORESAID PERPENDICULAR LINE, 201.16 FEET TO A POINT ON THE NORTH LINE OF THE SOUTH 293.16 FEET THEREOF; THENCE EAST ON SAID NORTH LINE, 277.44 FEET TO SAID CENTERLINE; THENCE SOUTHERLY ALONG SAID CENTERLINE 126.54 FEET TO THE POINT OF BEGINNING, EXCEPT THAT PART LYING EASTERLY OF THE WESTERLY LINE OF WAUKEGAN ROAD, AS WIDENED PER DOCUMENT 88178434,

EXCEPTING THEREFROM THAT PART THEREOF DESCRIBED AS FOLLOWS: THE NORTH 42.16 FEET OF THE SOUTH 293.16 FEET OF LOT 30 IN COUNTY CLERK'S DIVISION OF SECTION 23, TOWNSHIP 42 NORTH, RANGE 12, EAST OF THE THIRD PRINCIPAL MERIDIAN, LYING EAST OF A LINE DRAWN PERPENDICULAR TO THE SOUTH LINE OF SAID LOT AND PASSING THROUGH A POINT ON SAID SOUTH LINE 300.00 FEET WEST OF THE INTERSECTION OF THE CENTERLINE OF WAUKEGAN ROAD WITH SAID SOUTH LINE AND LYING WEST OF A LINE DRAWN PERPENDICULAR TO SAID SOUTH LINE AND PASSING THROUGH A POINT ON SAID SOUTH LINE 107.00 FEET WEST OF THE INTERSECTION OF SAID CENTERLINE WITH SAID SOUTH LINE,

ALSO EXCEPTING THEREFROM THAT PART THEREOF DESCRIBED AS THAT PART OF LOT 30 IN COUNTY CLERK'S DIVISION OF SECTION 23, TOWNSHIP 42 NORTH, RANGE 12, EAST OF THE THIRD PRINCIPAL MERIDIAN, DESCRIBED AS FOLLOWS: COMMENCING AT A POINT ON THE CENTERLINE OF WAUKEGAN ROAD, 167.00 FEET NORTH OF THE SOUTH LINE OF SAID LOT 30 (AS MEASURED PERPENDICULARLY THERETO); THENCE WEST PARALLEL WITH SAID SOUTH LINE, 128.15 FEET TO THE POINT OF BEGINNING; THENCE CONTINUING WEST ALONG SAID PARALLEL LINE, 116.85 FEET; THENCE SOUTH PERPENDICULAR TO SAID SOUTH LINE, 75.00 FEET; THENCE WEST PARALLEL WITH SAID SOUTH LINE, 42.15 FEET TO A POINT ON A LINE DRAWN PERPENDICULAR TO SAID SOUTH LINE AND PASSING THROUGH A POINT ON SAID SOUTH LINE, 300.00 FEET WEST OF THE INTERSECTION OF SAID CENTERLINE WITH SAID SOUTH LINE; THENCE NORTH ALONG THE AFORESAID PERPENDICULAR LINE, 127.00 FEET TO A POINT ON THE NORTH LINE OF THE SOUTH 219.00 FEET OF SAID LOT; THENCE EAST ALONG SAID NORTH LINE, 159.00 FEET TO A POINT ON A LINE DRAWN PERPENDICULAR TO SAID SOUTH LINE AND PASSING THROUGH THE POINT OF BEGINNING; THENCE SOUTH ALONG SAID PERPENDICULAR LINE, 52.00 FEET TO THE POINT OF BEGINNING,

ALSO EXCEPTING THEREFROM THAT PART THEREOF, DESCRIBED AS FOLLOWS: THE NORTH 32.00 FEET OF THE SOUTH 251.00 FEET OF LOT 30 IN COUNTY CLERK'S DIVISION OF SECTION 23, TOWNSHIP 42 NORTH, RANGE 12, EAST OF THE THIRD PRINCIPAL MERIDIAN, LYING EAST OF A LINE DRAWN PERPENDICULAR TO THE SOUTH LINE OF SAID LOT AND PASSING THROUGH A POINT ON SAID SOUTH LINE 300.00 FEET WEST OF THE INTERSECTION OF THE CENTERLINE OF WAUKEGAN ROAD WITH SAID SOUTH LINE AND LYING WEST OF A LINE DRAWN PERPENDICULAR TO SAID SOUTH LINE AND PASSING THROUGH A POINT ON SAID SOUTH LINE 107.00 FEET WEST OF THE INTERSECTION OF SAID CENTERLINE WITH SAID SOUTH LINE, IN COOK COUNTY, ILLINOIS.

(b) and (d) Common address: 2450 Waukegan Road, Glenview, Illinois.

(b) and (d) PINS:      04-23-300-004; 04-23-302-004; 04-23-401-003

      x.      Statement as to defaults, including, but not necessarily limited to, date of default, current unpaid principal balance, per diem interest accruing, and any other information concerning the default:

Failure of Mortgagor to pay entire indebtedness due under notes upon acceleration; failure to cure mechanics lien.

As of the entry of summary judgment on January 18, 2012, the debt due to the Plaintiff as secured by the mortgages was: $28,075,586.14 through August 24, 2011 plus $6,167.65 per day from August 25, 2011 through January 18, 2012, for a grand total of $28,982,230.69 through January 18, 2012. As set forth in the Affidavit accompanying the Plaintiff's Motion for Default Judgment and for Judgment of Foreclosure and Sale, and after applying further accruing interest, costs and credits, the total balance due on the judgment is **$27,527,837.62** through and including March 31, 2013.

F.      The names of persons joined as Defendants and whose interest or lien on the Property is sought to be terminated are:

      i.      Sunset Village Limited Partnership;

      ii.      TCF National Bank;

      iii.      LH Block Electric Company, Inc.; and

      iv.      Doherty, Giannini, Reitz Construction, Inc.

G.      Names of Defendants Claimed to be Liable for any Deficiency following the Judicial Sale of the Property:

      i.      Sunset Village Limited Partnership.

H.      The Plaintiff brought this foreclosure as the owner and legal holder the notes, the mortgages and the indebtedness.

**3.**      **Conclusions of Law.**

A.      As to the Mortgagor, summary judgment was already entered on Counts III and IV of the Complaint on January 18, 2012. Default judgment is hereby entered against defendants LH Block Electric Company, Inc. and Doherty, Giannini, Reitz Construction, Inc., as they have failed to appear or answer within the required period of time.

B.      The allegations in Counts III and IV of the Verified Complaint are true as substantially set forth.

C.      The equities of the cause are with the Plaintiff.  The Plaintiff is therefore entitled to the relief requested in the Complaint, including foreclosure of the mortgages, and to credit bid at a judicial sale in the amount of the balance due set forth above.

D.      Defendant TCF National Bank filed an Answer on September 6, 2011 asserting that it holds a subordinate mortgage interest to the interests of the Plaintiff.  TCF National Bank, as <u>Exhibit 1</u> to its Motion to Amend the Judgment of Foreclosure, submitted a prove-up affidavit establishing its subordinate mortgage lien in the amount of **$1,616,975.25**, exclusive of costs and attorneys' fees incurred.  In the event that TCF desires to credit bid at the foreclosure sale, the affidavit submitted shall be sufficient to establish the right and amount of its claim.  In the event that TCF National Bank is not the successful bidder at the foreclosure sale, all of its liens, claims and interests in and to the Fee Property and Leasehold Property are terminated.

E.      All of the Defendants are found and declared to have no interest in the Property superior to that of the Plaintiff.  The Mortgage referenced in the Verified Complaint is prior and superior to all other mortgages, claims of interest, and liens asserted by any party of record to the proceeding upon the Property, except for real estate taxes and special assessments, if any.

F.      The costs, attorney's fees, expenses and disbursements allowed, as provided by the Mortgage shall be added to and become part of the debt secured by the Mortgage.  These amounts shall be proven up by the Plaintiff at the sale confirmation stage.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED**:

**4.      Order for Foreclosure.**

An accounting has been taken of the amounts due and owing the Plaintiff and they are declared herein.

The Fee Property and the Leasehold Property (hereinafter, the "Property"), shall be sold together as directed by the Court in order to first satisfy the amounts due and owing to the Plaintiff as set forth in this Judgment of Foreclosure.

The Plaintiff may credit bid up to the amounts due to the Plaintiff as set forth herein at the judicial sale.  In the event that the Plaintiff is the purchaser of the Property at the judicial sale, the Plaintiff may offset against the purchase price the amounts due to the Plaintiff set forth herein and pursuant to the order confirming the sale. Notwithstanding anything set forth in this Judgment of Foreclosure, in the event that the Plaintiff is the purchaser of the Property, the Plaintiff shall not be deemed to have assumed any contractual obligations of any Defendant, under any contract relating to the Property.

In the event of such sale, all rights of redemption having been waived, the Defendants made parties to this foreclosure action in accordance with statutory provisions, and all persons claiming by, through or under them, and each and any and all of them, forever shall be barred and foreclosed of any right, title, interest, claim, lien or right to redeem in and to the Property.

5.      **Order Upon Special Matters.**

  A.      The Property will be sold separately in accordance with the provisions of the Illinois Mortgage Foreclosure Law ("IMFL"), 735 ILCS 5/15-1101 et seq.

    The sales shall be a public auction.

    The sales shall be by open, verbal bid.

    The sales shall be conducted by the Judicial Sales Corp.

  Exceptions to which title to the Property shall be subject shall include: (1) general real estate taxes for the current year and for the preceding years (if any) which have not become due and payable as of the date of this Judgment of Foreclosure and Sale; (2) any special assessments upon the real estate; and (3) easements, restrictions of liens of record not specifically adjudicated in this Decree.

6.      **Order for Judicial Sale.**

  A.      The Property will be sold in accordance with the provisions of the Illinois Mortgage Foreclosure Law ("IMFL"), 735 ILCS 5/15-1101 et seq.

    The Property shall be sold at a judicial sale as provided in this Judgment of Foreclosure.

     i.  The place of the sales shall be at Judicial Sales Corp., 1 South Wacker Drive, 24th Floor, Chicago, Illinois 60606.

     ii.  The date and time shall be as provided by the Plaintiff's counsel.

  **Notice of Sale**:  The Notice of Sale shall include the following information, but an immaterial error in the information shall not invalidate the legal effect of the notice.  Public notice of the time, place and terms of the sale shall be given as follows:

     i.  the name, address and telephone number of the person to contact for information regarding the Property;

     ii.  the common address and other common description (other than legal description), if any, of the Property;

     iii.  a legal description of the Property sufficient to identify it with reasonable certainty;

     iv.  a description of the improvements on the Property;

     v.  whether the Property may be inspected prior to sale upon making reasonable arrangements with the person identified in subparagraph I above;

vi.     the time and place of the sale;

vii.    the terms of the sale;

viii.    the case title, case number and the court in which the foreclosure was filed; and

ix.     no other information is required.

**Publication of Notice of Sale**:  The Notice of Sale shall be published at least three consecutive calendar weeks (Sunday through Sunday), once each week, the first such notice to be published not more than 45 days prior to the sale, the last such notice to be published not less than 7 days prior to the sale, by:

i.      An advertisement in a newspaper circulated to the general public in the county in which the Property is located, in the section of that newspaper where legal notices are commonly placed and a separate advertisement in the section of such newspaper, which may be the same newspaper, in which real estate other than real estate being sold as part of legal proceedings is commonly advertised to the general public; provided, however, that where both advertisements could be published in the same newspaper and that newspaper does not have separate legal notices and real estate advertisement a single notice shall be sufficient; and

ii.     No other publications shall be required.

iii.    The Plaintiff also shall give notice to all parties in this action, if any, who have appeared and have not heretofore been found by the Court to be in default for failure to plead.  Such notice shall be given in the manner provided in the applicable rules of court for service of papers other than process and complaint, not more than 45 days nor less than 7 days prior to the day of sale.  After notice is given as required in this Section, a copy thereof shall be filed in the office of the clerk of this Court, together with a certificate of counsel or other proof that notice has been served in compliance with this Section.

iv.    No other notice by publication or posting shall be necessary.

v.      The person named in the notice of sale to be contacted for information about the Property shall not be required to provide additional information other than that set forth in the notice of sale.

vi.     The sale may be adjourned in the discretion of the party conducting such sale, at which time the person conducting the sale shall announce the date, time and place that the adjourned sale shall be held, and no further notice shall be necessary, provided, however, that if the adjourned sale is to occur more than sixty (60) days after the last scheduled sale, notice must be given again in accordance with paragraph 6(i), above.

Upon the sale of the Property, the person conducting the sale shall give a certificate of sale to the Purchaser which certificate of sale may be recorded.

**7.      Transfer of Title.**

A.      Upon or after confirmation of sale, the person who conducted the sale or the Court shall execute a deed to the holder of the certificate of sale sufficient to convey title to the Property, which deed shall identify the Court and the caption of the case in which judgment was entered authorizing issuance of the deed.  Signature and the recital in the deed of the title or authority of the person signing the deed as grantor, of authority pursuant to this Judgment of Foreclosure and of the giving of the notices required by statute shall be sufficient proof of the facts recited and of such authority to execute the deed, but such deed shall not be construed to contain any covenant on the part of the person executing it.

Delivery of the deed executed on the sale of the Property, even if the purchaser or holder of the certificate of sale is a party to the foreclosure, shall be sufficient to pass title thereto. Except as otherwise provided herein, such conveyance shall be an entire bar of all claims of parties to this foreclosure action.

**8.      Application of Proceeds.**

A.      The proceeds resulting from the sale ordered herein shall be applied in the following order:

      i.      The reasonable expenses of sale;

      ii.      The reasonable expenses of securing possession before sale, holding, maintaining and preparing the Property for sale, including payment of taxes and other governmental charges, premiums on hazard and liability insurance, and, to the extent provided for in the Mortgage or other recorded agreement not prohibited by law, reasonable attorneys' fees, payments made pursuant to 735 ILCS 5/15-1505, and other legal expenses incurred by the Plaintiff;

      iii.      Satisfaction of the claims of the Plaintiff as adjudicated in this Judgment of Foreclosure and Sale, plus its attorneys' fees and costs, and any additional amounts found due and owing to the Plaintiff pursuant to any further orders of this Court; and if any surplus remains thereafter,

      iv.      Satisfaction of the claims of TCF National Bank as adjudicated in this Amended Judgment of Foreclosure and Sale in the amount of $1,616,975.25, plus its attorneys' fees and costs, and any additional amounts found due and owing to TCF National Bank pursuant to any further orders of this Court, if any; and

      v.      Pursuant to further order of this Court.

**9.** **Redemption.**

Non-Residential. This is not a foreclosure of mortgages on residential real estate. All rights of redemption have been waived by the Mortgagor.

**10.** **Other Matters.**

A. **Report of Sale.**

The person conducting the sale shall submit a Report of Sale to the Plaintiff to be filed with the Clerk of this Court, specifying the amount of proceeds of sale realized and the disposition thereof, and seeking confirmation of the sale.

B. **Homestead Waiver.**

The Property is commercial in nature and not subject to homestead or other exemptions, and the Defendants are barred from claiming any right to homestead or other exemptions in the Property.

C. **Possession.**

The Plaintiff is authorized to take possession of the real estate upon and after default under the terms of the mortgages. The Plaintiff has prevailed on a final hearing of this cause. No defendants have shown good cause for having possession of the real estate hereafter. After the sale as ordered herein, the purchaser shall have the Plaintiff's right to be placed in possession of the real estate 30 days from the date the sale is confirmed by the Court without prior notice, unless a prior request for possession is made.

D. Deficiency.

If the money arising from said sale shall be insufficient to pay the amounts due to the Plaintiff, with interest, attorney's fees and the costs and expenses of sale, the person conducting the sale shall specify the amount of such a deficiency in the report of sale. Any additional attorney's fees and costs due to the Plaintiff shall also be awarded and determined at the sale confirmation hearing.

E. **Retention of Jurisdiction**.

The Court retains jurisdiction over the subject matter of this action and all the parties to determine and enforce this judgment, confirm the sale, determine any deficiency judgment against the Mortgagor and any guarantors, and matters regarding possession of the Property.

DATED: April 26, 2013                    ENTER:

_____
Judge