**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JEFFERSON-PILOT INVESTMENTS, INC., a North Carolina corporation,<br><br>Plaintiff,<br><br>v.<br><br>CAPITAL FIRST REALTY, INC., an Illinois corporation; SUNSET VILLAGE LIMITED PARTNERSHIP, an Illinois limited partnership; TCF NATIONAL BANK, a national banking association; L H BLOCK ELECTRIC COMPANY, INC., an Illinois corporation, DOHERTY, GIANNINI, REITZ CONSTRUCTION, INC., an Illinois corporation, and EAGLE HEATING & COOLING INC., an Illinois corporation<br><br>Defendants. | ) | Case No. 10-cv-07633<br><br>Judge Matthew F. Kennelly<br><br>Magistrate Judge Jeffrey N. Cole |

**MOTION TO APPROVE REPORT OF SALE AND DISTRIBUTION, APPROVE RECEIVER'S FINAL REPORT, DISCHARGE RECEIVER AND FOR ORDER OF POSSESSION**

NOW COMES the plaintiff, Glenview MHC LLC, successor by assignment to Jefferson-Pilot Investments, Inc. (the "Plaintiff"), by and through its attorneys, Thomas M. Lombardo and the law firm of Ginsberg Jacobs LLC, and for its Motion to Approve Report of Sale and Distribution, Approve Receiver's Final Report, Discharge Receiver and for Order of Possession, states as follows:

1. A Judgment of Foreclosure and Sale on Counts III and IV was entered on April 9, 2013. [Doc. No. 378.]

2. A public sale of the mortgaged fee simple property and the mortgaged leasehold property, located at 2450 Waukegan Road, Glenview, Illinois (the "Property"), was held on May 24, 2013. See Report of Sale and Distribution, Exhibit 1.

3. A Notice of Sale was published in the Daily Herald once per week for four consecutive weeks beginning on April 25, 2013. [Doc. No. 389.] A Certificate of Publication was filed in this Court on May 24, 2013. [Doc. No. 390.]

4. A Notice of Sale was also published in the Chicago Daily Law Bulletin once per week for four consecutive weeks beginning on April 22, 2013. [Doc. No. 387.] A Certificate of Publication was filed in this Court on May 14, 2013. [Doc. No. 388.]

5. A Notice of Sale was also filed in this Court and served on all parties on May 10, 2013. [Doc. Nos. 385, 386.]

6. As set forth in the Report of Sale and Distribution, the plaintiff was the highest bidder at the judicial sale and bid $4,000,000.00. Exhibit 1.

7. The Report of Sale and Distribution also reports a deficiency of $23,902,085.35.

8. The Certificate of Sale is attached as Exhibit 2.

9. The Receipt of Sale is attached as Exhibit 3.

10. A receiver was appointed by this Court to take possession of, operate and manage the Property, pursuant to the Order entered on June 2, 2011, and remains in possession at this time. [Doc. No. 70.]

11. The plaintiff is the holder of the Certificate of Sale. In accordance with section 15-1701(c) of the Illinois Mortgage Foreclosure Law, the plaintiff requests that it be granted immediate possession of the Property and that the receiver be discharged. 735 ILCS 5/15-1701(c).

12. The Receiver's Twelfth (12th) and Final Report (the "Final Report") is attached hereto as Exhibit 4.

13. As set forth in the Final Report, the Receiver requests the approval of invoices for services rendered in March, April and May of 2013, in the amounts of $20,375.60, $22,283.92 and 25,360.26, respectively, totaling $68,019.78. These amounts are comprised of $37,339.34 in landscaping and property expenses, $29,555.45 in management fees and $1,124.99 in receiver fees.

14. The Receiver also reports in the Final Report that the net property cash balance as of May 31, 2013 was $266,043.30. The plaintiff requests that the Receiver be ordered to turn over all remaining funds to the plaintiff within seven (7) days for the Plaintiff to apply to the $23,902,085.35 deficiency listed in the Report of Sale. The plaintiff agrees to reimburse the Receiver for any appropriate costs and expenses incurred hereafter, and requests that the Court retain jurisdiction in connection with same.

15. The plaintiff requests that this Honorable Court

a. approve the Report of Sale,

b. approve the Receiver's Final Report,

c. discharge the Receiver,

d. release the Receiver's bond,

e. order the Receiver to turn over any funds in its possession to the plaintiff within seven (7) days, to be applied towards the $23,902,085.35 deficiency, and

f. award immediate possession of the Property to the plaintiff.

16. The Property was last inspected by the plaintiff on May 29, 2013.

17. The Plaintiff does not seek the entry of an in personam deficiency judgment following receipt of the receiver's funds.

18. A proposed order is attached hereto.

**WHEREFORE**, the plaintiff, Glenview MHC LLC, successor by assignment to Jefferson-Pilot Investments, Inc., respectfully requests that this Honorable Court grant this Motion to Approve Report of Sale and Distribution, Approve Receiver's Final Report, Discharge Receiver and for Order of Possession, in the form of the attached proposed order, and grant any additional relief that is deemed just.

Respectfully Submitted,

GLENVIEW MHC LLC,

By its Attorneys,
GINSBERG JACOBS LLC

Dated: June 5, 2013

*/s/ Thomas M. Lombardo*
Thomas M. Lombardo (6279247)
Ginsberg Jacobs LLC
300 South Wacker Drive
Suite 2750
Chicago, Illinois 60606
312-660-2202

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

JEFFERSON-PILOT INVESTMENTS, INC., a North Carolina corporation,

Plaintiff,

v.

CAPITAL FIRST REALTY, INC., an Illinois corporation; SUNSET VILLAGE LIMITED PARTNERSHIP, an Illinois limited partnership; TCF NATIONAL BANK, a national banking association; L H BLOCK ELECTRIC COMPANY, INC., an Illinois corporation, DOHERTY, GIANNINI, REITZ CONSTRUCTION, INC., an Illinois corporation, and EAGLE HEATING & COOLING INC., an Illinois corporation

Defendants.

Case No. 10-cv-07633

Judge Matthew F. Kennelly

Magistrate Judge Jeffrey N. Cole

**ORDER APPROVING REPORT OF SALE AND DISTRIBUTION, APPROVING RECEIVER'S FINAL REPORT, DISCHARGING RECEIVER AND ORDER OF POSSESSION**

THIS CAUSE coming to be heard on the Motion of the plaintiff, Glenview MHC LLC, successor by assignment to Jefferson-Pilot Investments, Inc., to Approve Report of Sale and Distribution, Approve Receiver's Final Report, Discharge Receiver and for Order of Possession in connection with the following property:

Parcels 1 – 3 Legal Description (Fee Simple Interest):

**PARCEL 1:**

**THAT PART OF THE SOUTH 1/2 OF SECTION 23, TOWNSHIP 42 NORTH, RANGE 12, EAST OF THE THIRD PRINCIPAL MERIDIAN, DESCRIBED AS FOLLOWS: BEGINNING AT A POINT IN THE SOUTH LINE OF THE NORTH 1/2 OF THE SOUTH 1/2 OF SECTION 23, 1320.00 FEET EAST OF THE WEST LINE OF SAID SECTION 23; THENCE EAST, 8.91 FEET; THENCE NORTH 65.00 FEET MORE OR LESS, TO THE CENTERLINE OF RIVER; THENCE NORTHWESTERLY ALONG THE CENTERLINE OF SAID RIVER TO A POINT IN THE SOUTH LINE OF JOHN STOLL'S LAND, 2045.20 FEET WEST OF THE CENTERLINE OF WAUKEGAN ROAD, AS MEASURED ALONG SAID SOUTH LINE OF JOHN STOLL'S LAND; THENCE EAST ALONG SAID SOUTH LINE OF JOHN STOLL'S LAND, 2045.20 FEET TO SAID CENTERLINE OF WAUKEGAN ROAD; THENCE SOUTHERLY ALONG SAID CENTERLINE OF**

**WAUKEGAN ROAD, 431.00 FEET; THENCE WEST IN A STRAIGHT LINE, 1837.63 FEET, MORE OR LESS, TO A POINT 82.84 FEET SOUTH OF THE PLACE OF BEGINNING, AND 1320.00 FEET EAST OF SAID WEST LINE OF SAID SECTION 23; THENCE NORTH 82.84 FEET TO THE PLACE OF BEGINNING, EXCEPT THAT PART LYING EASTERLY OF THE WESTERLY LINE OF WAUKEGAN ROAD SHOWN AS DOCUMENT 88178434, EXCEPTING THAT PART THEREOF DESCRIBED AS FOLLOWS: THAT PART OF LOTS 30 AND 31 IN COUNTY CLERK'S DIVISION OF SECTION 23, TOWNSHIP 42 NORTH, RANGE 12, EAST OF THE THIRD PRINCIPAL MERIDIAN, LYING EAST OF A LINE DRAWN PERPENDICULAR TO THE SOUTH LINE OF SAID LOT 30 AND PASSING THROUGH A POINT ON SAID SOUTH LINE, 255.46 FEET WEST OF THE INTERSECTION OF THE CENTERLINE OF WAUKEGAN ROAD WITH SAID SOUTH LINE AND LYING NORTH OF THE NORTH LINE OF THE SOUTH 408.91 FEET OF SAID LOT 30, EXCEPT THAT PART LYING EASTERLY OF THE WESTERLY LINE OF WAUKEGAN ROAD, AS WIDENED, PER DOCUMENT 88178434 AND EXCEPTING FROM THE FIRST ABOVE DESCRIBED PREMISES, THAT PART THEREOF, IF ANY, FALLING WITHIN THE SOUTH 293.16 FEET OF LOT 30 IN COUNTY CLERK'S DIVISION OF SECTION 23 AFORESAID, IN COOK COUNTY, ILLINOIS.**

**PARCEL 2 - SALES LOT:**

**THAT PART OF LOTS 30 AND 31 IN COUNTY CLERK'S DIVISION OF SECTION 23, TOWNSHIP 42 NORTH, RANGE 12, EAST OF THE THIRD PRINCIPAL MERIDIAN, LYING EAST OF A LINE DRAWN PERPENDICULAR TO THE SOUTH LINE OF LOT 30 IN SAID COUNTY CLERK'S DIVISION AND PASSING THROUGH A POINT ON SAID SOUTH LINE, 255.46 FEET WEST OF THE INTERSECTION OF THE CENTERLINE OF WAUKEGAN ROAD WITH SAID SOUTH LINE AND LYING NORTH OF A LINE 408.91 FEET NORTH OF THE SAID SOUTH LINE OF LOT 30, EXCEPT THAT PART LYING EASTERLY OF THE WESTERLY LINE OF WAUKEGAN ROAD AS, WIDENED, PER DOCUMENT 88178434, IN COOK COUNTY, ILLINOIS.**

**PARCEL 3 - RONNIES RESTAURANT:**

**THAT PART OF LOT 30 IN COUNTY CLERK'S DIVISION OF SECTION 23, TOWNSHIP 42 NORTH, RANGE 12, EAST OF THE THIRD PRINCIPAL MERIDIAN, DESCRIBED AS FOLLOWS: BEGINNING AT THE INTERSECTION OF THE SOUTH LINE OF SAID LOT 30 WITH THE CENTERLINE OF WAUKEGAN ROAD; THENCE WEST ALONG SAID SOUTH LINE 300.00 FEET; THENCE NORTH PERPENDICULAR TO SAID SOUTH LINE 92.00 FEET; THENCE EAST ALONG A LINE PARALLEL WITH SAID SOUTH LINE TO THE CENTERLINE OF WAUKEGAN ROAD; THENCE SOUTHEASTERLY ALONG SAID CENTERLINE TO THE POINT OF BEGINNING, EXCEPT THAT PART LYING EASTERLY OF THE WESTERLY LINE OF WAUKEGAN ROAD AS WIDENED PER DOCUMENT 88178434, IN COOK COUNTY, ILLINOIS.**

Parcels 1 – 3 Common address: 2450 Waukegan Road, Glenview, Illinois.

Parcels 1 – 3 PINS: 04-23-300-004; 04-23-302-004; 04-23-401-003

Parcels 4 – 5 Legal Description (Leasehold Interest):

**PARCEL 4:**

**LEASEHOLD ESTATE AS CREATED BY THE INSTRUMENT HEREAFTER REFERRED TO AS THE LEASE, EXECUTED BY TONY MARINO AND GRACE MARINO, HIS WIFE, LESSORS, TO COOK COUNTY MOBILE HOMES, INC., A CORPORATION OF ILLINOIS, LESSEE, DATED SEPTEMBER 14, 1957, AND RECORDED OCTOBER 11, 1957, AS DOCUMENT 17036321, AND AMENDED BY INSTRUMENT RECORDED OCTOBER 9, 1958, AS DOCUMENT 17341867, AND DOCUMENT 96709584 AND DOCUMENT 0010624076, WHICH DEMISES THE FOLLOWING DESCRIBED LAND FOR A TERM OF YEARS BEGINNING SEPTEMBER 1, 1957, AND ENDING AUGUST 31, 2056: THE SOUTH 293.16 FEET OF LOT 30 IN COUNTY CLERK'S DIVISION OF SECTION 23, TOWNSHIP 42 NORTH, RANGE 12, EAST OF THE THIRD PRINCIPAL MERIDIAN, (EXCEPT THAT PART DESCRIBED AS FOLLOWS: BEGINNING AT THE CENTERLINE OF WAUKEGAN ROAD AND THE SOUTH LINE OF SAID LOT 30; RUNNING THENCE WEST, 300.00 FEET; THENCE NORTH AT A RIGHT ANGLE TO SAID SOUTH LINE OF LOT 30 TO A POINT ON THE NORTH LINE OF THE SOUTH 293.16 FEET OF LOT 30; THENCE EAST ALONG SAID NORTH LINE TO A POINT IN THE CENTERLINE OF WAUKEGAN ROAD; THENCE SOUTHEASTERLY TO THE POINT OF BEGINNING) IN COOK COUNTY, ILLINOIS.**

**PARCEL 5:**

**LEASEHOLD ESTATE AS CREATED BY THE INSTRUMENT HEREAFTER REFERRED TO AS THE LEASE, EXECUTED BY TONY MARINO AND GRACE MARINO, HIS WIFE, LESSORS, TO COOK COUNTY MOBILE HOMES, INC., A CORPORATION OF ILLINOIS, LESSEE, DATED AUGUST 29, 1958, BUT ACTUALLY ENTERED INTO ON SEPTEMBER 1, 1957, AND RECORDED OCTOBER 9, 1958, AS DOCUMENT 17341868, AND DOCUMENT 96709584 AND DOCUMENT 0010624076, DEMISING THE FOLLOWING DESCRIBED LAND FOR A TERM OF YEARS BEGINNING SEPTEMBER 1, 1957, AND ENDING AUGUST 31, 2056: PARCEL A: THE NORTH 42.16 FEET OF THE SOUTH 293.16 FEET OF LOT 30 IN COUNTY CLERK'S DIVISION OF SECTION 23, TOWNSHIP 42 NORTH, RANGE 12, EAST OF THE THIRD PRINCIPAL MERIDIAN, LYING EAST OF A LINE DRAWN PERPENDICULAR TO THE SOUTH LINE OF SAID LOT PASSING THROUGH A POINT ON SAID SOUTH LINE 300.00 FEET WEST OF THE INTERSECTION OF THE CENTERLINE OF WAUKEGAN ROAD WITH SAID SOUTH LINE AND LYING WEST OF A LINE DRAWN PERPENDICULAR TO SAID SOUTH LINE AND PASSING THROUGH A POINT ON SAID SOUTH LINE, 107.00 FEET WEST OF THE INTERSECTION OF SAID CENTERLINE WITH SAID SOUTH LINE, IN COOK COUNTY, ILLINOIS.**

**PARCEL B:**

**THAT PART OF LOT 30 IN COUNTY CLERK'S DIVISION OF SECTION 23, TOWNSHIP 42 NORTH, RANGE 12, EAST OF THE THIRD PRINCIPAL MERIDIAN, DESCRIBED AS FOLLOWS: COMMENCING AT A POINT ON THE CENTERLINE OF WAUKEGAN ROAD, 167.00 FEET NORTH OF THE SOUTH LINE OF SAID LOT 30, (AS MEASURED PERPENDICULARLY THERETO); THENCE WEST PARALLEL WITH SAID SOUTH LINE 128.15 FEET TO THE POINT OF BEGINNING; THENCE CONTINUING WEST ALONG SAID PARALLEL LINE, 116.85 FEET; THENCE SOUTH PERPENDICULAR**

**TO SAID SOUTH LINE, 75.00 FEET; THENCE WEST PARALLEL WITH SAID SOUTH LINE, 42.15 FEET TO A POINT ON A LINE DRAWN PERPENDICULAR TO SAID SOUTH LINE AND PASSING THROUGH A POINT ON SAID SOUTH LINE, 300.00 FEET WEST OF THE INTERSECTION OF SAID CENTERLINE WITH SAID SOUTH LINE; THENCE NORTH ALONG THE AFORESAID PERPENDICULAR LINE, 127.00 FEET TO A POINT ON THE NORTH LINE OF THE SOUTH 219.00 FEET OF SAID LOT; THENCE EAST ALONG SAID NORTH LINE, 159.00 FEET TO A POINT ON A LINE DRAWN PERPENDICULAR TO SAID SOUTH LINE AND PASSING THROUGH THE POINT OF BEGINNING; THENCE SOUTH ALONG SAID PERPENDICULAR LINE, 52.00 FEET TO THE POINT OF BEGINNING, IN COOK COUNTY, ILLINOIS.**

**PARCEL C:**

**THE NORTH 32.00 FEET OF THE SOUTH 251.00 FEET OF LOT 30 IN COUNTY CLERK'S DIVISION OF SECTION 23, TOWNSHIP 42 NORTH, RANGE 12, EAST OF THE THIRD PRINCIPAL MERIDIAN, LYING EAST OF A LINE DRAWN PERPENDICULAR TO THE SOUTH LINE OF SAID LOT AND PASSING THROUGH A POINT ON SAID SOUTH LINE, 300.00 FEET WEST OF THE INTERSECTION OF THE CENTERLINE OF WAUKEGAN ROAD WITH SAID SOUTH LINE AND LYING WEST OF A LINE DRAWN PERPENDICULAR TO SAID SOUTH LINE AND PASSING THROUGH A POINT ON SAID SOUTH LINE, 107.00 FEET WEST OF THE INTERSECTION OF SAID CENTERLINE WITH SAID SOUTH LINE, IN COOK COUNTY, ILLINOIS.**

**STAGING AREA:**

**THAT PART OF THE SOUTH 293.16 FEET OF LOT 30 IN COUNTY CLERK'S DIVISION OF SECTION 23, TOWNSHIP 42 NORTH, RANGE 12, EAST OF THE THIRD PRINCIPAL MERIDIAN, DESCRIBED AS FOLLOWS: BEGINNING AT A POINT ON THE CENTERLINE OF WAUKEGAN ROAD, 167.00 FEET NORTH OF THE SOUTH LINE OF SAID LOT 30 (AS MEASURED PERPENDICULARLY THERETO); THENCE WEST PARALLEL WITH SAID SOUTH LINE, 245.00 FEET; THENCE SOUTH PERPENDICULAR TO SAID SOUTH LINE, 75.00 FEET; THENCE WEST PARALLEL WITH SAID SOUTH LINE, 42.15 FEET TO A POINT ON A LINE DRAWN PERPENDICULAR TO SAID SOUTH LINE AND PASSING THROUGH A POINT ON SAID SOUTH LINE, 300.00 FEET WEST OF THE NTERSECTION OF SAID CENTERLINE WITH SAID SOUTH LINE; THENCE NORTH ALONG THE AFORESAID PERPENDICULAR LINE, 201.16 FEET TO A POINT ON THE NORTH LINE OF THE SOUTH 293.16 FEET THEREOF; THENCE EAST ON SAID NORTH LINE, 277.44 FEET TO SAID CENTERLINE; THENCE SOUTHERLY ALONG SAID CENTERLINE 126.54 FEET TO THE POINT OF BEGINNING, EXCEPT THAT PART LYING EASTERLY OF THE WESTERLY LINE OF WAUKEGAN ROAD, AS WIDENED PER DOCUMENT 88178434,**

**EXCEPTING THEREFROM THAT PART THEREOF DESCRIBED AS FOLLOWS: THE NORTH 42.16 FEET OF THE SOUTH 293.16 FEET OF LOT 30 IN COUNTY CLERK'S DIVISION OF SECTION 23, TOWNSHIP 42 NORTH, RANGE 12, EAST OF THE THIRD PRINCIPAL MERIDIAN, LYING EAST OF A LINE DRAWN PERPENDICULAR TO THE SOUTH LINE OF SAID LOT AND PASSING THROUGH A POINT ON SAID SOUTH LINE 300.00 FEET WEST OF THE INTERSECTION OF THE CENTERLINE OF WAUKEGAN ROAD WITH SAID SOUTH LINE AND LYING WEST OF A LINE DRAWN**

**PERPENDICULAR TO SAID SOUTH LINE AND PASSING THROUGH A POINT ON SAID SOUTH LINE 107.00 FEET WEST OF THE INTERSECTION OF SAID CENTERLINE WITH SAID SOUTH LINE,**

**ALSO EXCEPTING THEREFROM THAT PART THEREOF DESCRIBED AS THAT PART OF LOT 30 IN COUNTY CLERK'S DIVISION OF SECTION 23, TOWNSHIP 42 NORTH, RANGE 12, EAST OF THE THIRD PRINCIPAL MERIDIAN, DESCRIBED AS FOLLOWS: COMMENCING AT A POINT ON THE CENTERLINE OF WAUKEGAN ROAD, 167.00 FEET NORTH OF THE SOUTH LINE OF SAID LOT 30 (AS MEASURED PERPENDICULARLY THERETO); THENCE WEST PARALLEL WITH SAID SOUTH LINE, 128.15 FEET TO THE POINT OF BEGINNING; THENCE CONTINUING WEST ALONG SAID PARALLEL LINE, 116.85 FEET; THENCE SOUTH PERPENDICULAR TO SAID SOUTH LINE, 75.00 FEET; THENCE WEST PARALLEL WITH SAID SOUTH LINE, 42.15 FEET TO A POINT ON A LINE DRAWN PERPENDICULAR TO SAID SOUTH LINE AND PASSING THROUGH A POINT ON SAID SOUTH LINE, 300.00 FEET WEST OF THE INTERSECTION OF SAID CENTERLINE WITH SAID SOUTH LINE; THENCE NORTH ALONG THE AFORESAID PERPENDICULAR LINE, 127.00 FEET TO A POINT ON THE NORTH LINE OF THE SOUTH 219.00 FEET OF SAID LOT; THENCE EAST ALONG SAID NORTH LINE, 159.00 FEET TO A POINT ON A LINE DRAWN PERPENDICULAR TO SAID SOUTH LINE AND PASSING THROUGH THE POINT OF BEGINNING; THENCE SOUTH ALONG SAID PERPENDICULAR LINE, 52.00 FEET TO THE POINT OF BEGINNING,**

**ALSO EXCEPTING THEREFROM THAT PART THEREOF, DESCRIBED AS FOLLOWS: THE NORTH 32.00 FEET OF THE SOUTH 251.00 FEET OF LOT 30 IN COUNTY CLERK'S DIVISION OF SECTION 23, TOWNSHIP 42 NORTH, RANGE 12, EAST OF THE THIRD PRINCIPAL MERIDIAN, LYING EAST OF A LINE DRAWN PERPENDICULAR TO THE SOUTH LINE OF SAID LOT AND PASSING THROUGH A POINT ON SAID SOUTH LINE 300.00 FEET WEST OF THE INTERSECTION OF THE CENTERLINE OF WAUKEGAN ROAD WITH SAID SOUTH LINE AND LYING WEST OF A LINE DRAWN PERPENDICULAR TO SAID SOUTH LINE AND PASSING THROUGH A POINT ON SAID SOUTH LINE 107.00 FEET WEST OF THE INTERSECTION OF SAID CENTERLINE WITH SAID SOUTH LINE, IN COOK COUNTY, ILLINOIS.**

Parcels 4 – 5 Common address: 2450 Waukegan Road, Glenview, Illinois.

Parcels 4 – 5 PINS: 04-23-300-004; 04-23-302-004; 04-23-401-003

IT IS HEREBY FOUND:

1. All notices required by 735 ILCS 5/15-1507(c) were given;

2. The sale was fairly and properly made;

3. The selling officer has in every respect proceeded in accordance with the terms of this Court's Judgment of Foreclosure;

4. The property is commercial in nature;

5. The property was last inspected by the plaintiff on May 29, 2013;

6. The plaintiff has waived its request for an in personam deficiency judgment after the receiver disburses all remaining fund; and

7. That justice was done.

IT IS FURTHER FOUND:

8. The Receiver's 12th and Final Report has been submitted to the Court for approval;

9. The Receiver requests the approval of invoices for services rendered in March, April and May of 2013, in the amounts of $20,375.60, $22,283.92 and 25,360.26, respectively, totaling $68,019.78. These amounts are comprised of $37,339.34 in landscaping and property expenses, $29,555.45 in management fees and $1,124.99 in receiver fees;

10. The Receiver reports a net property cash balance as of May 31, 2013 in the amount of $266,043.30; and

11. There were no objections filed with respect to the Receiver's Final Report.

IT IS HEREBY ORDERED:

12. The Report of Sale and Distribution dated May 24, 2013 is approved, ratified and confirmed;

13. That the proceeds of the sale be distributed in accordance with the Report of Sale and Distribution;

14. The costs, expenses and other figures in the Report of Sale and Distribution incurred by the plaintiff since the entry of the Judgment of Foreclosure are approved;

15. 735 ILCS 5/9-117 is not applicable to this Order pursuant to Article 15 of the Illinois Code of Civil Procedure;

16. That upon request by the plaintiff, the sale officer shall execute a deed conveying parcels 1 – 3 in fee simple to Glenview MHC LLC, an Illinois limited liability company, and an assignment of lease conveying the leasehold estates in parcels 4 – 5 to Glenview MHC LLC, an Illinois limited liability company;

17. The following may be contacted with concerns about the property:

Victor Michel
Glenview MHC LLC

1144 W. Fulton St., #210
Chicago, IL 60607

18. The Receiver's 12th and Final Report is approved. The Receiver's request for approval of invoices for services rendered in March, April and May of 2013, in the amounts of $20,375.60, $22,283.92 and 25,360.26, respectively, totaling $68,019.78, is granted. These amounts are comprised of $37,339.34 in landscaping and property expenses, $29,555.45 in management fees and $1,124.99 in receiver fees.

19. The Receiver shall disburse all remaining funds derived from the Property to Glenview MHC LLC within seven (7) days;

20. Glenview MHC LLC shall reimburse the Receiver for all costs and expenses incurred hereafter within seven (7) days of any such request from the Receiver accompanied by appropriate documentation establishing such costs and expenses;

21. The Court retains jurisdiction to resolve any issues concerning further reimbursement requests from the Receiver;

22. No further deficiency is awarded;

23. The Receiver is discharged and the Receiver's Bond is released;

24. The Receiver shall immediately turn over possession of the Property to the plaintiff upon entry of this Order in accordance with 735 ILCS 5/15-1701(c);

25. The deed to be issued hereunder is a transaction which is exempt from all transfer taxes, either state or local, and the County Recorder of Deeds is ordered to permit immediate recordation of the Deed issued hereunder without affixing any transfer stamps;

26. The Cook County Sheriff or other appropriate authority is authorized and directed to evict Sunset Village Limited Partnership upon request of the plaintiff or its successors and assigns after thirty (30) days from the date of this Order; and

27. The plaintiff shall mail a copy of this Order to all parties of record within seven days of entry.

ENTER:

__________ ___________________________________

Date Judge